Hardeep Sull, Esq.
Nevada Bar No. 12108
**SULL & ASSOCIATES, PLLC**
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel.: (702) 953-9500
Fax: (702) 297-6595
dee@sullglobal.com

Melanie A. Hill, Esq.
Nevada Bar No. 8796
**MELANIE HILL LAW PLLC**
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel.: (702) 362-8500
Fax: (702) 362-8505
Melanie@MelanieHillLaw.com

*Attorneys for the Plaintiff Sandra M. Meza-Perez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SANDRA M. MEZA-PEREZ, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SBARRO LLC dba SBARRO PIZZA, a foreign limited liability company and SBARRO, INC. dba SBARRO PIZZA, a foreign corporation,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**SUMMARY OF THE ACTION**

1.      This action is brought by Plaintiff SANDRA M. MEZA-PEREZ (hereinafter "Sandra") pursuant to Title VII of the Civil Rights Act of 1964, as amended by the 1991 Civil Rights

*Sidebar (rotated):* SULL AND ASSOCIATES P.O. Box 36382 Las Vegas, NV 89133 (702) 953-9500 phone (702) 297-6595 fax dee@sullglobal.com

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

Act, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Nevada Revised Statutes ("NRS") 613 *et seq.* seeking damages for sex discrimination, sexual harassment, and retaliation under state and federal anti-discrimination statutes.

2.      This action is also brought by Sandra to recover for Sbarro's willful violations of the following:

    i.      Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*; and

    ii.     Nevada's Wage-and-Hour Laws ("NVWH"), Nevada Revised Statute ("NRS") § 608 *et. seq.*

3.      This action is also a result of Sbarro's failure to pay Sandra all lawfully earned and due wages due to their failure to allow her to take her breaks, including her lunch break.

4.      Throughout her employment with Defendants SBARRO LLC dba SBARRO PIZZA and SBARRO, INC. dba SBARRO PIZZA (hereinafter referred to collectively as "Sbarro" and/or "Defendants"), Sandra was subjected to sex discrimination, sexual harassment in the workplace by her store manager Zachary Ceballes ("Ceballes"), cook Efrain Hernandez ("Hernandez"), and crew member Jesus Alatorre ("Alatorre") as well as retaliation and a hostile work environment by Sbarro. This civil action also requests damages under related state tort claims.

5.      This case was investigated by the Nevada Equal Rights Commission ("NERC"), a division of the Nevada Department of Employment, Training and Rehabilitation and upon the completion of the investigation NERC found:

> Evidence obtained during this investigation confirmed Mr. Ceballes engaged and promoted a sexually hostile work environment towards Ms. Perez. Mr. Ceballes transferred Ms. Perez from the Respondents [Sbarro LLC] Monte Carlo location to their Balley's location when confronted by Ms. Perez's family members over the accusations that Ms. Ceballes, Mr. Hernandez, and Ms. Alatorre were sexually harassing Ms. Perez and her family members. It is possible if Ms. Perez's family members had not confronted the alleged discriminating offenders it is more than likely Ms. Perez would still be subjected to sexual harassment in the workplace.

Based on the above, probable cause supports the charge of sex discrimination.

*See* **Exhibit 1** Letter of Determination from NERC dated July 17, 2018 attached hereto and incorporated herein by reference.

<u>**JURISDICTION**</u>

6.      The statutory claims of SANDRA M. MEZA-PEREZ arise under federal and state laws: Title VII, NRS § 613.330, NRS § 608 *et. seq.,* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

7.      The Court has jurisdiction over this lawsuit as the same arises in part under Title VII.

8.      Title VII grants plaintiffs the right to a jury trial, which pre-empts any state statute to the contrary.

9.      Sandra timely filed her complaint of discrimination with NERC on April 17, 2017 and her Charge of Discrimination was signed on April 18, 2017.  *See* **Exhibit 2** attached hereto and incorporated herein by reference.  As a result of Sandra's filing with NERC, the Charge of Discrimination was also dual filed with the Equal Employment Opportunity Commission ("EEOC").

10.     The case was investiagted by NERC and the investigation culminated in a positive finding of probable cause for the charge of sex discrimination.  NERC sent a Letter of Determination on July 17, 2018 with this probable cause determination against Respondent Sbarro LLC dba Sbarro Pizza.  *See* **Exhibit 1**.

11.     Thereafter, the parties particiapated in conciliation efforts with NERC.  The efforts began on August 30, 2018 and a second session was set.  Sbarro refused to particiapte in the second session and NERC referred the case to the EEOC to make a detrmination if it wanted to bring suit against the Respondent Sbarro LLC dba Sparro Pizza.

