Hardeep Sull, Esq.
Nevada Bar No. 12108
**SULL & ASSOCIATES, PLLC**
520 S. 7th Street, Suite A
Las Vegas, NV  89101
Tel.: (702) 953-9500
Fax: (702) 297-6595
dee@sullglobal.com

Melanie A. Hill, Esq.
Nevada Bar No. 8796
**MELANIE HILL LAW PLLC**
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel.: (702) 362-8500
Fax: (702) 362-8505
Melanie@MelanieHillLaw.com
*Attorneys for Plaintiff Sandra M. Meza-Perez*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA M. MEZA-PEREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SBARRO LLC dba SBARRO PIZZA, a foreign limited liability company, SBARRO, INC. dba SBARRO PIZZA, a foreign corporation, ZACHARY CEBALLES, an individual, EFRAIN HERNANDEZ, an individual, JESUS ALATORRE, an individual, DANA DORADO, an individual,<br><br>Defendants. | CASE No.: 2:19-cv-00373-APG-NJK<br><br>**PLAINTIFF SANDRA M. MEZA-PEREZ'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

## SUMMARY OF THE ACTION

1.     While employed at Sbarro Pizza, Plaintiff Sandra M. Meza-Perez was brutally and repeatedly raped and sexually violated for over a year by Defendants Zachary Ceballes (her General

1   Manager) on the premises of the Sbarro Pizza. Efrain Hernandez, and Jesus Altorre (her co-
2   workers) touched, harrassed, groped and showed their "private parts." Ceballes threatened to
3   sexually assault Sandra's sister and daughter if Sandra reported the repeated rapes. He also
4   threatened to have her deported. In addition, Ceballes said, "if you play with my family's money, I
5   am going to kill you." Despite these threats, Sandra did, in fact, report the sexual assaults to Sbarro
6   Pizza's Human Resources Department. Sbarro Pizza HR did nothing. In fact, the hostile work
7   environment became even more hostile after Sandra complained to Sbarro Pizza HR. The cycle of
8   violence and subjugation as well as the hostile work environment and retaliation continued until
9   Sandra could no longer take it and she quit Sbarro in disgust in or about May 2017. Sandra brings
10  this action seeking damages from her abusers and their enabler, Sbarro Pizza.

**JURISDICTION**

12      2.      The statutory claims of SANDRA M. MEZA-PEREZ (hereinafter "Sandra") arise
13  under federal and state laws. This action is brought by Sandra pursuant to Title VII of the Civil
14  Rights Act of 1964, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title
15  VII") and Nevada Revised Statutes ("NRS") § 613.330 seeking damages for sex discrimination,
16  sexual harassment, sexual assault, hostile work environment, and retaliation under state and federal
17  anti-discrimination statutes. This action is also brought by Sandra to recover for Sbarro Pizza's
18  willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Nevada's
19  Wage-and-Hour Laws ("NVWH"), NRS § 608 *et seq.* The FLSA and NVWH claims arise from
20  Sbarro Pizza's failure to pay Sandra all lawfully earned and due wages due to employees for all
21  hours worked, their failure to pay her overtime wages for overtime hours worked, payment of a
22  minimum wage, payment of premium overtime wages for all hours worked above forty (40) hours
23  per week, payment of premium overtime wages for all hours worked above eight (8) hours per day,
24  and payment of time worked during required breaks and daily lunch periods.

25      3.      The Court has jurisdiction over this lawsuit as the same arises in part under Title VII
26  and the FLSA.

27      4.      The tort claims arise under Nevada law.

28  / / /

5.      Title VII grants Sandra the right to a jury trial, which pre-empts any state statute to the contrary.

6.      Sandra timely filed her complaint of discrimination with NERC on April 17, 2017 and her Charge of Discrimination was signed on April 18, 2017.   The original Charge of Discrimination is attached hereto as **Exhibit 2** and incorporated herein by reference.   As a result of Sandra's filing with NERC, the Charge of Discrimination was also dual filed with the Equal Employment Opportunity Commission ("EEOC").

7.      Sandra amended her Charge of Discrimination on June 29, 2017 to correctly name the Respondent as Sbarro LLC dba Sbarro Pizza.   The amended Charge of Discrimination is attached hereto as **Exhibit 4**  and incorporated herein by reference.

8.      The case was investigated by the Nevada Equal Rights Commission ("NERC"), a division of the Nevada Department of Employment, Training and Rehabilitation, and the investigation culminated in a positive finding of probable cause for the charge of sex discrimination.   NERC sent a Letter of Determination on July 17, 2018 with this probable cause determination against Respondent Sbarro LLC dba Sbarro Pizza.   Specifically, NERC found:

> Evidence obtained during this investigation confirmed Mr. Ceballes engaged and promoted a sexually hostile work environment towards Ms. Perez.   Mr. Ceballes transferred Ms. Perez from the Respondents [Sbarro LLC] Monte Carlo location to their Balley's location when confronted by Ms. Perez's family members over the accusations that Ms. Ceballes, Mr. Hernandez, and Ms. Alatorre were sexually harassing Ms. Perez and her family members.   It is possible if Ms. Perez's family members had not confronted the alleged discriminating offenders it is more than likely Ms. Perez would still be subjected to sexual harassment in the workplace.

> Based on the above, ***probable cause supports the charge of sex discrimination.***

*See* **Exhibit 1** Letter of Determination from NERC dated July 17, 2018 attached hereto and incorporated herein by reference (emphasis added).

9.      Thereafter, the parties participated in conciliation efforts with NERC.   The efforts began on August 30, 2018 and a second session was set.   Sbarro refused to participate in the second session and NERC referred the case to the EEOC to make a determination if it wanted to bring suit against the Respondent Sbarro LLC dba Sbarro Pizza.

/ / /

10.     On November 29, 2018, the EEOC mailed Sandra her Notice of Right to Sue (Conciliation Failure) dated November 28, 2018.  Sandra received the letter on December 4, 2018.  *See* **Exhibit 3** attached hereto and incorporated herein by reference.  The Notice of Right to Sue letter stated:

> The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief to you.

**Exhibit 3.**  The EEOC further stated:

> In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

**Exhibit 3.**

11.     Upon obtaining her Notice of Right to Sue, Sandra filed this lawsuit within ninety (90) days from receipt of the Notice.

12.     Sandra has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims.

13.     The unlawful employment practices alleged below were committed within the jurisdiction of this Court, the United States District Court for the District of Nevada, within Clark County, State of Nevada and this Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise, among other federal laws, under Title VII and the FLSA.  Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

14.     Venue is proper in this judicial district, the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1391(b)(2) since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Clark County, State of Nevada.

## PARTIES

15.     Plaintiff SANDRA M. MEZA-PEREZ is female and is a resident of Clark County, State of Nevada, and was at all times relevant hereto, an employee of Defendants SBARRO LLC

dba SBARRO PIZZA and SBARRO, INC. dba SBARRO PIZZA.  Sandra was employed at Sbarro's Pizza inside the Monte Carlo Las Vegas, Sbarro's located in the Las Vegas Convention Center and employed at Sbarro's Pizza inside Bally's Las Vegas.

16.    Defendant SBARRO LLC dba SBARRO PIZZA is a foreign limited liability company conducting business in the state of Nevada and is an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

17.    Defendant SBARRO, INC. dba SBARRO PIZZA is a foreign corporation with its principal place of business in the state of Florida and is an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18.    Defendants SBARRO LLC dba SBARRO PIZZA and SBARRO, INC. dba SBARRO PIZZA ("hereinafter referred to collectively as "Sbarro Pizza" and/or "Defendants") operated pizza parlors located in the Monte Carlo Las Vegas, now known as the Park MGM Las Vegas, Las Vegas Convention Center, and Bally's Las Vegas during the time period described in this complaint.  Sandra was employed by Sbarro Pizza from April 13, 2016 until she could no longer handle the constant sexual harassment, sex discrimination, sexual assault, repeated rapes, hostile work environment, and retaliation and was constructively discharged when she quit in disgust on or about May 2017.

19.    Sandra is not privy to the complex interrelationship, control and ownership status of the numerous business entities that own, manage, operate or control the Sbarro Pizza corporate subsidiary or parent status to name all proper defendant/employers who were required to provide her, a Sbarro Pizza employee, with a discrimination-free workplace.

20.    Defendant Zachary Ceballes ("Ceballes") is an individual resident of Clark County, Nevada and was the General Manager at Sbarro Pizza at all times relevant hereto.  When Sandra quit, Ceballes was still employed as the General Manager by Sbarro Pizza.

21.    Defendant Efrain Hernandez ("Herdandez") is an individual resident of Clark County, Nevada and was a cook at Sbarro Pizza at all times relevant hereto and may have held other positions during the relevant timeframe.  When Sandra quit, Hernandez was still employed by Sbarro Pizza.

22.     Defendant Jesus Alatorre ("Alatorre") is an individual resident of Clark County, Nevada and was a dishwasher at Sbarro Pizza at all times relevant hereto and may have held other positions during the relevant timeframe.  When Sandra quit, Alatorre was still employed by Sbarro Pizza.

23.     Defendant Dana Dorado ("Dorado") is an individual resident of Jefferson County, Colorado and was the Human Resources ("HR") Director at Sbarro Pizza at all times relevant hereto.  On information and belief, Dorado began working at Sbarro Pizza in this position in May, 2014.  When Sandra quit, Dorado was still employed by Sbarro Pizza and appears to still be employed by Sbarro in this same position.

