# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANDRA M. MEZA-PEREZ,

    Plaintiff(s),

v.

SBARRO LLC, et al.,

    Defendant(s).

Case No.: 2:19-cv-00373-APG-NJK

**ORDER**

(Docket No. 67)

Pending before the Court is Defendant Sbarro's motion to compel and for sanctions. Docket No. 67. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 67, 78, 79. The motion is properly resolved without a hearing. Local Rule 78-1. For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

On September 10, 2019, Plaintiff submitted her second amended list of individuals likely to have discoverable information. Docket No. 67-2. This document included contact information for fewer than half of the individuals listed. *See id.* As a result, Defendant's counsel emailed a letter to Plaintiff's counsel, asking for the missing contact information. Docket No. 67 at 3. The letter gave Plaintiff until September 26, 2019, to meet and confer or until September 27, 2019, to provide the missing contact information. *Id.*

Plaintiff's counsel did not respond to this correspondence. *Id.* Therefore, Defendant's counsel called Plaintiff's counsel on September 27, 2019, to meet and confer. *Id.* On that phone call, Plaintiff's counsel stated that, though she had received the email from Defendant's counsel, she had not seen the letter. *Id.* What happened next is in dispute. Defendant submits that its counsel offered to reschedule the meet and confer to give Plaintiff's counsel a chance to read the letter, but that she began to ask about the purpose of the meet and confer. *Id.* However, Plaintiff

1

submits that her counsel "recalls that [Defendant's counsel] asked if she wanted to have the meet and confer then and she said no, but she did want to generally discuss the issue so she inquired regarding the topic." Docket No. 78 at 11. The parties do not dispute that Defendant's counsel stated that Defendant is entitled to the missing contact information. Docket No. 67 at 3. Plaintiff's counsel, however, claimed that Plaintiff need not provide that information and, in any event, that she did not have it. *Id.*

After the phone call ended, Defendant's counsel re-sent the letter to Plaintiff's counsel that she stated she had not seen. *Id.* at 4. The letter now gave Plaintiff until October 2, 2019, to respond or reschedule another meet and confer. *Id.* Plaintiff's counsel later emailed Defendant's counsel, reiterating her position on the phone call and stating that she would review the letter and get back to Defendant's counsel the next week with any comments. *Id.* Plaintiff did not respond by the deadline stated in the letter. *Id.* Defendant's motion to compel followed.

**II.   ANALYSIS**

Defendant submits that it is entitled to the missing contact information and to accurate contact information for two other individuals in Plaintiff's witness list. Defendant's counsel further submits that Plaintiff should be sanctioned for failing to provide that information. The Court analyzes each issue in turn, after first analyzing whether a sufficient meet and confer occurred before Defendant filed its motion.

A.   Meet and Confer

Plaintiff submits that the phone call between the parties' counsel did not constitute a sufficient meet and confer for three reasons. Docket No. 78 at 10. First, Plaintiff submits that "the meet and confer process was still in progress" when Defendant filed its motion and that her counsel "had requested additional time . . . due to her severe illness." *Id.* Second, Plaintiff submits that her counsel first learned from Defendant's motion to compel that some of the contact information she provided was incorrect. *Id.* at 11. Finally, Plaintiff submits that Defendant's meet-and-confer certification is deficient.

"The purpose of [the meet and confer] rules is simple: to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informational,

2

extrajudicial resolution of discovery disputes." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). The meet and confer rules "are not procedural weapons for parties to use to avoid their discovery obligations." *Aevoe Corp. v. AE Tech Co.*, 2013 WL 4701192, at *2 (D. Nev. Aug. 30, 2013) (citing *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *3 n. 3, 4 (D. Nev. Aug. 1, 2013)). "Indeed, the Court ultimately retains discretion to decide discovery matters even where no proper meet and confer has been conducted." *Id.* (citing *Fifty–Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *6 (D. Nev. June 11, 2007).

The Court finds that the phone call between the parties' counsel constituted a sufficient meet and confer. It is clear that the parties discussed whether Defendant is entitled to the missing contact information and that Plaintiff's counsel conveyed that Plaintiff had provided all the information that she needed to provide. Docket No. 67-5 at 2. The Court also finds that the declaration by Defendant's counsel, Docket No. 67-5, certifies that a sufficient meet and confer occurred and that Defendant's response and Plaintiff's reply adequately set forth the issues as to the incorrect contact information for the Court to decide that issue as well.

B. Contact Information

Parties must provide initial disclosures to opposing parties without awaiting a discovery request. Fed.R.Civ.P. 26(a)(1)(A). The reason for that requirement is important and clear: parties should know the factual and legal contentions of opposing parties, and initial disclosures eliminate surprise and trial by ambush. *See, e.g.*, *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014). Initial disclosures also "accelerate the exchange of basic information about the case and eliminate the paper work involved in requesting such information," *R & R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Fed.R.Civ.P. 26, advisory-committee notes), and help "the parties in focusing and prioritizing their organization of discovery," *City & County of San Francisco v. Tutor–Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).

Initial disclosures must include the "name and, if known, the address and telephone number of" individuals likely to have discoverable information. Fed.R.Civ.P. 26(a)(1)(A)(i). A party must make initial disclosures "based on the information then reasonably available to it." Fed.R.Civ.P.

