# EXHIBIT 2

# Excerpts of Defendant Ceballes' Responses to Interrogatories

# EXHIBIT 2

# Excerpts of Defendant Ceballes' Responses to Interrogatories

Patrick N. Chapin, Esq.
Nevada Bar No. 004946
**PATRICK N. CHAPIN, LTD.**
129 Cassia Way
Henderson, Nevada 89014
(702) 433-7295 phone
(702) 403-1919 fax
Pat@ChapinLaw.net

Attorney for Defendants
Zachary Ceballes and Efrain Hernandez

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA M. MEZA-PEREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SBARRO LLC dba SBARRO PIZZA, a foreign limited liability company; SBARRO, INC., dba SBARRO PIZZA, a foreign corporation; ZACHARY CEBALLES, an individual; EFRAIN HERNANDEZ, an individual; JESUS ALATORE, an individual; DANA DORADO, an individual,<br><br>Defendants. | Case No. 2:19-CV-00373-APG-NJK |

### DEFENDANT ZACHARY CEBALLES' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW, Defendant Zachary Ceballes ("Ceballes"), by and through his attorney of record, Patrick N. Chapin, Esq. of Patrick N. Chapin, Ltd., and hereby submits his Responses to Plaintiff's First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

The information contained in the Responses set forth below is based only upon the information and documents currently available to Defendant. Defendant's investigation and discovery in preparation for trial has not been completed. Additional investigation may disclose further information and documents relevant to these Responses, as could information and

1

**INTERROGATORY NO. 11:**

Please state whether you had any sexual relations with any employee of Sbarro Pizza during the duration of your employment with Sbarro Pizza. If so, please state the number of employees you had sexual relations with, the names of the employees, the number of times you had sexual relations with each employee, whether the sexual encounters were consensual, and where the sexual encounters took place.

**RESPONSE TO INTERROGATORY NO. 11:**

I had regular sexual relations (encounters) with Plaintiff and each encounter was consensual. Each and every sexual encounter I had with Plaintiff only occurred during the time we worked together at the Sbarro's located within the food court at the Monte Carlo Hotel and Casino. I and Plaintiff's consensual sexual encounters ended in December 2016. I estimate we had consensual sexual intercourse three times per month and oral sex one time per month during the time they worked together at the Monte Carlo.

Ceballes objects to that portion of this Interrogatory as it relates to employees other than Plaintiff on the grounds it is not calculated to lead to the discovery of information relevant to the subject matter of this action. Specifically, this Interrogatory seeks disclosure of personal and private information of third parties uninvolved in Plaintiff's allegations. *See Nesbit vs. Dep't of Pub. Safety*, 283 F. App'x 531, 533 (9th Cir. 2008) (citing *Seattle Times Co. vs. Rhinehart*, 467 U.S. 20, 35 n. 21 (1984) (noting that privacy interests may be a basis for restricting discovery)).

**INTERROGATORY NO. 12:**

Please state whether you had any sexual relations with any employee of the Monte Carlo Hotel or employee of the food court at the Monte Carlo during the duration of your employment with Sbarro Pizza. If so, state the number of employees you had sexual relations with, the names of the employees, the number of times you had sexual relations with each employee, whether the sexual encounters were consensual, and where the sexual encounters took place.

**RESPONSE TO INTERROGATORY NO. 12:**

Ceballes objects to this Interrogatory on the grounds it is not calculated to lead to the discovery of information relevant to the subject matter of this action. Specifically, this

Interrogatory seeks disclosure of personal and private information of third parties uninvolved in Plaintiff's allegations. *See Nesbit vs. Dep't of Pub. Safety*, 283 F. App'x 531, 533 (9th Cir. 2008) (citing *Seattle Times Co. vs. Rhinehart*, 467 U.S. 20, 35 n. 21 (1984) (noting that privacy interests may be a basis for restricting discovery)).

**INTERROGATORY NO. 13:**

Please state whether you stole any equipment, merchandise, money, or inventory from Sbarro Pizza during the duration of your employment with Sbarro Pizza. If so, please state the items you stole, when the thefts occurred, the amount of money stolen, the inventory or items stolen, and whether you resold any of the items you stole from Sbarro Pizza.

**RESPONSE TO INTERROGATORY NO. 13:**

I did not steal equipment, merchandise, money or inventory from Sbarro during the time I was employed by the same.

**INTERROGATORY NO. 14:**

Please state whether you sold Jell-O shots to customers at any of the following Sbarro locations: Monte Carlo Hotel, Bally's Las Vegas, or Convention Center. If so, please state the Sbarro Pizza personnel that gave you permission to sell Jell-O shots to customers, the price of the Jell-O shots you were selling, who made the Jell-O shots, where you obtained the vodka to make the Jell-O shots, how often you sold Jell-O shots to customers, the names of the other employees involved in making and selling Jell-O shots to customers, where the Jell-O shots were sold, and what was done with the proceeds from the Jell-O shots.

**RESPONSE TO INTERROGATORY NO. 14:**

There was a brief period time when I authorized the sale of Jell-O shots to customers at the Sbarro Monte Carlo location. I did this without the knowledge, consent nor permission of my superiors or upper management at Sbarro. I believe I set the sale price for Jell-O shots at 3 for $10.00. I was the person who purchased the vodka. On a couple of occasions I asked Ms. Cadacio to purchase the vodka. I was the only person who made the Jell-O shots. The employees working the sales counter at that relevant time, and only per my instruction, sold the

///