# EXHIBIT "10"

# NERC Determination dated July 17, 2018

# EXHIBIT "10"

# NERC Determination dated July 17, 2018



NEVADA EQUAL RIGHTS COMMISSION

**Nevada Department of Employment, Training and Rehabilitation**

BRIAN SANDOVAL
Governor

DON SODERBERG
Director

KARA M. JENKINS
Administrator

July 17, 2018

**Case Name:**
Sandra Perez
vs.
Sbarro LLC dba Sbarro Pizza

**Charging Party:**
Sandra Perez
4255 East Twain Avenue
Las Vegas, NV 89121

**Charging Party Legal Representative:**
Hardeep Sull, Esq.
Sull and Associates, PLLC
520 South Seventh Street, Suite A
Las Vegas, NV 89101

**Charge No.:**
NERC No. 0418-17-0176L
EEOC No. 34B-2017-00721C

**Respondent Legal Representative:**
David Axelrod, Esq.
Shumaker, Loop & Kendrick, LLP
41 South High Street, Suite 2400
Columbus, Ohio 43215

## DETERMINATION

Respondent, Sbarro LLC dba Sbarro Pizza, is an employer, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and NRS 613.310 and timeliness and all other requirements for coverage have been met.

The above referenced Charge of Discrimination was filed by Charging Party, Sandra Perez, against her former employer, Sbarro LLC dba Sbarro Pizza alleging quid pro quo sexual harassment.

Ms. Perez claimed General Manager Zachary Ceballes hired her and her family members for employment. For this reason, Ms. Perez indicated Mr. Ceballes would take her into the cooler and force her to have sex with him. Due to having sex with Mr. Ceballes in the workplace, Ms. Perez also claimed Crew member Jesus Alatorre and Crew member Efrain Hernandez subjected her to sexual harassment in the workplace. Ms. Perez stated Mr. Hernandez and Mr. Alatorre would chase her in the cooler and force her to touch their genitals.



Due to the hostile work environment, Ms. Perez stated she complained internally to the Respondent and claimed they failed to address her complaint through appropriate corrective action.

The Respondent denied Ms. Perez's allegations of sexual harassment and claimed during their internal investigation all three individuals named in the NERC Charge denied the allegations because various employees frequently go back and forth between the front and back of the store. Furthermore, the Respondent indicated other witnesses interviewed denied Ms. Perez's allegations of sexual harassment and described her as a bad employee who was suspected to be under the influence of drugs while at work.

Evidence obtained during this investigation confirmed Mr. Ceballes engaged and promoted a sexually hostile work environment towards Ms. Perez. Mr. Ceballes transferred Ms. Perez from the Respondent's Monte Carlo location to their Bally's location when confronted by Ms. Perez's family members over the accusations that Mr. Ceballes, Mr. Hernandez and Mr. Alatorre were sexually harassing Ms. Perez and her family members. It is possible if Ms. Perez's family members had not confronted the alleged discriminating offenders it is more than likely Ms. Perez would still be subjected to sexual harassment in the workplace.

Based on the above, probable cause supports the charge of sex discrimination.

NRS 233.170(2) requires that if the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter via Conciliation on **Thursday, August 30, 2018, at 9:30 am** via telephone. Call-in information will be provided once you confirm. Enclosed is an "Invitation to Participate in Conciliation Efforts" form. All parties are to indicate their willingness to enter into these efforts by completing the enclosed form and returning it to this office within ten (10) days of the date of this letter. In the event the parties refuse to participate in conciliation, the Commission shall close the charge and forward to the Equal Employment Opportunity Commission ("EEOC") for determination as to whether the EEOC will prosecute the matter and/or for the issuance of a Right to Sue Letter.

On Behalf of the Commission,

_____
Kara M. Jenkins, Administrator

PEREZ 000017