12.     On November 29, 2018, the EEOC mailed Sandra her Notice of Right to Sue (Conciliation Failure) dated November 28, 2018.  Sandra received the letter on December 4, 2018.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

*See* **Exhibit 3** attached hereto and incorporated herein by reference.  The Notice of Right to Sue letter stated:

> The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief to you.

**Exhibit 3.**  The EEOC further stated:

> In addtition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

**Exhibit 3.**

13.     Upon obtaining her Notice of Right to Sue, Sandra filed this lawsuit within ninety (90) days from receipt of the Notice.

14.     Sandra has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims.

15.     The unlawful employment practices alleged below were committed within the jurisdiction of this Court, the United States District Court for the District of Nevada, within Clark County, State of Nevada and this Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise, among other federal laws, under Title VII.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

## PARTIES

17.     Plaintiff SANDRA M. MEZA-PEREZ is female and is a resident of Clark County, State of Nevada, and was at all times relevant hereto, an employee of Defendants SBARRO LLC dba SBARRO PIZZA and SBARRO, INC. dba SBARRO PIZZA.  Sandra was employed at Sbarro's Pizza inside the Monte Carlo Las Vegas and employed at Sbarro's Pizza inside Balley's Las Vegas.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

18.     Defendant SBARRO LLC dba SBARRO PIZZA is a foreign limited liability company conducting business in the state of Nevada.

19.     Defendant SBARRO, INC. dba SBARRO PIZZA is a foreign corporation with its principal place of business in the state of Florida.

20.     The Defendants operated pizza parlors located in the Monte Carlo Las Vegas, now known as the Park MGM Las Vegas and Balley's Las Vegas during the time period described in this complaint.  Sandra was employed by Sbarro from April 13, 2016 until she could no longer handle the constant sexual harassment, sex discrimination, repeated rapes, hostile work environment and retaliation and was constructively discharged when she quit in disgust in or about May 2017.

21.     Sandra is not privy to the complex interrelationship, control and ownership status of the numerous business entities that own, manage, operate or control the Sbarro Pizza corporate subsidiary or parent status to name all proper defendant/employers who were required to provide her, a Sbarro employee, with a discrimination-free workplace.

**FACTUAL ALLEGATIONS GENERALLY APPLICABLE TO ALL CLAIMS**

22.     Sandra began her employment with Sbarro Pizza inside the Las Vegas Convention Center on April 13, 2016.  Ceballes, a manager for the Sbarro's chain, hired and directly supervised Sandra.

23.     Ceballes had direct knowledge of Sandra's status in the country and encouraged her to apply and recruit other family members to work for Sbarro.

24.     Ceballes employed her sister-in-law, brother, daughter, and various other family members.

25.     Ceballes was granting a favor or advantage to Sandra expecting sexual favors in return.

26.     Sandra was transferred to the Sbarro Pizza at the Monte Carlos.

27.     In addition, Sandra was also transferred to the Sbarro Pizza location at Balley's Las Vegas.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV  89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

28.     Sandra was employed by Sbarro Pizza until she was constructively discharged when she quit in disgust in or about May 2017.

29.     Sandra's job duties included preparing food, cleanig the facility, and serving customers.  Sandra satisfactorily performed her job duties.

30.     From the start of her employment, Ceballes subjected Sandra to unwanted sexual attention, including unwanted comments and touching and eventually sexual assault and rape.

31.     Ceballes used his position of authority and Sandra's status as a female, Latina, undocumented immigrant to humiliate, demean, assault, and rape Sandra on the premises of Sbarro Pizza.

32.     Sandra was repeatedly raped and sexually assaulted by Ceballes, cook Efrain Hernandez, and crew member Jesus Alatorre indside the cooler where the food was kept.

33.     Once taken into the cooler, Sandra was locked inside the cooler with a lock on the inside and Ceballas would prevent her from leaving.  Sandra also observed condoms inside the cooler on the floor.

34.     On many occasions when Sandra was raped, it occurred without her Ceballes wearing a condom.

35.     Hernandez and Alatorre would chase Sandra into the cooler and  force her to touch theor genitals.

36.     In one instance of sexual assault, the pizza stick was jammed up Sandra's buttocks and no one did anything, other than laugh at her.

37.     In another instance, Ceballes jammed a bottle up her vagina and laughed at her.

38.     In other instances, she was groped and grinded on by her male co-workers.

39.     Ceballes, Hernandez, and Alatorre used rape and sexual assault as a method of punishment to ensure Sandra's submission to intollerable working conditions.