**FACTUAL ALLEGATIONS GENERALLY APPLICABLE TO ALL CLAIMS**

24.     Sandra began her employment with Sbarro Pizza inside the Las Vegas Convention Center on April 13, 2016.  Ceballes, a General Manager for the Sbarro Pizza chain, hired and directly supervised Sandra.

25.     Ceballes had direct knowledge of Sandra's status in the country and encouraged her to apply and recruit other family members to work for Sbarro Pizza.

26.     Ceballes made it clear to Sandra that he was granting a favor or advantage to her by hiring her and her family and he expected repeated sexual favors in return.

27.     By the time Sandra was being raped nearly one to two times a week by Ceballes who had since hired Sandra's daughter, sister, sister's partner, Maribel, son in law, nephew and niece and told Sandra: "someone has to pay for the jobs I've given you, if not you it will be your sister or your daughter."

28.     During her employment, Sandra was transferred from the Sbarro Pizza inside the Las Vegas Convention Center to the Sbarro Pizza location at the Monte Carlo Hotel & Casino ("Monte Carlo").

29.     Thereafter, Sandra was transferred from the Sbarro Pizza location at the Monte Carlo to the Sbarro Pizza location at Bally's Las Vegas Hotel & Casino ("Bally's").

/ / /

/ / /

30.     Sandra was employed by Sbarro Pizza until she was constructively discharged when she quit in disgust on or about May 2017 because she could no longer be subjected to the hostile work environment and constant retaliation.

31.     Sandra's job duties included preparing food, cooking food, dishwasher, cleaning the facility, and serving customers.  Sandra satisfactorily performed her job duties.

32.     From the start of her employment, Ceballes, Hernandez, and Alatorre subjected Sandra to unwanted sexual attention, including unwanted comments and touching, indecent exposue of their genitals, and eventually sexual assault and rape by Ceballes who would place his fingers inside her vagina every time she worked to check and see of she had sex with her boyfriend that day.

33.     Ceballes used his position of authority as her General Manager and Sandra's status as a female, Latina, undocumented immigrant to humiliate, demean, assault, batter, sexually assault and rape Sandra on the premises of Sbarro Pizza repeatedly.

34.     Sandra was repeatedly raped and sexually assaulted by Ceballes inside the cooler where the food was kept and around the dishwashing area.

35.     On the times Sandra was taken into the cooler to be raped, she was locked inside the cooler where Ceballes used an interior lock to lock her inside the cooler to prevent her from her leaving. When she was taken into the cooler by Ceballes, she would see him holding a wet rag in his hand to clean up after the rape; when she saw the wet rag in Ceballes' hand, she knew she was going to be raped that day.  Sandra also observed condoms inside the cooler on the floor and believed other female coworkers were being raped inside the cooler as well.

36.     She would observe two other co-workers, Jennifer and Anna, being taken into the cooler by Ceballes for illicit sexual purposes.

37.     On many occasions when Sandra was raped, it occurred with Ceballes wearing a condom.

38.     Hernandez and Alatorre would also chase Sandra and force her to touch their genitals, expose themselves, or they would grope her.

/ / /

39.     In one instance of sexual assault, the pizza stick was jammed up Sandra's buttocks and no one did anything, other than laugh at her.

40.     In two instances of sexual assault, Ceballes jammed a beer bottle up her vagina and laughed at her, one of which resulted in her bleeding from her injuries.

41.     Ceballes enjoyed using foreign objects such as bottles and jamming them into her private parts.

42.     In other instances, Sandra was groped and grinded on by her male co-workers.

43.     Prior to complaining to HR, Sandra was being raped at a frequency of one to two times a week and Ceballas would put his fingers insde her vagina every time she worked to check and see of she had sex with her boyfriend that day.

44.     Ceballes, Hernandez, and Alatorre used rape and sexual assault as a method of punishment to ensure Sandra's submission to intollerable working conditions.

45.     Ceballes used to take her cell phone when she arrived to work and would go through her messages and would make fun of her until her phone broke and she was unable to purchase a new one.

46.     Ceballes would constantly state to her that no one would ever believe her and Larry, the manager was his friend, so Ceballes told Sandra that Larry would protect her.

47.     Ceballes also used Sandra's gender (female) and undocumented status to force her to stay silent about the sexual harassment, sex discrimination, assault, and repeated rapes.  Ceballes frequently threatened Sandra with deportation and continued to take advantage of her fear of deportation while he continued to repeatedly rape her telling her that she must remain silent or she and her family members would be fired and she would be deported.

48.     During her employment, Ceballes forced Sandra to work without required breaks and was not permitted to take a lunch break.  She was also forced to work overtime during Conventions and other special events and Sandra was not paid for the overtime in excess of forty (40) hours per week or eight (8) hours per day.

49.     Sandra was also forced to work under unsafe and unsanitary working conditions.

/ / /

50.     On or about May or June 2016, Sandra was treated in the hospital for dehydration while working at the Convention Center.  Sandra asked Mr. Jorge's wife, Anna (who held herself out as having authority) if she could drink water to keep hydrated in the hot kitchen, but Sandra was told that she could not have any breaks or drink any liquids throughout her shift.

51.     After Sandra returned from that trip to the hospital, Ceballes and George, a manager at the Convention Center Sbarro location, admonished and humiliated Sandra and retaliated against her forcing her to move from the Convention Center location of Sbarro Pizza and work at the Monte Carlo Sbarro Pizza locations.

52.     After Sandra was moved to the Monte Carlo location of Sbaro Pizza from the Convention Center location of Sbarro Pizza, the sexual assaults became more prevalent.  The frequency of the rapes Sandra was subjected to by Ceballes also increased to one to two days a week.

53.     Ceballes was angry and blamed Sandra for the dehyderation and trip to the hospital. Ceballes told Sandra that she was no longer allowed to work at the Convention Center in direct retaliation for the dehyderation incident.

54.     After that communication, Sandra was subjected to constant humiliation and degrading and offensive behavior in front of her coworkers.

55.     On or about May or June 2016, in retaliation over the dehyderation incident, Ceballes began raping and assaulting Sandra in the cooler where the food was kept.

56.     Sandra was broken and desperate to work, which Ceballes, Hernandez, Alatorre, and other male coworkers recognized and took advantage of.

57.     On March 9, 2017, Sandra complained to HR and because Ceballes reduced her hours and as a result her income.

58.     Sandra also informed HR that Ceballes, Hernandez, and Alatorre were stealing money from Sbarro Pizza.

59.     HR Director, Defendant Dorado, made contact with Sandra to discuss her concerns, but Dorado was not receptive to her concerns in the least.  Defendant Dorado did not conduct an

investigation into Defendants Ceballes, Hernandez, and Alatorre in light of the serious theft allegation she made.

60.     Sandra did not initially tell HR about the rapes, sexual assaults, degrading language used to speak about her, or the inhumane working conditions because she feared HR would not take her seriously and Ceballes would harm her snce he had threatened to kill her and her boyfriend, sexually assault her sister and daughter, and have her deported as he had previously threatened to do.  Sandra also feared termination due to her undocumented status.

61.     Specifically, Ceballes had told Sandra, "if you play with my family's money, I am going to kill you."

62.     By exposing Ceballes' business practices, the theft by Ceballes, Hernandez, and Alatorre, and therefore the stores bottom line, Sandra hoped that Sbarro's HR department and Defendant HR Director Dorado would take action against Ceballes, Hernandez, and Alatorre.

63.     Rather than investigate Ceballes' business practices and the thefts, Sbarro Pizza's HR department and Defendant HR Director Dorado did nothing and Sandra's hell at work continued.

64.     Sandra was eventually placed on the graveyard shift in further retaliation for complaining to HR.

65.     The graveyard shift was the hardest shift to work because it was the most physical in nature.  All of the store's cleaning would have to be completed on that shift as well as the food preparation which would consist of lifting heavy trays with no help and no ramp to assist the transfer.

66.     In Spring of 2017, Sandra attempted to communicate with HR again and complained to Defendant HR Director Dorado about the sexual harrassment and the retaliation that she was suffering.  Sandra was subsequently brushed off by HR and Defendant HR Director Dorado who finally started to internally investigate Sandra's claims and allegedly found nothing to substantiate the claims for sexual harassment and retaliation.

67.     At some point after complaining to HR, Sandra was moved from the Monte Carlo to Bally's. At Bally's, Sandra was required to lift heavy objects and clean heavy equipment that was

not a part of her job duties before she complained to HR and HR Director Dorado.  In addition, none of Sandra's coworkers would help her with these new job duties despite there being males on duty that were stronger than her and able to assist.

68.     Sandra was often told not to complain and to perform the new job duties.

69.     Clearly, Sbarro Pizza was punishing Sandra for reporting these despicable workplace conditions and sexual harassment in retaliation for her complaining and reporting what she was being subjected to and observed to HR and Defendant HR Director Dorado.

70.     The managers at Sbarro Pizza did not allow Sandra to be compensated for overtime and would not allow her to work overtime any longer as further retailiation for her complaining to HR.

71.     Additionally, Sandra's number of hours were also cut drastically after she complained to HR about the sexual harrassment, hostile work environment, and the retaliation that she was enduring.

72.     The frequency of the rapes began to decrease once Sandra's hours were cut.  She was also no longer working with Ceballes when she was moved to the Bally's Sbarro Pizza location.