26(a)(1)(E).  A party "is not excused from making initial disclosures because she has not diligently investigated her case." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 n.2 (D. Nev. 2017) (citing Fed.R.Civ.P. 26(a)(1)(E)).

Plaintiff submitted her second amended list of individuals likely to have discoverable information on September 10, 2019, more than two months ago.  Docket No. 67-2.  Plaintiff listed 32 individuals, but included contact information for fewer than half of them.  *See id.*  From the time that Plaintiff submitted her second amended list until the time Plaintiff filed her response to Defendant's motion, Plaintiff's sole effort to find the missing contact information was to "informally request[]" it from Defendant.  Docket No. 78 at 8.  Plaintiff may not, however, place her duties to provide contact information and diligently investigate that information onto Defendant simply because some of the individuals are its former employees.  The Court thus finds that Plaintiff has not diligently investigated her case.  Accordingly, the Court grants the motion to compel with respect to the missing contact information and to any provided contact information that is inaccurate.

C. <u>Sanctions</u>

Defendant requests that the Court sanction Plaintiff pursuant to Fed.R.Civ.P. 37(c)(1) and (a)(5).  The Court addresses each request in turn.

1. *Fed.R.Civ.P. 37(c)(1)*

Violations of Fed.R.Civ.P. 26(a)(1)(A) trigger sanctions in Fed.R.Civ.P. 37(c)(1), which provides that a party who fails to "provide information or identify a witness as required by Rule 26(a) or (e)" may not rely on that witness's testimony "unless the failure was substantially justified or harmless."  Fed.R.Civ.P. 37(c)(1) also provides that, in "addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard," may "order payment of the reasonable expenses, including attorney's fees, caused by the failure[.]"  The Court has broad discretion over whether to issue these sanctions.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The Court finds that these sanctions are not appropriate at this time.  Although Plaintiff has not been diligently investigating her case and Plaintiff's counsel has not been as cooperative as

4

she should be with opposing counsel, discovery does not close until March 25, 2020. Moreover, as the Court orders below, Plaintiff must provide the missing contact information within the next two weeks. Accordingly, the Court denies in its discretion the motion to compel in this respect.

2. *Fed.R.Civ.P. 37(a)(5)*

Fed.R.Civ.P. 37(a)(5) provides for reasonable expenses, including attorneys' fees, in three situations: when a motion to compel is granted, denied, or granted in part and denied in part. Defendant's motion to compel is granted except as to sanctions under Fed.R.Civ.P. 37(c)(1). Thus, Fed.R.Civ.P. 37(a)(5)(C) applies here. *See Wilson v. Greater Las Vegas Ass'n of Realtors*, 2016 WL 4087272, at *1 (D. Nev. July 28, 2016) ("Rule 37(a)(5)(C) applies even if a party prevails on the 'lion's share' of the motion.").

Fed.R.Civ.P. 37(a)(5)(C) provides that, when a "motion is granted in part and denied in part, the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed.R.Civ.P. 37(a)(5)(C). Plaintiff has had an opportunity to be heard because Defendant sought Fed.R.Civ.P. 37(a)(5) sanctions in its motion to compel. *See* Docket No. 67 at 1, 12. Therefore, the issue is properly before the Court.

In exercising its discretion to award reasonable expenses, the Court may consider the exceptions available pursuant to Fed.R.Civ.P. 37(a)(5)(A). *Limtiaco v. Auction Cars.Com, LLC*, 2012 WL 5179708, *1 (D. Nev. Oct. 17, 2012). Under these exceptions, "an award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of fees unjust." *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, *1 (D. Nev. Sept. 20, 2013) (citing Fed.R.Civ.P. 37(a)(5)(A)(i–iii)).

The Court finds that none of these exceptions applies and that sanctions are appropriate here. First, the Court finds that, as chronicled in the background section of this order, Defendant attempted many times in good faith to obtain the contact information for the individuals on Plaintiff's witness list. Second, as discussed more fully above, the Court finds that Plaintiff's initial refusal to provide the contact information and lack of diligent investigation to determine the

5

contact information was not substantially justified. Finally, the Court finds that no other circumstance exists to make an award of fees unjust. Accordingly, the Court grants Defendant's request for costs and fees associated with moving to compel.

## III.   CONCLUSION

Accordingly, Defendant's motion to compel is **GRANTED** in part and **DENIED** in part. Docket No. 67. The Court **ORDERS:**

1. Plaintiff to provide to Defendant, no later than November 26, 2019, contact information for these individuals: Jose Alatorre, Jorge Garcia, Rosario Garcia, Jeffrey Mabunga, Shanice P. Maddox, Robert Jr. Martinez, Jesse Omelas, Luna Osvaldo, Ana Romero, Nancy Teran, Ann Riko (aka Elizabeth Riko), and Marco (aka Roger) Romero Figuero.
2. Plaintiff to provide to Defendant, no later than November 19, 2019, accurate contact information for these individuals: Aida Meza and Fabiola Perez.
3. Defendant to file an affidavit of costs and fees associated with filing its motion to compel, no later than November 20, 2019.
4. Plaintiff to file a response to Defendant's affidavit, no later than December 4, 2019.

IT IS SO ORDERED.

Dated: November 13, 2019

                                            Nancy J. Koppe
                                            United States Magistrate Judge