40.     Ceballes also used Sandra's gender (female) and undocumented status to force her to stay silent about the sexual harassment, sex discrimination, assault, and repeated rapes.  Ceballes

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

frequently threatened Sandra with deportation and continued to take advantage of her fear of deportation while he continued to repeatedly rape her telling her that she must remain silent or she and her family members would be fired.

41.     Ceballes also forced Sandra to work without required breaks and was not permitted to take a lunch break.

42.     Sandra was forced to work under unsafe and unsanitary working conditions.

43.     In or about May or June 2016, Sandra was treated in the hospital for dehydration while working at the Convention Center.  Sandra informed Ceballes that she was getting dehydrated because the kitchen managers would not allow her to take any breaks or drink any liquids throughout her shift.

44.     After Sandra returned from the hospital, Ceballes and George, a manager at the Convention Center Sbarro location, admonished and humiliated her and forced her to work at the Monte Carlo location.

45.     Ceballes was angry and blaming Sandra for the dehydration and indicated she was no longer allowed to work at the Convention Center.

46.     After that communication, Sandra was subjected to humiliation and degrading offensive behavior in front of her colleagues.

47.     Sandra was broken and desperate to work.

48.     On March 9, 2017, Sandra complained to Human Resources ("HR") because Mr. Cebelles reduced her hours and, therefore, her pay.

49.     Sandra also explained to HR that Ceballes, Hernandez, and Alatorre were stealing money from Sbarro's Pizza.

50.     HR Director, Dana Dorado ("Dorado") made contact with Sandra to discuss her concerns, but Dorado was not receptive to her concerns.  Dorado did not  conduct an investigation in light of the serious theft issues.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV  89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

51. Sandra did not initially tell HR about the rapes, sexual assaults, degrading language used to speak about her, or the inhumane working conditions because she feared HR would not take her seriously and Ceballes would harm her and have her deported as he had previously threatened to do. She also feared termination due to her undocumented status.

52. By exposing Ceballes' business practices, and therefore the stores bottom line, Sandra hoped that Sbarro's HR would take action.

53. Rather than investigate Ceballes' business practices, Sbarro's HR did nothing and Sandra's hell at work continued.

54. After Ceballes learned that Sandra sought the help of the HR Department and complained about him, he cut Sandra's hours and threatened to fire her if she did not provide sexual favors to him.

55. On April 18, 2017, Sandra reattempted to communicate with HR about the sexual harrassment and the retaliation that she was suffering and was subsequently brushed off by HR who again failed to investigate.

56. As soon as Sandra complained to HR, not only was she belittled and defeated, Ceballes would make her lift heavy objects and clean heavy equipment that was not a part of her job duties before. In addition, none of her co-workers would help her with these new job duties despite there being males on duty that were stronger than her and able to assist

57. Sandra was often told not to complain and to perfirm the new job duties.

58. Clearly, Sbarro was punishing Sandra for reporting these despicable conditions in retaliation for her complaining and reporting what she was being subjected to and observed to HR.

59. The cycle of violence and subjugation continued until Sandra could no longer take it and she quit Sabarro in disgust in or about May 2017.

/ / /

/ / /

/ / /

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

### FIRST CAUSE OF ACTION
*Discrimination Based on Sex in Violation of*
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e*

60.     Sandra re-pleads and re-alleges each allegation contained in paragraphs 1 through 59 with the same force and effect as though fully set forth herein.

61.     Discrimination in the workplace based on sex (female) has been illegal and inappropriate since the passage of Title VII in 1964. Title VII embodies the federal public policies prohibiting sex discrimination and sexual harassment in the workplace.

62.     Defendants, as employers, are subject to Title VII, 42 U.S.C. § 2000e *et seq.*, as amended, and thus have a legal obligation to provide Sandra and all employees with a workplace free of unlawful sex discrimination.

63.     Defendants, through Sbarro management and HR, as employers, failed to prevent the sex discrimination and provide protection to Sandra and similarly situated female employees despite their knowledge.

64.     Defendants subjected Sandra to an unsafe, illegal, and hostile work environment based on her sex (female).

65.     Sandra was treated differently because of her sex (female) and that differential treatment altered the terms and conditions of her employment, created a hostile work environment, made it more difficult for her to do her job, caused her to be subjected to sexual harassment, and ultimately resulted in her constructive discharge when she complained about the sexual harassment and hostile work environment.  Examples of this differing treatment, some of which are detailed above, include but are not limited to, subjecting her to different job duties that involved lifting heavy objects and cleaning heavy equipment that was not a part of her job duties before, stricter scrutiny or closer supervision of her work, failure to prevent her from enduring an environment free from sexual harassment and hostility, and then the failure to prevent and remedy workplace discrimination based on sex.