73.     The cycle of aggression and subjugation continued until Sandra could no longer take it and she quit Sbarro Pizza in disgust in or about May 2017.  In addition, her daughter and sister were forced to leave due to the hostility they endured at work.

74.     The fundamental protections afforded by the FLSA and the appropriate Nevada laws covering wages and hours are payment of wages to employees for all hours worked, payment of a minimum wage, payment of premium overtime wages for all hours worked above forty (40) hours per week, payment of premium overtime wages for all hours worked above eight (8) hours per day, and payment of time worked during required breaks and daily lunch periods.

75.     Plaintiff and society at large rightfully expect that time worked will be compensated. This is the fundamental social and economic bargain between employers and employees, and failure to pay for hours worked represents a breach of a basic obligation by Defendant Sbarro Pizza.

/ / /

– 11 –

PLAINTIFF SANDRA M. MEZA-PEREZ'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

76.     Specifically, Sandra complains that Sbarro Pizza violated the protections of the FLSA and pertinent state laws by not paying for all hours worked by her and not paying the appropriate earned overtime wage rate and minimum wage to her that is mandated by state and/or federal law.

### FIRST CAUSE OF ACTION
*Battery*
**(Against All Defendants)**

77.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 76 with the same force and effect as if set forth herein.

78.     On or about May or June 2016 and continuing throughout her employment, Sbarro Pizza's General Manager and Defendant Ceballes willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur frequently and repeatedly when Ceballes picked up a wet rag and took Sandra into the cooler where he used an interior lock to lock her inside the cooler to prevent her from leaving while he forcibly raped her against her will and without her consent.

79.     On or about May or June 2016 and continuing throughout her employment, Hernandez and Alatorre willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur when Hernandez and Alatorre sexually assaulted and groped Sandra in the dishwasher area and within the workplace as more fully described in the Factual Allegations Generally Applicable to All Claims against her will and without her consent.

80.     As a direct and proximate cause of this physical conduct, rape, groping, and sexual assault, Sandra suffered and sustained physical injury, pain, suffering, and emotional distress, as well as consequential damages.  Sandra continues to suffer emotional distress and consequential damages.

81.     As a result of the foregoing conduct of Defendants Sbarro Pizza, Ceballes, Hernandez, and Alatorre, Sandra has suffered damages in an amount to be proven at trial.

82.     Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Defendant Sbarro Pizza, as Defendant Ceballes, Hernandez, and Alatorre's employer, is vicariously liable for the wrongful conduct of its employees, officers, agents, and managers.

83.     It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of these violations and she should therefore be compensated for her reasonable attorneys' fees and costs.

SECOND CAUSE OF ACTION
*False Imprisonment*
**(Against All Defendants)**

84.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 83 with the same force and effect as if set forth herein.

85.     On or about May or June 2016 and continuing throughout her employment, Sbarro Pizza General Manager and Defendant Ceballes intended to confine and actually confined Sandra in the cooler where he used an interior lock to lock her inside to prevent her from leaving while he forcibly raped her against her will and without her consent.

86.     On or about May or June 2016 and continuing throughout her employment, Defendants Hernandez and Alatorre intended to confine Sandra in the dishwashing area and within the workplace as more fully described in the Factual Allegations Generally Applicable to All Claims so that they could sexually assault, grope, and violate Sandra against her will and without her consent

87.     This intentional confinement by Sbarro Pizza General Manager and Defendant Ceballes and Defendants Hernandez and Alatorre was against Sandra's will, without her consent, and done in such a manner as to violate the Sandra's right to be free from restraint of movement.

88.     Sandra was conscious of her confinement in the cooler, dishwashing area, and within the workplace as more fully described in the Factual Allegations Generally Applicable to All Claims and was harmed by the confinement when she was raped, sexually assaulted, and groped in these areas against her will and without her consent

89.     As a direct and proximate cause of this confinement, Sandra suffered and sustained physical injury, pain, suffering, and emotional distress, as well as consequential damages.  Sandra continues to suffer emotional distress and consequential damages.

90.     As a result of the foregoing conduct of Defendants Sbarro Pizza, Ceballes, Hernandez, and Alatorre, Sandra has suffered damages in an amount to be proven at trial.

91.     Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Defendant Sbarro Pizza, as Defendant Ceballes, Hernandez, and Alatorre's employer, is vicariously liable for the wrongful conduct of its employees, officers, agents, and managers.

92.     It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of these violations and she should therefore be compensated for her reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
#### *Assault*
#### (Against All Defendants)

93.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 92 with the same force and effect as if set forth herein.

94.     On or about May or June 2016 and continuing throughout her employment, Sbarro Pizza General Manager and Defendant Ceballes intentionally placed Sandra in reasonable apprehension of immediate harmful or offensive touching when Ceballes picked up the wet rag and took Sandra to the cooler where he used an interior lock to lock her inside the cooler to prevent her from leaving while he forcibly raped her against her will and without her consent.

95.     On or about May or June 2016 and continuing throughout her employment, Defendants Hernandez and Alatorre intentionally placed Sandra in reasonable apprehension of immediate harmful or offensive touching when Hernandez and Alatorre cornered Sandra in the dishwasher area, and within the workplace as more fully described in the Factual Allegations Generally Applicable to All Claims, to sexually assault her, grope her in the dishwasher area, and sexually assault her within the workplace against her will and without her consent.

96.     Defendant Ceballes willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur when Ceballes picked up a wet rag and took Sandra into the cooler where he used an interior lock to lock her inside the cooler that prevented her from leaving and forcibly raped her against her will and without her consent.

97.     Hernandez and Alatorre willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur when Hernandez and Alatorre sexually assaulted and groped Sandra in dishwasher area and within the workplace as more fully

described in the Factual Allegations Generally Applicable to All Claims against her will and without her consent.

98. Sandra was put in apprehension of such harmful or offensive physical contact and the impending rape when she saw Defendant Ceballes with the wet rag as he forced her inside the cooler and when she watched him lock her inside the cooler with an interior lock that prevented her from her leaving so he could rape her against her will and without her consent.

99. Sandra was put in apprehension of such harmful or offensive physical contact and the impending sexual assault and groping when Defendants Hernandez and Alatorre began to corner her in the dishwasher area or within the workplace as more fully described in the Factual Allegations Generally Applicable to All Claims, to sexually assault her, grope her in the dishwasher area, and sexually assault her within the workplace against her will and without her consent.

100. As a direct and proximate cause of this physical conduct, rape, groping, and sexual assault, Sandra suffered and sustained physical injury, pain, suffering, and emotional distress, as well as consequential damages. Sandra continues to suffer emotional distress and consequential damages.

101. As a result of the foregoing conduct of Defendants Sbarro Pizza, Ceballes, Hernandez, and Alatorre, Sandra has suffered damages in an amount to be proven at trial.

102. Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Defendant Sbarro Pizza, as Defendant Ceballes, Hernandez, and Alatorre's employer, is vicariously liable for the wrongful conduct of its employees, officers, agents, and managers.

103. It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of these violations and she should therefore be compensated for her reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
*Civil Conspiracy*
**(Against All Defendants)**

104. Sandra repleads and realleges every allegation contained in paragraphs 1 through 103 with the same force and effect as if set forth herein.

/ / /

105.   On or about May or June 2016 and continuing throughout her employment, Sbarro Pizza's General Manager and Defendant Ceballes willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur frequently and repeatedly when Ceballes picked up a wet rag and took Sandra into the cooler where he used an interior lock to lock her inside the cooler to prevent her from leaving while he forcibly raped her against her will and without her consent.

106.   On or about May or June 2016 and continuing throughout her employment, Hernandez and Alatorre willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur when Hernandez and Alatorre sexually assaulted and groped Sandra in the dishwasher area and within the workplace as more fully described in the Factual Allegations Generally Applicable to All Claims against her will and without her consent.

107.   Defendant HR Director Dorado allowed these rapes, sexual assaults, and groping of Sandra to continue because she did nothing to stop these rapes and sexual assaults from occurring or continuing after Sandra reported this conduct to HR and Defendant HR Director Dorado failed to properly, timely, and neutrally investigate Sandra's complaints.

108.   Such concerted action between Sbarro Pizza's General Manager and Defendant Ceballes, Defendant Hernandez, Defendant Alatorre, and HR Director Dorado intended to accomplish the unlawful objective of covering up and allowing the rapes, sexual assaults, groping, sex discrimination, quid pro quo sexual harassment, hostile work environment, retaliation, and FLSA violations to occur.

109.   This concerted action did cause harm to Sandra, including but not limited to severe emotional distress, physical injury, pain, suffering, pecuniary loss, damage to her reputation, and loss of continued employment.

110.   Defendants must pay damages to Sandra in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, physical injury, pain, suffering, inconvenience, mental anguish, loss of employment, and loss of enjoyment of life because they conspired together to engage in illegal actions.

/ / /

111.     Due to the obviousness of the wrongful conduct against Sandra, Sbarro (a) had advance knowledge that several of its employees and/or agents were engaging in wrongful and unlawful behavior against Sandra and continued to employ these employees and/or agents with conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious actions against Sandra as alleged in Factual Allegations Generally Applicable to All Claims, Sbarro is guilty of oppression and/or malice.

112.     Therefore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant Sbarro and all others from engaging in this conduct.  As a direct and proximate cause of this conduct, Plaintiff suffered and sustained physical injury, pain, suffering, and emotional damages, as well as consequential damages.