66.     Sandra did not welcome this conduct or this hostile work environment.

67.     Sandra found the hostile work environment at Sbarro's and Defendants toleration and ratification by Defendants to be disturbing, hurtful, intimidating, offensive, humiliating, and it caused her harm.  The repeated hostility, sexual harassmsnt, and repeated rapes made it more difficult for Sandra to do her job and distressing for her to be at work to earn a living for herself  and her family.

68.     Defendants subjected Sandra to conduct and an environment which were offensive and injurious and would be considered so to any reasonable person.

69.     Sandra, thus fulfilling the legal element of being objectively offensive. Thus, under the law, because Defendants knew of this hostile environment, or should have known, Defendants are responsible and liable for the sexual harassment and sex discrimination of Sandra based on a hostile work environment.

70.     Defendants have allowed this illegal hostile work environment to alter the terms and conditions of Sandra's employment.

71.     Through the actions, inactions, or omissions of its managers and the HR department, Defendants, as employers, are also responsible and liable to Sandra for failing to prevent this hostile work environment and sex discrimination in the first place.

72.     Through the actions, inactions, or omissions of their managers and HR department, Defendants are also responsible and liable to Sandra for failing to remedy and prevent further discrimination after she made complaints or reported the abusive conduct of her supervisor and other employees. The cumulative effect of Defendants' inaction, denials, and failures to construct a prompt and effective remedy were damaging to Sandra, as it would be to any reasonable person in her position.

73.     Despite Sandra's multiple complaints to HR about the conduct of her supervisor and the co-workers, HR did nothing to help Sandra or protect her from illegal sex discrimination, sexual harassment, and hostility in the workplace.

STULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@stullglobal.com

74.     Sandra was humiliated, angered, intimidated and frightened by this hostile work environment at Defendants and her employers' actions and omissions in relation to it.

75.     These actions constitute violations of federal law prohibiting sex discrimination, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

76.     The Defendant is an employer subject to Title VII and thus is liable for damage and injuries that Sandra suffered, and continues to suffer, while in its employ for illegal discrimination.

77.     Sandra has suffered economic losses as a result of this illegal sex discrimination and constructive discharge, including being subjected to differing performance standards and different terms and conditions of employment, and she is entitled to recover an amount sufficient to make her whole.

78.     Sandra has suffered emotional distress, humiliation, and mental anguish and under the aforementioned federal statute, she is entitled to be fully compensated for it under Title VII.

79.     Pursuant to the 1991 amendments to Title VII, Sandra is also entitled to recover punitive damages for Defendants' malicious, intentional, and repeated violations of federal and state civil rights laws or their reckless disregard for Sandra's federally protected rights to be free from sex discrimination and sexual harassment.

80.     Sandra is entitled to recover punitive damages in an amount sufficient to punish Defendants for this illegal conduct and to deter Defendants and other employers from engaging in such conduct in an amount to be determined by a jury.

81.     Sandra has incurred costs and has had to engage the services of attorneys to pursue this matter and she is entitled to recover all her reasonable attorneys' fees and costs as allowed by 42 U.S.C. § 2000e-5(k).

## SECOND CAUSE OF ACTION
*Discrimination Based on Sex in Violation of NRS § 613.330 et seq.*

82.     Sandra re-pleads and re-alleges each allegation contained in paragraphs 1 through 81 with the same force and effect as though fully set forth herein.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

83.    Discrimination in the workplace based on sex (female) has been illegal and inappropriate in Nevada since the passage of *NRS § 613.330 et seq*.  This statute embodies the strong state public policy prohibiting sex discrimination and sexual harassment in the workplace.

84.    Defendants, as employers, are also subject to these Nevada statutes prohibiting discrimination, NRS § 613.330 *et seq*., and thus have a legal obligation to provide Sandra and all employees with a workplace free of unlawful sex discrimination.

85.    Defendants, through Sbarro management and HR, as employers, failed to prevent and provide protection to Sandra and similarly situated female employees despite their knowledge of the risk of abuses to employees.

86.    Defendants subjected Sandra to an unsafe, illegal, and hostile work environment based on her gender (female).

87.    Sandra did not welcome this discriminatiomn or this hostile work environment.

88.    Sandra found and continues to find the hostile work environment at Sbarro's and its toleration and ratification by Defendants to be disturbing, hurtful, intimidating, offensive, humiliating, and it caused her harm.  The repeated hostility and sexual harassmsnt and repeated rapes has made it more difficult to do her job and distressing for her to be at work to earn a living for her and her family.