113.     As a result of the foregoing conduct of Defendants Sbarro Pizza, Ceballes, Hernandez, and Alatorre, Sandra has suffered damages in an amount to be proven at trial.

114.     It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of these violations and she should therefore be compensated for her reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### *Concert of Action*
### (Against All Defendants)

115.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 114 with the same force and effect as if set forth herein.

116.     On or about May or June 2016 and continuing throughout her employment, Sbarro Pizza's General Manager and Defendant Ceballes willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur frequently and repeatedly when Ceballes picked up a wet rag and took Sandra into the cooler where he used an interior lock to lock her inside the cooler to prevent her from leaving while he forcibly raped her against her will and without her consent.

117.     On or about May or June 2016 and continuing throughout her employment, Hernandez and Alatorre willfully and unlawfully intended to cause harmful or offensive physical

1   contact with Sandra and such contact did occur when Hernandez and Alatorre sexually assaulted

2   and groped Sandra in the dishwasher area and within the workplace as more fully described in the

3   Factual Allegations Generally Applicable to All Claims against her will and without her consent.

4          118.   Defendant HR Director Dorado allowed these rapes, sexual assaults, and groping of

5   Sandra to continue because she did nothing to stop these rapes and sexual assaults from occurring

6   or continuing after Sandra reported this conduct to HR and Defendant HR Director Dorado failed to

7   properly, timely, and neutrally investigate Sandra's complaints.

8          119.   Such concerted action between Sbarro Pizza's General Manager and Defendant

9   Ceballes, Defendant Hernandez, Defendant Alatorre, and HR Director Dorado intended to

10  accomplish the unlawful objective of covering up and allowing the rapes, sexual assaults, groping,

11  sex discrimination, quid pro quo sexual harassment, hostile work environment, retaliation, and

12  FLSA violations to occur.

13         120.   This concerted action did cause harm to Sandra, including but not limited to severe

14  emotional distress, physical injury, pain, suffering, pecuniary loss, damage to her reputation, and

15  loss of continued employment.

16         121.   Defendants must pay damages to Sandra in an amount to be determined at trial for

17  back pay, front pay, lost benefits, and compensatory damages for emotional pain, physical injury,

18  pain, suffering, inconvenience, mental anguish, loss of employment, and loss of enjoyment of life

19  because they worked in a concerted action to engage in illegal conduct.

20         122.   Due to the obviousness of the wrongful conduct against Sandra, Sbarro (a) had

21  advance knowledge that several of its employees and/or agents were engaging in wrongful and

22  unlawful behavior against Sandra and continued to employ these employees and/or agents with

23  conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or

24  agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious

25  actions against Sandra as alleged in Factual Allegations Generally Applicable to All Claims, Sbarro

26  is guilty of oppression and/or malice.

27         123.   Therefore, Sandra is entitled to an award of punitive damages in an amount

28  sufficient to punish and deter Defendant Sbarro and all others from engaging in this conduct.  As a

direct and proximate cause of this conduct, Plaintiff suffered and sustained physical injury, pain, suffering, and emotional damages, as well as consequential damages.

124.   As a result of the foregoing conduct of Defendants Sbarro Pizza, Ceballes, Hernandez, and Alatorre, Sandra has suffered damages in an amount to be proven at trial.

125.   It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of these violations and she should therefore be compensated for her reasonable attorneys' fees and costs.

126.   It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of these violations and she should therefore be compensated for her reasonable attorneys' fees and costs.

SIXTH CAUSE OF ACTION
*Intentional Interference with Prospective Economic Advantage*
**(Against All Defendants)**

127.   Sandra repleads and realleges every allegation contained in paragraphs 1 through 126 with the same force and effect as if set forth herein.

128.   Sbarro had knowledge of Sandra's employment relationship and the fact that she had complained about her illegal harassment, hostile work environment, sexual harassment, sexual assault, and retaliation when they intentionally interfered with her employment relationship and her prospective economic advantage causing Sandra to be constructively discharged because she could no longer be subjected to the repeated rapes, hostile work environment, and retaliation in the workplace.

129.   Thereafter, Defendant Sbarro and its employees and/or agents intentionally, disrupted and interfered with Sandra's continuing employment relationship and her prospective economic advantage with Sbarro by constructively discharging her because she could no longer be subjected to the repeated rapes, hostile work environment, and retaliation in the workplace and in reckless disregard of Sandra's right to continued employment, further impacting her ability to support herself and her family.

130.   Sbarro further intentionally interfered with Sandra's employment relationship and prospective economic advantage to provide a workplace free of improper and immoral behavior

described more fully in the Factual Allegations Generally Applicable to All Claims by constructively discharging her because she could no longer be subjected to the repeated rapes, hostile work environment, and retaliation in the workplace. Defendants Ceballes, Hernandez, and Alatorre's behavior falls well outside the bounds of proper workplace conduct and behavior. Defendants HR Director Dorado also took no actions to properly, timely, and neutrally investigate Sandra's claims and protect her from the continued quid pro quo sexual harassment and illegal discrimination.

131.    Sbarro has encouraged this behavior and the violations of the law by allowing Defendants Ceballes, Hernandez, Alatorre, and Dorado to remain employees of Sbarro.

132.    Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

133.    Sandra felt isolated in the workplace and this also caused her great anxiety in addition to the physical pain and injury she was suffering as a result of the sexual assaults and repeated rapes. Sandra had to go to work with a brave face and do her job because she and her family also employed by Sbarro needed the income, but inside Sandra was depressed, upset, scared, and physically ill daily.

134.    Sandra suffered at times at work finding herself alone and crying because of the mental and physical trauma of the environment that Sbarro had created for her and the fact that she needed the job and her paycheck to live and survive.

135.    As a direct consequence of these actions, Sandra's existing and prospective employment relationship and prospective economic advantage with Defendant Sbarro was disrupted, interfered with, prevented, and eventually terminated when she quit in disgust and was constructively discharged.

136.    As a direct and proximate result of these actions, Sandra has been seriously harmed, economically, physically, and emotionally, due to Sbarro's tortious actions and she is entitled to be fully compensated therefore by Defendant Sbarro.

/ / /

137.    Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondent superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts and illegal discrimination of their employees, officers, agents, and managers.

138.    Due to the obviousness of the wrongful conduct against Sandra, Sbarro (a) had advance knowledge that several of its employees and/or agents were engaging in wrongful and unlawful behavior against Sandra and continued to employ these employees and/or agents with conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious actions against Sandra as alleged in Factual Allegations Generally Applicable to All Claims, Sbarro is guilty of oppression and/or malice.

139.    Therefore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant Sbarro and all others from engaging in this conduct.  As a direct and proximate cause of this conduct, Plaintiff suffered and sustained physical injury, pain, suffering, and emotional damages, as well as consequential damages.

140.    As a result of the foregoing conduct of Defendants Sbarro Pizza, Ceballes, Hernandez, and Alatorre, Sandra has suffered damages in an amount to be proven at trial.

141.    It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of these violations and she should therefore be compensated for her reasonable attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress*
### (Against All Defendants)

142.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 141 with the same force and effect as if set forth herein.

143.    On or about May or June 2016 and continuing throughout her employment, Sbarro Pizza's General Manager and Defendant Ceballes willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur frequently and repeatedly when Ceballes picked up a wet rag and took Sandra into the cooler where he used an

interior lock to lock her inside the cooler to prevent her from leaving while he forcibly raped her against her will and without her consent.  This conduct is extreme and outrageous.

144.    On or about May or June 2016 and continuing throughout her employment, Hernandez and Alatorre willfully and unlawfully intended to cause harmful or offensive physical contact with Sandra and such contact did occur when Hernandez and Alatorre sexually assaulted and groped Sandra in the dishwasher area and within the workplace as more fully described in the Factual Allegations Generally Applicable to All Claims against her will and without her consent. This conduct is extreme and outrageous.

145.    Defendant HR Director Dorado allowed these rapes, sexual assaults, and groping of Sandra to continue because she did nothing to stop these rapes and sexual assaults from occurring or continuing after Sandra reported this conduct to HR and Defendant HR Director Dorado failed to properly, timely, and neutrally investigate Sandra's complaints.   This conduct is extreme and outrageous.

146.    Sbarro Pizza allowed the hostility and the constructive discharge of Sandra under the circumstances alleged after she reported that Defendants Ceballes, Hernandez, and Alatorre has sexually harassed, sexually assaulted, groped, and illegally raped her repeatedly as discussed in further detail in the Factual Allegations Generally Applicable to All Claims and this is extreme and outrageous.

147.    Sbarro Pizza's General Manager and Defendant Ceballes and Defendants Hernandez and Alatorre engaged in this illegal sex discrimination, quid pro quo sexual harassment, hostility, retaliation, and constructive discharge of Sandra with the intention of harming Sandra financially and emotionally and with reckless disregard for causing Sandra emotional distress and physical injury.

148.    Sbarro Pizza allowed the illegal sex discrimination, quid pro quo sexual harassment, hostility, retaliation, and constructive discharge of Sandra with the intention of harming Sandra financially and emotionally and with reckless disregard for causing Sandra emotional distress and physical injury.