89.    Defendants, as employers in Nevada, are subject to the state statute prohibiting discrimination based on sex, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Sandra, and all employees, a workplace free of unlawful discrimination, hostility, and sexual harassment.  Sbarro failed to do so.

90.    Defendants' actions, as alleged in "Factual Allegations Generally Applicable to All Claims" and in her federal cause of action based on sex discrimination above, resulted in unequal treatment, made it more difficult for her to perform her job and created a hostile work environment. As such under state law, N.R.S. 613.310 *et seq.*, Sbarro is guilty of illegal sex discrimination.  This illegal discrimination has proximately caused Sandra injury, harm, and loss.

STILL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

91.     Sandra has suffered economic losses, physical injury, severe emotional distress, humiliation, loss of employment and benefits, and mental anguish, and she is entitled to be fully compensated for those losses by Sbarro under applicable remedies available under Nevada law.

92.     As a direct and proximate result of Sbarro's discriminatory conduct, Sandra had to secure the services of an attorney to pursue this action, and she should be awarded a reasonable sum for her attorneys' fees and costs.

### THIRD CAUSE OF ACTION
*Retaliation*

93.     Sandra repleads and realleges each allegation contained in paragraphs 1 through 92 with the same force and effect as if fully set forth herein.

94.     Defendants have a legal obligation, pursuant to state and federal statutes and their own policies, to provide Sandra and all employees with a workplace free of unlawful discrimination and retaliation.

95.     Defendants made promises to Sandra and other employees when defendants distributed workplace materials that stated defendants had workplace policies against discrimination, harassment, and retaliation.

96.     Sandra informed HR about problems with her supervisor and HR failed to take any action. Defendants failed to properly oversee and supervise Mr. Cabella and other employees and their labor practices. Defendants failed to protect Sandra against rape, sexual assault, sexual harassment, discrimination based on race and national origin, and wage and hour violations, as set forth below.

97.     Sbarro subjected Sandra to retaliation when she engaged in protected activity, and then they took or tolerated actions against her, which included the following: subjecting her to different job duties that involved lifting heavy objects and cleaning heavy equipment that was not a part of her job duties before, stricter scrutiny or closer supervision of her work, failure to prevent her from

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

enduring an environment free from sexual harassment and hostility, and then the failure to prevent and remedy workplace discrimination based on sex.

98.    Sbarro failed to take reasonable actions to prevent retaliation against Sandra.

99.    The aforementioned actions and conduct of the Sbarro constitutes illegal retaliation prohibited by state and federal statutes.

100.    Sandra has been seriously harmed, economically and emotionally, by this unlawful discrimination in the form of illegal retaliation and she is entitled to be fully compensated therefor.

101.    As a direct and proximate result of Sbarro's wrongful conduct and illegal discrimination in the form of retaliation, Sandra had to secure the services of an attorney to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
*Intentional Discrimination in Violation of Federal and State Statutes*

102.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 101 with the same force and effect as if fully set forth herein.

103.    Sandra, a female, is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on sex.

104.    Sbarro deprived Sandra from the enjoyment of all benefits, privileges, terms and conditions, and standards of her employment relationship by failing to rectify the harassing behavior Sandra was subjected to at her place of employment.

105.    Sbarro deprived Sandra from the enjoyment of all benefits, privileges, terms and conditions, and standards of her employment relationship by intentionally creating a hostile and offensive workplace as a result of the unequal treatment that made it more difficult for her to perform her job and resulted in her demotion and ultimate wrongful termination.

106.    Sbarro further deprived Sandra from the enjoyment of all benefits, privileges, terms and conditions, and standards of her employment relationship by constructively discharging her.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

107.     Sbarro's actions were taken with malice and/or with reckless indifference to Sandra's federally-protected rights.

108.     Sandra has suffered economic losses, physical injury, severe emotional distress, humiliation, loss of employment and benefits, and mental anguish and she is entitled to be fully compensated for those losses by Sbarro under applicable remedies available under Nevada law.

109.     Sandar is entitled to recover punitive damages because Sbarro acted with reckless indifference to federally protected rights of Sandra when the Sbarro failed to rectify or even acknowledge the unlawful behavior and wrongfully demoted and constructively discharged Sandra after she complained about the sexual harassment, retaliation, and hostile work environment she was subjected to in violation of public policy.

110.     As a direct and proximate result of Sbarro's discriminatory conduct, Sandra had to secure the services of an attorney to pursue this action, and she should be awarded a reasonable sum for her attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
*Tortious Interference with Employment Relationship in Violation of Public Policy*

111.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 110 as if fully set forth herein.