/ / /

149.    Defendant HR Director Dorado allowed the illegal sex discrimination, quid pro quo sexual harassment, hostility, retaliation, and constructive discharge of Sandra under the circumstances alleged after she reported this conduct to HR and Defendant HR Director Dorado took no actions to properly, timely, and neutrally investigate Sandra's claims and protect her from the continued quid pro quo sexual harassment, illegal discrimination, a hostile work environment, and retaliation.   HR Director Dorado did this with the intention of harming Sandra financially and emotionally and with reckless disregard for causing Sandra emotional distress and physical injury.

150.    As a direct result of Sbarro, Ceballes, Hernandez, Alatorre, and Dorado's aforementioned actions, Sandra has suffered severe and/or extreme emotional distress.

151.    Sandra felt isolated in a work place when she was being constantly assaulted and raped and this caused her great anxiety.  Sandra had to go to work with a brave face and do her job because she and her family also employed by Sbarro Pizza needed the income, but inside she was depressed, upset, scared, and physically ill daily.

152.    Sandra suffered at times at work finding herself alone and crying because of the mental and physical injury and trauma of the environment that Sbarro Pizza had created for her.

153.    Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro Pizza, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

154.    Due to the obviousness of the wrongful conduct against Sandra, Sbarro Pizza (a) had advance knowledge that several of its employees and/or agents were engaging in wrongful and unlawful behavior against Sandra and continued to employ these employees and/or agents with conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious actions against Sandra as alleged in Factual Allegations Generally Applicable to All Claims, Defendant Sbarro Pizza is guilty of oppression and/or malice.

155.    Therefore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants Sbarro Pizza, Ceballes, Hernandez, Alatorre, and Dorado's and all others from engaging in this conduct.

156.    Sbarro Pizza, Ceballes, Hernandez, Alatorre, and Dorado's intentional infliction of emotional distress has caused harm and severe emotional distress to Sandra and she is entitled to be compensated in an amount to be determined at trial.

157.    As a direct and proximate result of Sbarro Pizza, Ceballes, Hernandez, Alatorre, and Dorado's intentional infliction of emotional distress, Sandra had to secure the services of attorneys to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
*Negligent Infliction of Emotional Distress*
**(Against All Defendants)**

158.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 157 with the same force and effect as if set forth herein.

159.    As a high level employee of Sbarro Pizza who supervised and managed Sandra, and who controlled all aspects of her work environment, Defendant Ceballes owed Sandra a duty to exercise due care not to subject her or allow her to be subjected to mental and/or emotional  injury in the workplace.  As her co-workers, Defendants Hernandez and Alatorre owed Sandra a duty to exercise due care not to subject her or allow her to be subjected to mental and/or emotional injury in the workplace.

160.    Sbarro Pizza knew or reasonably should have known that Defendant Ceballes, Hernandez, and Alatorre's actions, sexual assault, rape, groping, and misconduct, as detailed in the Factual Allegations Generally Applicable to All Claims, were breaches of that duty to Sandra and were likely to result in mental, physical, and/or emotional injury to Sandra.

161.    Sbarro Pizza knew or reasonably should have known that Defendant HR Director Dorado's failure to properly, timely, and neutrally investigate Sandra's claims and protect her from the continued quid pro quo sexual harassment, illegal discrimination, a hostile work environment, and retaliation were likely to result in mental, physical, and/or emotional injury to Sandra.

162.    Sandra's complaints to HR that were ignored were breaches of that duty to Sandra and were likely to result in mental, physical, and/or emotional injury to Sandra.

/ / /

/ / /

163.     Defendants Sbarro Pizza, Ceballes, Hernandez, Alatorre, and Dorado, while engaging in the aforementioned conduct, did negligently inflict mental and emotional distress, embarrassment, anguish, severe physical pain and suffering, and physical injury upon Sandra.

164.     As a direct and proximate result of Defendants Sbarro Pizza, Ceballes, Hernandez, Alatorre, and Dorado's negligent infliction of such emotional distress, Sandra has suffered damages and she is entitled to recover compensatory damages and other damages related thereto.

165.     Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro Pizza, as Defendant Ceballes, Hernandez, and Alatorre's employer, is vicariously liable for the wrongful conduct of its employees, officers, agents, and managers.

166.     As a result of the foregoing conduct of Defendants Sbarro Pizza, Ceballes, Hernandez, Alatorre, and Dorado, Sandra has suffered damages in an amount to be proven at trial.

167.     As a direct and proximate result of Sbarro Pizza, Ceballes, Hernandez, Alatorre, and Dorado's negligent infliction of emotional distress, Sandra had to secure the services of attorneys to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

### NINTH CAUSE OF ACTION
### *Negligent Hiring, Supervision, and Retention*
### (Against Defendant Sbarro)

168.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 167 with the same force and effect as if set forth herein.

169.     Sandra is entitled to a safe and productive work environment.

170.     Sandra is entitled to a workplace free of illegal, improper, and immoral behavior by Defendants Ceballes, Hernandez, and Alatorre that falls well outside the bounds of proper workplace conduct and behavior as discussed in greater detail in the Factual Allegations Generally Applicable to All Claims.

171.     Defendant Sbarro Pizza has encouraged this behavior and the violations of public policy and the law by allowing Defendants Ceballes, Hernandez, Alatorre, and Dorado to remain employees of Sbarro Pizza.

/ / /

/ / /

172.   Defendant Sbarro Pizza failed to properly supervise and improperly retained Defendants Ceballes, Hernandez, and Alatorre after learning of their illegal, improper, and immoral behavior.

173.   Defendant Sbarro Pizza failed to properly supervise and improperly retained Ceballes when he used Sandra's gender (female) and undocumented status to force her to stay silent about the sexual harassment, sex discrimination, assault, and repeated rapesin violation of public policy.  Ceballes frequently threatened Sandra with deportation and continued to take advantage of her fear of deportation while he continued to repeatedly rape her telling her that she must remain silent or she and her family members would be fired.

174.   Defendant Sbarro Pizza failed to properly supervise and improperly retained Dorado when she failed to properly, timely, and neutrally investigate Sandra's complaints.

175.   Sandra felt isolated in a work place when she was being constantly assaulted and raped and this caused her great pain, physical injury, and anxiety.  Sandra had to go to work with a brave face and do her job because she and her family also employed by Sbarro Pizza needed the income, but inside she was depressed, upset, scared, and physically ill daily.

176.   Sandra suffered at times at work finding herself alone and crying because of the mental and physical trauma of the environment that Sbarro had created for her.

177.   Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro Pizza, as Defendant Ceballes, Hernandez, Alatorre, and Dorado's employer, is vicariously liable for the wrongful conduct of its employees, officers, agents, and managers.

178.   As her employer, Defendant Sbarro Pizza has a duty to hire, employ, supervise, manage and retain managerial and supervisory employees who are fit for those positions.  Sbarro Pizza has a duty to see that managerial and supervisory employees properly exercise the authority and power entrusted to them in the workplace.  Sbarro Pizza also has a duty to prevent sexual harassment, sexual assault, rape, retaliation, violations of wage and hour laws, and hostility in the workplace.

179.   Sbarro Pizza breached these duties by failing to properly screen, train, and control their employees.  These breaches include, but are not limited to, failing to develop, implement and

evaluate the effectiveness of proper policies and procedures to prevent abuse and illegal discrimination, failing to set and maintain sound management policies to prevent and remedy mismanagement, failing to implement sexual harassment training, failing to ensure that managers and supervisors understand and comply with applicable laws, including those which prohibit retaliating against an employee for engaging in protected conduct or that which public policy favors or requires.

180.    By hiring and retaining Defendants Ceballes, Hernandez, and Alatorre after learning of their illegal, improper, and immoral behavior, Sbarro Pizza acted recklessly by exposing Sandra to them, including Ceballes who was her direct supervisor and the General Manager of Sbarro.

181.    By hiring and retaining Defendant HR Director Dorado after learning that she failed to investigate Sandra's complaints to HR, Sbarro Pizza acted recklessly by exposing Sandra to her and her failure to investigate and stop the sexual harassment and sexual assaults.

182.    Sbarro Pizza's breach and negligence has caused harm, severe physical injury, pain, suffering, and emotional distress to Sandra and she is entitled to be compensated in an amount to be determined at trial.

183.    Sbarro Pizza's breach of its supervisory duty to Sandra was a direct and proximate cause of the injuries and loss suffered by Sandra. Furthermore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Sbarro Pizza and all others from engaging in this conduct.

184.    As a direct and proximate result of Sbarro Pizza's negligent hiring, supervision, and retention, Sandra had to secure the services of attorneys to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

### TENTH CAUSE OF ACTION
***Tortious Interference with Employment Relationship in Violation of Public Policy***
**(Against Defendant Sbarro)**

185.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 184 with the same force and effect as if set forth herein.

186.   Sbarro had knowledge of Sandra's employment relationship and the fact that she had complained about her illegal harassment, hostile work environment, sexual harassment, sexual assault, and retaliation when they constructively discharged her in violation of public policy.

187.   Thereafter, Defendant Sbarro and its employees and/or agents intentionally, recklessly, and maliciously disrupted and interfered with Sandra's continuing employment relationship with Sbarro by constructively discharging her in violation of public policy, without excuse or justification, or in reckless disregard of Sandra's right to continued employment, further impacting her ability to support herself and her family.

188.   Sbarro further tortuously interfered with Sandra's employment relationship in violation of public policy to provide a workplace free of improper and immoral behavior described more fully in the Factual Allegations Generally Applicable to All Claims by Defendants Ceballes, Hernandez, and Alatorre that falls well outside the bounds of proper workplace conduct and behavior.  Defendants HR Director Dorado also took no actions to investigate Sandra's claims and protect her from the illegal discrimination.