112.     Sbarro had knowledge of Sandra's employment relationship and the fact that she had complained about her illegal harassment, hostile work environment, sexual harassment, sexual assault, and retaliation when they constructively discharged her in violation of public policy.

113.     Thereafter, Sbarro and its employees and/or agents intentionally, recklessly, and maliciously disrupted and interfered with Sandra's continuing employment relationship with Sbarro by constructively discharging her in violation of public policy, without excuse or justification, or in reckless disregard of Sandra's right to continued employment, further impacting her ability to support herself and her family.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

114.     Sbarro further tortuously interfered with Sandra's employment relationship in violation of public policy to provide a workplace free of improper and immoral behavior described more fully in the "Factual Allegations Generally Applicable to All Claims" by Ceballes, Hernandez, and Alatorre that falls well outside the bounds of proper workplace conduct and behavior.

115.     Sbarro has encouraged this behavior and the violations of public policy and the law by allowing Ceballes, Hernandez, and Alatorre to remain employees of Sbarro.

116.     Pursuant to N.R.S. § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

117.     Sandra felt isolated in a work place and this caused her great anxiety.  Sandra had to go to work with a brave face and do her job, but inside she was depressed, upset, scared, and physically ill daily.

118.     Sandra suffered at times at work finding herself alone and crying because of the mental and physical trauma of the environment that Sbarro had created for her.

119.     Ceballes also used Sandra's gender (female) and undocumented status to force her to stay silent about the sexual harassment, sex discrimination, assault, and repeated rapes in violation of public policy.  Ceballes frequently threatened Sandra with deportation and continued to take advantage of her fear of deportation while he continued to repeatedly rape her telling her that she must remain silent or she and her family members would be fired also in violation of public policy.

120.     As a direct consequence of these actions, Sandra's existing and prospective employment relationship with Sbarro was disrupted, interfered with, prevented, and eventually terminated when she quit in disgust in violation of public policy.

121.     As a direct and proximate result of these actions, Sandra has been seriously harmed, economically and emotionally, due to Sbarro's tortious actions and she is entitled to be fully compensated therefore by Sbarro.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

122.    Pursuant to N.R.S. § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

123.    Due to the obviousness of the wrongful conduct against Sandra, Sbarro (a) had advance knowledge that several of its employees and/or agents were engaging in wrongful and unlawful behavior against Sandra and continued to employ these employees and/or agents with conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious actions against Sandra as alleged in "Factual Allegations Generally Applicable to All Claims," Sbarro is guilty of oppression and/or malice.

124.    Therefore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Sbarro and all others from engaging in this conduct.

125.    As a direct and proximate result of Sbarro's wrongful conduct, illegal discrimination, tortious interference, and wrongful termination, Sandra had to secure the services of an attorney to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
*Negligent Hiring, Supervision, and Retention*

126.    Sandra repleads, realleges, and incorporates by reference every allegation in paragraphs 1 through 125 above as if fully set forth herein.

127.    Sandra is entitled to a safe and productive work environment.

128.    Sandar is entitled to a workplace free of improper and immoral behavior by Ceballes, Hernandez, and Alatorre that falls well outside the bounds of proper workplace conduct and behavior as discussed in greater detail in the "Factual Allegations Generally Applicable to All Claims."

129.    Sbarro has encouraged this behavior and the violations of public policy and the law by allowing Ceballes, Hernandez, and Alatorre to remain employees of Sbarro.  Pursuant to N.R.S. §

41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

130.    Sbarro failed to properly supervise and improperly retained Ceballes, Hernandez, and Alatorre after learning of their immoral and illegal behavior.

131.    Sbarro failed to properly supervise and improperly retained Ceballes when he used Sandra's gender (female) and undocumented status to force her to stay silent about the sexual harassment, sex discrimination, assault, and repeated rapesin violation of public policy.  Ceballes frequently threatened Sandra with deportation and continued to take advantage of her fear of deportation while he continued to repeatedly rape her telling her that she must remain silent or she and her family members would be fired.

132.    Sandra felt isolated in a work place when she was being constantly assaulted and raped and this caused her great anxiety.  Sandra had to go to work with a brave face and do her job because she and her family needed her income, but inside she was depressed, upset, scared, and physically ill daily.

133.    Sandra suffered at times at work finding herself alone and crying because of the mental and physical trauma of the environment that Sbarro had created for her.

134.    As her employer, Sbarro has a duty to hire, employ, supervise, manage and retain managerial and supervisory employees who are fit for those positions.  Sbarro has a duty to see that managerial and supervisory employees properly exercise the authority and power entrusted to them in the workplace.  It also has a duty to prevent sexual harassment, sexual assault, rape, retaliation, violations of wage and hour laws, and hostility in the workplace.