189.   Sbarro has encouraged this behavior and the violations of public policy and the law by allowing Defendants Ceballes, Hernandez, Alatorre, and Dorado to remain employees of Sbarro.

190.   Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

191.   Sandra felt isolated in the workplace and this also caused her great anxiety in addition to the physical pain and injury she was suffering as a result of the sexual assaults and repeated rapes.  Sandra had to go to work with a brave face and do her job because she and her family also employed by Sbarro needed the income, but inside she was depressed, upset, scared, and physically ill daily.

192.   Sandra suffered at times at work finding herself alone and crying because of the mental and physical trauma of the environment that Sbarro Pizza had created for her.

193.   Ceballes also used Sandra's gender (female) and undocumented status to force her to stay silent about the sexual harassment, sex discrimination, assault, and repeated rapes in violation

of public policy.  Defendant Ceballes frequently threatened Sandra with deportation and continued to take advantage of her fear of deportation while he continued to repeatedly rape her telling her that she must remain silent or she and her family members would be fired also in violation of public policy.

194.    As a direct consequence of these actions, Sandra's existing and prospective employment relationship with Defendant Sbarro was disrupted, interfered with, prevented, and eventually terminated when she quit in disgust and was constructively discharged in violation of public policy.

195.    As a direct and proximate result of these actions, Sandra has been seriously harmed, economically, physically, and emotionally, due to Sbarro's tortious actions and she is entitled to be fully compensated therefore by Defendant Sbarro.

196.    Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts and illegal discrimination of their employees, officers, agents, and managers.

197.    Due to the obviousness of the wrongful conduct against Sandra, Sbarro (a) had advance knowledge that several of its employees and/or agents were engaging in wrongful and unlawful behavior against Sandra and continued to employ these employees and/or agents with conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious actions against Sandra as alleged in Factual Allegations Generally Applicable to All Claims, Sbarro is guilty of oppression and/or malice.

198.    Therefore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant Sbarro and all others from engaging in this conduct.

199.    It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of Sbarro's wrongful conduct, illegal discrimination, tortious interference, and wrongful termination and she is entitled to recover her reasonable attorneys' fees and costs.

/ / /

### ELEVENTH CAUSE OF ACTION
*Tortious and Malicious Interference with Employment Relationship*
**(Against All Defendants)**

200.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 199 with the same force and effect as if set forth herein.

201.     Sbarro had knowledge of Sandra's employment relationship and the fact that she had complained about her illegal harassment, hostile work environment, sexual harassment, sexual assault, and retaliation when they tortuously and maliciously interfered with her employment relationship causing Sandra to be constructively discharged because she could no longer be subjected to the repeated rapes, sex discrimination, quid pro quo sexual harassment, hostile work environment, and retaliation in the workplace.

202.     Thereafter, Defendant Sbarro and its employees and/or agents intentionally, recklessly, and maliciously disrupted and interfered with Sandra's continuing employment relationship with Sbarro by constructively discharging her because she could no longer be subjected to the repeated rapes, sex discrimination, quid pro quo sexual harassment, hostile work environment, and retaliation in the workplace and in reckless disregard of Sandra's right to continued employment, further impacting her ability to support herself and her family.

203.     Sbarro further tortuously interfered with Sandra's employment relationship to provide a workplace free of improper and immoral behavior described more fully in the Factual Allegations Generally Applicable to All Claims by constructively discharging her because she could no longer be subjected to the repeated rapes, hostile work environment, and retaliation in the workplace.

204.     Defendants Ceballes, Hernandez, and Alatorre's behavior falls well outside the bounds of proper workplace conduct and behavior.  Defendants HR Director Dorado also took no actions to properly and timely investigate Sandra's claims and protect her from the continued quid pro quo sexual harassment and illegal discrimination.

205.     Sbarro has encouraged this behavior and the violations of the law by allowing Defendants Ceballes, Hernandez, Alatorre, and Dorado to remain employees of Sbarro.

/ / /

206.   Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondeat superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts of their employees, officers, agents, and managers.

207.   Sandra felt isolated in the workplace and this also caused her great anxiety in addition to the physical pain and injury she was suffering as a result of the sexual assaults and repeated rapes.  Sandra had to go to work with a brave face and do her job because she and her family also employed by Sbarro needed the income, but inside she was depressed, upset, scared, and physically ill daily.

208.   Sandra suffered at times at work finding herself alone and crying because of the mental and physical trauma of the environment that Sbarro had created for her.

209.   As a direct consequence of these actions, Sandra's existing and prospective employment relationship with Defendant Sbarro was disrupted, interfered with, prevented, and eventually terminated when she quit in disgust and was constructively discharged tortuously and maliciously.

210.   As a direct and proximate result of these actions, Sandra has been seriously harmed, economically, physically, and emotionally, due to Sbarro's tortious actions and she is entitled to be fully compensated therefore by Defendant Sbarro.

211.   Pursuant to NRS § 41.130, or alternatively, under the doctrine of *respondent superior*, Sbarro, as Sandra's employer, is vicariously liable to Sandra for the wrongful acts and illegal discrimination of their employees, officers, agents, and managers.

212.   Due to the obviousness of the wrongful conduct against Sandra, Sbarro (a) had advance knowledge that several of its employees and/or agents were engaging in wrongful and unlawful behavior against Sandra and continued to employ these employees and/or agents with conscious disregard of the rights of others; (b) expressly authorized or ratified its employees and/or agent's wrongful acts; and (c) in permitting these employees and/or agents to commit tortious actions against Sandra as alleged in Factual Allegations Generally Applicable to All Claims, Sbarro is guilty of oppression and/or malice.

/ / /

213.     Therefore, Sandra is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant Sbarro and all others from engaging in this conduct.

214.     It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of Sbarro's wrongful conduct, illegal discrimination, tortious interference, and wrongful termination and she is entitled to recover her reasonable attorneys' fees and costs.

**TWELFTH CAUSE OF ACTION**
*Maintenance of Unsafe Working Environment*
**(Against Defendant Sbarro)**

215.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 214 with the same force and effect as if set forth herein.

216.     Defendant Sbarro had a duty pursuant to NRS § 618.385 to maintain a place of employment that is safe and healthful, and to do every other thing reasonably necessary to protect the life, safety, and health of such employees.

217.     Defendant Sbarro breached this duty to Plaintiff by hiring and retaining Defendants Ceballes, Hernandez and Alatorre who, despite Sandra putting Defendant Sbarro on constructive notice of their aggressive and violent behavior, were able to maintain their employment until Sandra she could no longer take it anymore and quit in disgust in or about May 2017.

218.     As a direct and proximate result of Defendant Sbarro maintaining an unsafe working environment, Plaintiff was assaulted and has suffered physical injury and emotional distress, as well as consequential damages.

219.     Furthermore, Defendant Sbarro was on notice of Defendant Ceballes repeated rapes and Hernandez, Alatorre and Ceballes sexual assault and battery on Sandra but responded inadequately to resolve the threat of future rapes and sexual assault and battery on Sandra. Thus, Plaintiff was unable to work in a safe environment until she was constructively discharged as a direct and proximate result of Defendant Sbarro inadequately addressing Plaintiff's requests for a safe working environment by complaining to HR.

/ / /

/ / /

220.    As a direct and proximate cause of Defendant Sbarro's failure to provide a safe working environment, Plaintiff suffered and sustained physical injury and emotional distress, as well as consequential damages.

221.    As a result of the foregoing conduct of Defendants, Sandra has suffered damages in an amount to be proven at trial.

222.    It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of Sbarro's wrongful conduct, illegal discrimination, tortious interference, and wrongful termination and she is entitled to recover her reasonable attorneys' fees and costs.

**THIRTEENTH CAUSE OF ACTION**
*Discrimination Based on Sex in Violation of*
*Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.*
**(Against Defendant Sbarro)**

223.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 222 with the same force and effect as if set forth herein.

224.    Discrimination in the workplace based on sex (female) has been illegal and inappropriate since the passage of Title VII in 1964. Title VII embodies the federal public policies prohibiting sex discrimination and quid pro quo sexual harassment in the workplace.

225.    Defendants, as employers, are subject to Title VII, as amended, and thus have a legal obligation to provide Sandra and all employees with a workplace free of unlawful sex discrimination and sexual harassment.

226.    Defendants, through Sbarro management and HR, as employers, failed to prevent the sex discrimination and provide protection to Sandra and similarly situated female employees despite their knowledge.

227.    Defendants subjected Sandra to an unsafe, illegal, and hostile work environment based on her sex (female).

228.    Sandra was treated differently because of her sex (female) and that differential treatment altered the terms and conditions of her employment, created a hostile work environment, made it more difficult for her to do her job, caused her to be subjected to quid pro quo sexual

harassment, sexual harassment by coworkers, and ultimately resulted in her constructive discharge when she complained about the sexual harassment, sexual assault, rapes, and hostile work environment she was subjected to.  Examples of this differing treatment, some of which are detailed above, include but are not limited to, subjecting her to different job duties that involved lifting heavy objects and cleaning heavy equipment that was not a part of her job duties before, reducing her work shirft hours, chnaging her shift to graveyard, stricter scrutiny or closer supervision of her work, failure to prevent her from enduring an environment free from sexual harassment and hostility, and then the failure to prevent and remedy workplace discrimination based on sex.