135.    Sbarro breached these duties by failing to properly screen, train and control their employees.  These breaches include, but are not limited to, failing to develop, implement and evaluate the effectiveness of proper policies and procedures to prevent abuse and illegal discrimination, failing to set and maintain sound management policies to prevent and remedy mismanagement, failing to ensure that managers and supervisors understand and comply with applicable laws, including those

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

which prohibit retaliating against an employee for engaging in protected conduct or that which public policy favors or requires.

136.    By hiring and retaining Ceballes, Hernandez, and Alatorre after learning of their immoral and illegal behavior, Sbarro acted recklessly by exposing Sandra to them, including Ceballes who was her direct supervisor and the manager of Sbarro.

137.    Sbarro's breach and negligence has caused harm and severe emotional distress to Sandra and she is entitled to be compensated in an amount to be determined at trial.

138.    As a direct and proximate result of Sbarro's negligent hiring, supervision, and retention, Sandra had to secure the services of an attorney to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION
*Intentional Infliction of Emotional Distress*

139.    Sandra repleads, realleges, and incorporates by reference every allegation in paragraphs 1 through 138 above as if fully set forth herein.

140.    Sbarro allowed hostility and the constructive discharge of Sandra under the circumstances alleged after she reported that Ceballes, Hernandez, and Alatorre has sexually harassed, sexually assaulted and illegally raped her repeatedly as discussed in further detail in the "Factual Allegations Generally Applicable to All Claims" and it is extreme and outrageous.

141.    Sbarro harassed and constructively discharged Sandra with the intention of harming Sandra or with reckless disregard for causing Sandra emotional distress.

142.    Ceballes also used Sandra's gender (female) and undocumented status to force her to stay silent about the sexual harassment, sex discrimination, assault, and repeated rapes with the intention of harming Sandra or with reckless disregard for causing Sandra emotional distress. Ceballes frequently threatened Sandra with deportation and continued to take advantage of her fear of deportation while he continued to repeatedly rape her telling her that she must remain silent or she

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

and her family members would be fired with the intention of harming Sandra or with reckless disregard for causing Sandra emotional distress.

143.    As a direct result of Sbarro's aforementioned actions, Sandra has suffered severe and/or extreme emotional distress.

144.    Sandra felt isolated in a work place when she was being constantly assaulted and raped and this caused her great anxiety.  Sandra had to go to work with a brave face and do her job because she and her family needed her income, but inside she was depressed, upset, scared, and physically ill daily.

145.    Sandra suffered at times at work finding herself alone and crying because of the mental and physical trauma of the environment that Sbarro had created for her.

146.    Pursuant to N.R.S. § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

147.    Due to the obviousness of the wrongful conduct against Sandra, Sbarro (a) had advance knowledge that several of its employees and/or agents were engaging in wrongful and unlawful behavior against Sandra and continued to employ these employees and/or agents with conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious actions against Sandra as alleged in "Factual Allegations Generally Applicable to All Claims," Sbarro is guilty of oppression and/or malice.

148.    Therefore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Sbarro and all others from engaging in this conduct.

149.    Sbarro's intentional infliction of emotional distress has caused harm and severe emotional distress to Sandra and she is entitled to be compensated in an amount to be determined at trial.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

150.    As a direct and proximate result of Sbarro's intentional infliction of emotional distress, Sandra had to secure the services of an attorney to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
*Violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.*
*Failure to Pay Overtime Wages*

151.    Sandra repleads, realleges, and incorporates by reference every allegation in paragraphs 1 through 150 above as if fully set forth herein.

152.    Defendants engaged in a policy and practice of willfully refusing to pay Sandra appropriate overtime compensation for all hours worked in excess of forty (40) hours per work.

153.    As a result of Defendants' willful failure to compensate Plaintiff premium overtime pay for all hours worked at a rate not less than one-and-one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per work week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq*.

154.    Defendants unlawful conduct was repeated and willful.  Defendants knew or should have known that its failure to provide Sandra breaks was unlawful and unfair.

155.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

### NINTH CAUSE OF ACTION
**Violation of NRS 608.016 and 608.140**
**Failure to Pay All Wages Due**

156.    Sandra repleads, realleges, and incorporates by reference every allegation in paragraphs 1 through 155 above as if fully set forth herein.

157.    NRS 608.016 states that "[a]n employer shall pay to the employee wages for each hour the employee works."

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

158.     As described and alleged herein, Defendants failed to pay Plaintiff for all of the hours she worked in violation of NRS 608.016 and 608.140.