229.    Sandra did not welcome this quid pro quo sexual harassment, sexual harassment by coworkers, sexual assault, groping, repeated rapes, hostile work environemnt, retaliation, or the changes to the terms and conditions of her employment after she complained to HR.

230.    Sandra found the hostile work environment at Sbarro's and Defendants Sbarro and Dorado's toleration and ratification by Defendants to be disturbing, hurtful, intimidating, offensive, humiliating, and it caused her harm.  The repeated hostility, sexual harassment, groping, and repeated rapes made it more difficult for Sandra to do her job and it was distressing for her to be at work to earn a living for herself and her family.

231.    Defendants subjected Sandra to conduct and an environment which were offensive and injurious and would be considered so to any reasonable person.

232.    Sandra, thus fulfilling the legal element of being objectively offensive, was subject to workplace discrimination based on sex (female).  Thus, under the law, because Defendant Sbarro knew of this hostile environment, retaliation, and sexual harassment, or should have known, Defendants are responsible and liable for the sexual harassment, sex discrimination, hostile work environment, and retaliation Sandra was subjected to.

233.    Defendant Sbarro has allowed this illegal hostile work environment and retaliation to alter the terms and conditions of Sandra's employment.

234.    Through the actions, inactions, or omissions of its managers, the HR department, and Defendant and HR Director Dorado, Defendants, as employers, are also responsible and liable to Sandra for failing to prevent this hostile work environment and sex discrimination in the first place.

235.    Through the actions, inactions, or omissions of their managers, the HR department, and Defendant and HR manager Dorado, Defendant Sbarro is also responsible and liable to Sandra for failing to remedy and prevent further discrimination after she made complaints or reported the abusive conduct, illegal sex discrimination, **sexual harassment, sexual assault, rapes, and hostile work environment she was subjected to** by her supervisor and other coworkers.  The cumulative effect of Defendant Sbarro's inaction, denials, and failures to construct a prompt and effective remedy were damaging to Sandra, as it would be to any reasonable person in her position.

236.    Despite Sandra's multiple complaints to HR about the conduct of her supervisor and the coworkers, HR and Defendant HR Manager Dorado did nothing to help Sandra or protect her from the abusive conduct, illegal sex discrimination, **sexual harassment, sexual assault, rapes, groping, retaliation, and hostile work environment.**

237.    Sandra was humiliated, angered, intimidated, and frightened by this hostile work environment at Defendants Sbarro and her employer's actions and omissions in relation to it.

238.    These actions discussed herein and as alleged in the Factual Allegations Generally Applicable to All Claims constitute violations of federal law prohibiting sex discrimination and sexual harassment under Title VII.

239.    Defendant Sbarro is an employer subject to Title VII and thus is liable for damage and injuries that Sandra suffered, and continues to suffer, while in its employ for illegal sex discrimination and sexual harassment.

240.    Sandra has suffered economic losses as a result of this illegal sex discrimination, sexual harassment, rataliation, hostile work environment, and constructive discharge, including being subjected to differing performance standards and different terms and conditions of employment, and she is entitled to recover an amount sufficient to make her whole.

241.    Sandra has suffered emotional distress, humiliation, physical injury, and mental anguish and under Title VII she is entitled to be fully compensated for it.  Sandra continues to suffer emotional distress, humiliation, and mental anguish and she is entitled to be fully compensated for it as well.

/ / /

242.    Pursuant to the 1991 amendments to Title VII, Sandra is also entitled to recover punitive damages for Defendant Sbarro's malicious, intentional, and repeated violations of federal and state civil rights laws or their reckless disregard for Sandra's federally protected rights to be free from sex discrimination, hostility, retaliation, and sexual harassment.

243.    Sandra is entitled to recover punitive damages in an amount sufficient to punish Defendant Sbarro for this illegal conduct and to deter Defendant Sbarro and other employers from engaging in such conduct in an amount to be determined by a jury.

244.    It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of Sbarro's wrongful conduct, illegal discrimination, tortious interference, and wrongful termination and she is entitled to recover all her reasonable attorneys' fees and costs as allowed by 42 U.S.C. § 2000e-5(k).

### FOURTEENTH CAUSE OF ACTION
*Discrimination Based on Sex in Violation of NRS § 613.330 et seq.*
**(Against Defendant Sbarro)**

245.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 244 with the same force and effect as if set forth herein.

246.    Discrimination in the workplace based on sex (female) has been illegal and inappropriate in Nevada since the passage of *NRS § 613.330 et seq.*  This statute embodies the strong state public policy prohibiting sex discrimination and quid pro quo sexual harassment in the workplace.

247.    Defendants, as employers, are also subject to these Nevada statutes prohibiting discrimination, NRS § 613.330 *et seq.*, and thus have a legal obligation to provide Sandra and all employees with a workplace free of unlawful sex discrimination and quid pro quo sexual harassment.

248.    Defendant Sbarro, through Sbarro management, HR, and Defendant HR Manager Dorado, as employers, failed to prevent and provide protection to Sandra and similarly situated female employees despite their knowledge of the abuses to employees.

249.    Defendants subjected Sandra to an unsafe, illegal, and hostile work environment based on her sex (female), retaliation, and quid pro quo sexual harassment.

250.    Sandra did not welcome this quid pro quo sexual harassment, sex discrimination, retaliation, or hostile work environment.

251.    Sandra found the abusive conduct, illegal sex discrimination, sexual harassment, sexual assault, rapes, groping, and hostile work environment at Sbarro's and its toleration and ratification by Defendants Ceballes, Hernandez, Alatorre, and Dorado to be disturbing, hurtful, intimidating, offensive, humiliating, and it caused her substantial physical harm and injury.  The repeated abusive conduct, illegal sex discrimination, sexual harassment, sexual assault, rapes, and hostility, made it more difficult to do her job and distressing for her to be at work to earn a living for her and her family until she quit in disgust in or about May, 2017.

252.    Defendants, as employers in Nevada, are subject to the state statute prohibiting discrimination based on sex, N.R.S. 613.310 *et seq.*, and thus have a legal obligation to provide Sandra, and all employees, a workplace free of unlawful discrimination, hostility, and sexual harassment.  Sbarro failed to do so.

253.    Defendant Sbarro's actions, as alleged in Factual Allegations Generally Applicable to All Claims and in her federal cause of action based on sex discrimination above, resulted in unequal treatment, made it more difficult for her to perform her job and created a hostile work environment. As such under state law, N.R.S. 613.310 *et seq.*, Defendant Sbarro is guilty of illegal sex discrimination.  This illegal discrimination has proximately caused Sandra injury, harm, and loss.

254.    Sandra has suffered economic losses, physical injury, severe emotional distress, humiliation, loss of employment and benefits, and mental anguish, and she is entitled to be fully compensated for those losses by Defendant Sbarro under applicable remedies available under Nevada law.

255.    It has been necessary for Sandra to retain the services of attorneys to protect her rights and secure compensation for the damages incurred as a result of Sbarro's wrongful conduct, illegal discrimination, tortious interference, and wrongful termination and she is entitled to recover all her reasonable attorneys' fees and costs.

/ / /

### FIFTEENTH CAUSE OF ACTION
*Intentional Discrimination in Violation of Federal and State Statutes*
**(Against Defendant Sbarro)**

256.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 255 with the same force and effect as if set forth herein.

257.    Sandra, a female, is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on sex.

258.    Defendant Sbarro deprived Sandra from the enjoyment of all benefits, privileges, terms and conditions, and standards of her employment relationship by failing to rectify the harassing behavior Sandra was subjected to at her place of employment.

259.    Sbarro deprived Sandra from the enjoyment of all benefits, privileges, terms and conditions, and standards of her employment relationship by intentionally creating a hostile, abusive, and offensive workplace as a result of the unequal treatment that made it more difficult for her to perform her job and resulted in her constructive discharge when she quit in disgust in or about May 2017.

260.    Defendant Sbarro further deprived Sandra from the enjoyment of all benefits, privileges, terms and conditions, and standards of her employment relationship by constructively discharging her.

261.    Defendant Sbarro's actions were taken with malice and/or with reckless indifference to Sandra's federally-protected rights.

262.    Sandra has suffered economic losses, physical injury, severe emotional distress, humiliation, loss of employment and benefits, and mental and physical anguish and she is entitled to be fully compensated for those losses by Sbarro under applicable remedies available under Nevada law.

263.    Sandra is entitled to recover punitive damages because Defendant Sbarro acted with reckless indifference to federally protected rights of Sandra when Sbarro failed to rectify or even acknowledge the unlawful behavior, changed the terms and conditions of her employment as discussed more fully in the Factual Allegations Generally Applicable to All Claims, and

constructively discharged Sandra after she complained about the sexual harassment, retaliation, and hostile work environment she was subjected to in violation of public policy.

264.   As a direct and proximate result of Sbarro's discriminatory conduct, Sandra had to secure the services of attorneys to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

### SIXTEENTH CAUSE OF ACTION
### *Retaliation*
### (Against Defendant Sbarro)

265.   Sandra repleads and realleges every allegation contained in paragraphs 1 through 264 with the same force and effect as if set forth herein.

266.   Defendant Sbarro has a legal obligation, pursuant to state and federal statutes and their own policies, to provide Sandra and all employees with a workplace free of unlawful discrimination and retaliation.