159.     Pursuant to Nevada law, Defendants are liable to Plaintiff for her unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

160.     Pursuant to Nevada law, Plaintiff is also entitled to recover punitive damages from Defendants because her employer intentionally misclassified her as an independent contractor.

**TENTH CAUSE OF ACTION**
**Violation of NRS 608.019**
**Failure to Provide Breaks and Lunch and Pay For This Time Worked**

161.     Sandra repleads, realleges, and incorporates by reference every allegation in paragraphs 1 through 160 above as if fully set forth herein.

162.     NRS 608.019(1) states that "[a]n employer shall not employ an employee for a continuous period of 8 hours without permitting the employee to have a meal period of at least one-half hour.  No period of less than 30 minutes interrupts a continuous period of work for the purposes of this subsection."  Nev. Rev. Stat. 608.019(1).

163.     NRS 608.019(2) states:

> Every employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable, shall be in the middle of each work period. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest periods need not be authorized however for employees whose total daily work time is less than 3 and one-half hours. Authorized rest periods shall be counted as hours worked, for which there shall be no deduction from wages.

Nev. Rev. Stat. 608.019(2).

164.     As described and alleged herein, Defendants failed to provide her required breaks and lunch periods in violation of NRS 608.019 and failed to pay her for this time worked in violation of NRS 608.019.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

165.   Pursuant to Nevada law, Defendants are liable to Plaintiff for her unpaid wages during required breaks and lunch periods; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

### ELEVENTH CAUSE OF ACTION
### Violation of NRS 608.018 and 608.140
### Failure to Pay Overtime Wages

166.   All preceding paragraphs in this Complaint are realleged and incorporated by reference as though fully set forth herein.

167.   NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

Nev. Rev. Stat 608.018(1).

168.   NRS 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

Nev. Rev. Stat 608.018(2).

169.   As described and alleged herein, Defendants failed to pay Plaintiff daily and weekly overtime premium pay for all hours worked over eight (8) hours in a workday or over forty (40) hours in a work week in violation of NRS 608.018 and 608.140

170.   Pursuant to Nevada law, Defendants are liable to Plaintiff for their unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

Pursuant to Nevada law, Plaintiff is also entitled to recover punitive damages from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SANDRA M. MEZA-PEREZ respectfully prays as follows:

A.    For a trial by jury on all issues;

B.    For all damages allowable under state and federal statutes prohibiting discrimination and retaliation;

C.    For all damages allowed or recoverable under Nevada law, for compensatory, special and general damages;

D.    For punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to other employers and elected officials not to engage in such conduct;

E.    For the costs of this action together with reasonable attorneys' fees and costs, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

F.    Declaring Defendant violated the FLSA, and that such violation was willful;

G.    Granting judgment to Plaintiff for claims of unpaid premium overtime wages as secured by the FLSA, along with appropriate liquidated damages, attorneys' fees, and costs of suit;

H.    Granting judgment to Plaintiff on her claims of unpaid wages as secured by law, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

I.    Granting judgment to Plaintiff on her claims of unpaid failure to pay minimum wage, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

J.    Granting judgment to Plaintiff on her claims of unpaid breaks and lunches, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

K.    Granting judgment to Plaintiff to compensate her for all avoided benefits of employment as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

L.    For prejudgment interest as allowable by law;

M.    For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any awards made herein; and

N.      For such other and further relief as the Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff SANDRA M. MEZA-PEREZ demands a trial by jury on all issues so triable.

Respectfully submitted this 1st day of March 2019

SULL & ASSOCIATES, PLLC

_____
Hardeep Sull, Esq.
Nevada Bar No. 12108
520 S. 7th Street, Suite A
Las Vegas, NV  89101
Tel.: (702) 953-9500
Fax: (702) 297-6595
dee@sullglobal.com

MELANIE HILL LAW PLLC

/s/ Melanie A. Hill
_____
Melanie A. Hill, Esq.
Nevada Bar No. 8796
520 S. 7th Street, Suite A
Las Vegas, NV  89101
Tel.: (702) 362-8500
Fax: (702) 362-8505
Melanie@MelanieHillLaw.com

*Attorneys for the Plaintiff Sandra M. Meza-Perez*

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV  89133
(702) 953-9500 phone (702) 297-6595 fax
dee@sullglobal.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SULL AND ASSOCIATES
P.O. Box 36382
Las Vegas, NV 89133
(702) 953-9500 phone (702) 297-6595 fax
dec@sullglobal.com

COMPLAINT
SANDRA M. MEZA-PEREZ
- 26 -