267.   Defendant Sbarro made promises to Sandra and other employees when Defendant Sbarro distributed workplace materials that stated Defendant Sbarro had workplace policies against discrimination, harassment, and retaliation.

268.   Sandra informed HR about problems with her supervisor and manager Ceballes after he  reduced her hours and as a result her income. She also informed HR that Defendants Ceballes, Hernandez, and Alatorre were stealing money from Sbarro and Sbarro HR and Defendant HR Director Dorado failed to take any action.  Finally, Sandra complained to HR and Defendant HR Director Dorado on April 18, 2017 about the sexual harrassment and the retaliation that she was suffering.  Sandra was subsequently brushed off by the HR department and Defendant HR Director Dorado who failed to properly, timely, and neutrally investigate Sandra's claims as discussed more fully in the Factual Allegations Generally Applicable to All Claims.  Defendant Sbarro failed to protect Sandra against assault, battery, false imprisonment, civil conspiracy, concert of action, rape, sexual assault, sexual harassment, discrimination based on sex, and the wage and hour violations, as set forth below.

269.   Sbarro subjected Sandra to retaliation when she engaged in protected activity, and then Defendant Sbarro took or tolerated actions against her, which included the following:

subjecting her to different job duties that involved lifting heavy objects and cleaning heavy equipment that was not a part of her job duties before, reducing her work shirft hours, chnaging her shift to graveyard, stricter scrutiny or closer supervision of her work, failure to prevent her from enduring an environment free from sexual harassment and hostility, and then the failure to prevent and remedy workplace discrimination based on sex.

270.    Defendant Sbarro failed to take reasonable actions to prevent retaliation against Sandra.

271.    The aforementioned actions and conduct of Defendant Sbarro constitutes illegal retaliation prohibited by state and federal statutes.

272.    Sandra has been seriously harmed, economically, physically, and emotionally, by this unlawful discrimination in the form of illegal retaliation and she is entitled to be fully compensated therefor.

273.    As a direct and proximate result of Defendant Sbarro's wrongful conduct and illegal discrimination in the form of retaliation, Sandra had to secure the services of attorneys to pursue this action, and she is entitled to recover her reasonable attorneys' fees and costs.

**SEVENTEENTH CAUSE OF ACTION**
*Violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.*
*Failure to Pay Wages*
**(Against Defendant Sbarro)**

274.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 273 with the same force and effect as if set forth herein.

275.    Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Sandra is entitled to compensation at her regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

276.    Defendants failure to pay Sandra for all hours worked resulted in violations of the FLSA's minimum wage provisions for unpaid minimum wage-rate hours.

277.    Defendants unlawful conduct was repeated and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.  As a result, Sandra was not paid for all hours worked which resulted in violations of the FLSA's minimum wage provisions.

/ / /

278.    Due to Defendants' FLSA violations, Sandra is entitled to recover from Defendant Sbarro: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

279.    Sandra is also entitled to recover punitive damages from Defendant Sbarro because her employer intentionally did not pay Sandra for all hours worked which resulted in violations of the FLSA's minimum wage provisions.

### EIGHTEENTH CAUSE OF ACTION
#### *Violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.*
#### *Failure to Pay Overtime Wages*
#### (Against Defendant Sbarro)

280.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 279 with the same force and effect as if set forth herein.

281.    Sbarro engaged in a policy and practice of willfully refusing to pay Sandra appropriate overtime compensation for all hours worked in excess of forty (40) hours per work.

282.    As a result of Defendant Sbarro's willful failure to compensate Sandra premium overtime pay for all hours worked at a rate not less than one-and-one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per work week, Defendant Sbarro has violated the FLSA, 29 U.S.C. § 201 *et seq*.

283.    Defendant Sbarro's unlawful conduct was repeated and willful. Defendant Sbarro knew or should have known that its policies and practices have been unlawful and unfair.

284.    Due to Defendants' FLSA violations, Sandra is entitled to recover from Defendant Sbarro: compensation for unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

285.    Sandra is also entitled to recover punitive damages from Defendant Sbarro because her employer intentionally did not pay Sandra for all hours worked which resulted in violations of the FLSA's minimum wage provisions.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NINETEENTH CAUSE OF ACTION**
*Violation of NRS § 608.016 and NRS § 608.140*
*Failure to Pay All Wages Due*
**(Against Defendant Sbarro)**

286.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 285 with the same force and effect as if set forth herein.

287.     NRS § 608.016 states that "[a]n employer shall pay to the employee wages for each hour the employee works."

288.     As described and alleged herein, Defendant Sbarro failed to pay Sandra for all of the hours she worked in violation of NRS § 608.016 and NRS § 608.140.

289.     Pursuant to Nevada law, Defendant Sbarro is liable to Sandra for her unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

290.     Pursuant to Nevada law, Sandra is also entitled to recover punitive damages from Defendant Sbarro because her employer intentionally did not pay Sandra for all hours worked which resulted in violations of the NVWH provisions.

**TWENTIETH CAUSE OF ACTION**
*Violation of NRS § 608.019*
*Failure to Provide Breaks and Lunch and Pay For This Time Worked*

291.     Sandra repleads and realleges every allegation contained in paragraphs 1 through 290 with the same force and effect as if set forth herein.

292.     NRS § 608.019(1) states that "[a]n employer shall not employ an employee for a continuous period of eight (8) hours without permitting the employee to have a meal period of at least one-half hour.  No period of less than thirty (30) minutes interrupts a continuous period of work for the purposes of this subsection."  Nev. Rev. Stat. 608.019(1).

293.     NRS § 608.019(2) states:

Every employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable, shall be in the middle of each work period. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest periods need not be authorized however for employees whose total daily work time is less than 3 and one-

half hours. Authorized rest periods shall be counted as hours worked, for which there shall be no deduction from wages.

Nev. Rev. Stat. § 608.019(2).

294.    As described and alleged herein, Defendant Sbarro failed to provide her required breaks and lunch periods in violation of NRS § 608.019 and failed to pay her for this time worked in violation of NRS § 608.019.

295.    Pursuant to Nevada law, Defendant Sbarro is liable to Plaintiff for her unpaid wages during required breaks and lunch periods; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

296.    Pursuant to Nevada law, Sandra is also entitled to recover punitive damages from Defendant Sbarro because her employer intentionally did not pay Sandra for all hours worked which resulted in violations of the NVWH provisions.

**TWENTY-FIRST CAUSE OF ACTION**
*Violation of NRS 608.018 and 608.140*
*Failure to Pay Overtime Wages*
**(Defendant Sbarro)**

297.    Sandra repleads and realleges every allegation contained in paragraphs 1 through 296 with the same force and effect as if set forth herein.

298.    NRS § 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

Nev. Rev. Stat § 608.018(1).

299.    NRS § 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times

/ / /

– 43 –

the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

Nev. Rev. Stat § 608.018(2).

300.    As described and alleged herein, Defendant Sbarro failed to pay Sandra daily and weekly overtime premium pay for all hours worked over eight (8) hours in a workday or over forty (40) hours in a work week in violation of NRS § 608.018 and NRS § 608.140

301.    Pursuant to Nevada law, Defendant Sbarro is liable to Sandra for their unpaid wages; liquidated damages; reasonable attorneys' fees; costs and interest as provided by law, and any other relief deemed appropriate by this Court.

302.    Pursuant to Nevada law, Sandra is also entitled to recover punitive damages from Defendant Sbarro because her employer intentionally did not pay Sandra daily and weekly overtime premium pay for all hours worked over eight (8) hours in a workday or over forty (40) hours in a work week in violation of the NVWH provisions.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff SANDRA M. MEZA-PEREZ respectfully prays as follows:

A.    For a trial by jury on all issues;

B.    For all damages allowable under state and federal statutes prohibiting discrimination and retaliation;

C.    For all damages allowed or recoverable under Nevada law for the intentional torts, including compensatory, special general, and consequential damages;

D.    For punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to other employers and elected officials not to engage in such conduct;

E.    For the costs of this action together with reasonable attorneys' fees and costs, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

F.    Declaring Defendant violated the FLSA, and that such violation was willful;

G.    Granting judgment to Plaintiff for claims of unpaid premium overtime wages as secured by the FLSA, along with appropriate liquidated damages, attorneys' fees, and costs of suit;

H.    Granting judgment to Plaintiff on her claims of unpaid wages as secured by law, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

I.    Granting judgment to Plaintiff on her claims of unpaid failure to pay minimum wage, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

J.    Granting judgment to Plaintiff on her claims of unpaid breaks and lunches, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

K.    Granting judgment to Plaintiff to compensate her for all avoided benefits of employment as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate;

L.    For prejudgment interest as allowable by law;

M.    For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any awards made herein; and

N.    For such other and further relief as the Court shall deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff SANDRA M. MEZA-PEREZ demands a trial by jury on all issues so triable.

Respectfully submitted this 24th day of May 2019.

**SULL & ASSOCIATES, PLLC**

_____
Hardeep Sull, Esq.
Nevada Bar No. 12108
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel.: (702) 953-9500
Fax: (702) 297-6595
dee@sullglobal.com

**MELANIE HILL LAW PLLC**

/s/ Melanie A. Hill
Melanie A. Hill, Esq.
Nevada Bar No. 8796
520 S. 7th Street, Suite A
Las Vegas, NV 89101
Tel.: (702) 362-8500
Fax: (702) 362-8505
Melanie@MelanieHillLaw.com

*Attorneys for Plaintiff Sandra M. Meza-Perez*