# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANDRA M. MEZA-PEREZ,

    Plaintiff(s),

v.

SBARRO LLC, et al.,

    Defendant(s).

Case No.: 2:19-cv-00373-APG-NJK

**ORDER**

(Docket No. 138)

Pending before the Court is Plaintiff's motion to compel against Defendant Zachary Ceballes. Docket No. 138. Plaintiff seeks to compel Defendant to provide complete responses to deposition questioning and interrogatories. *Id.* at 1. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 138, 140, 143. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

This case arises from, *inter alia*, allegations of sexual harassment and hostile work environment. *See* Docket No. 7 at 6–44. On February 26, 2020, Defendant testified at his deposition that he and Plaintiff had engaged in sexual relations at their place of work, Sbarro, while he was her manager. Docket Nos. 138 at 2, 138-2 at 11, 12. Defendant also testified that Plaintiff was not the only Sbarro employee with whom he had engaged in sexual relations while he was a manager. Docket Nos. 138 at 2, 138-2 at 11, 12. On his counsel's instruction, Defendant refused to disclose the identity of any other employees due to privacy concerns. *See* Docket No. 138-2 at 3–4. On March 20, 2020, Defendant refused to identify, in response to Plaintiff's interrogatories, any other Sbarro employee with whom he had engaged in sexual relations while he was employed at Sbarro, again due to privacy concerns. *See* Docket No. 138-3 at 3. Defendant similarly refused to identify any employees of the Monte Carlo Hotel or the food court with whom he had engaged

1

in sexual relations while he was employed at Sbarro. *Id.* 3–4. Discovery closed March 25, 2020. *See* Docket No. 147. Plaintiff filed her motion to compel that same day. Docket No. 138.

## II.  ANALYSIS

This Court has broad discretion to permit or deny discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The scope of discovery is limited to nonprivileged matter relevant to a party's claim or defense and is proportional to the needs of the case. Fed.R.Civ.P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why the discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party that resists discovery must detail, through "specific examples and articulated reasoning," why each discovery request is objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006); *see also F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013).

Plaintiff's motion focuses on interrogatories rather than the questions asked at Defendant's deposition. *See* Docket No. 138 at 4–7. Thus, the Court's analysis does the same. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (noting that Courts address only sufficiently developed arguments). Plaintiff moves to compel Defendant to "supplement his responses to [Plaintiff's Interrogatory Nos. 11 and 12] by revealing the identity of the other employee at Sbarro that he engaged in sexual relations with." *See* Docket No. 138 at 2.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2). Interrogatories are intended "to enable a party to prepare for trial, to narrow the issues, and thus help determine what evidence will be needed at the trial, and to reduce the possibility of surprise at the trial." 8B Fed. Prac. & Proc. Civ. § 2162 (3d ed.). "Toward [those ends], Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even [if] the information may not be admissible at the trial." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635 (C.D. Cal. 2005). The Court analyzes the two disputed interrogatories in turn.

A.  <u>Interrogatory No. 11</u>

> Please state whether you had any sexual relations with any employee of Sbarro Pizza during the duration of your employment with Sbarro Pizza. If so, please state the number of employees you had sexual

>relations with, the names of the employees, the number of times you had sexual relations with each employee, whether the sexual encounters were consensual, and where the sexual encounters took place.

Docket No. 138 at 3. Defendant partially answered this interrogatory, stating that he had "had regular sexual relations . . . with Plaintiff" but objecting to the part relating to other employees "on the grounds that it is not calculated to lead to the discovery of information relevant" to this case and because it "seeks disclosure of personal and private information of third parties" not implicated in Plaintiff's allegations. Docket No. 138-3 at 3.

Defendant submits two lines of argument. First, Defendant submits that the information sought by this interrogatory is not relevant because it is "delv[ing] into the private affairs of persons not a party to this case." Docket No. 140 at 4. Second, Defendant submits that he and "Ann Riko aka Elizabeth Riko" and "Ana Romero"—two witnesses listed in Plaintiff's initial disclosures but who have never been deposed[1]—or any other third party "has the right to maintain private whom they have had sex with in [or] outside of the workplace." *Id.* at 3. Defendant further submits that (1) to require Defendant "to disclose who he had sex with at work," other than with Plaintiff, "would unnecessarily encroach on those privacy rights of persons not a party to this case" and (2) that "requiring disclosure could . . . expose [Defendant] to legal claims by those same person(s) alleging he breached their expected privacy rights." *Id.* (emphasis removed).

As an initial matter, Plaintiff's motion requests only that the Court compel Defendant to supplement his responses by revealing the identity of the other employee at Sbarro with whom he engaged in sexual relations. Docket No. 138 at 4. Moreover, Plaintiff makes no argument, let alone a sufficiently developed one, about the relevance of the information sought by this interrogatory beyond identity. Thus, the Court will limit its analysis to the request for the identity. *See Kor Media Grp.*, 294 F.R.D. at 582 n.3.

The Court finds that Defendant has failed to sufficiently demonstrate why he should not have to respond to the identity request in this interrogatory. Stating only that the information

---

[1] Although Plaintiff listed these names in her initial disclosures as two separate people, Plaintiff now uses these names in her reply as if she is a single person with multiple possible names. *See* Docket No. 143 at 2–3.

3

sought by this interrogatory is not relevant because it would delve into the private affairs of third parties makes little sense and is unpersuasive.  It is at least plausible that learning the identities of other Sbarro employees who engaged in sexual relations with Defendant while he was employed there could reasonably lead to the discovery of admissible evidence.  *See Oppenheimer Fund v.. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).  As for Defendant's purported privacy interest about his workplace sexual partners, Defendant fails to make a sufficiently developed argument; his argument focuses only on the fact that any disclosure would encroach on others' privacy interests.  *See* Docket No. 140 at 4.  However, Defendant fails to explain why a "CONFIDENTIAL" designation, under the parties' protective order at Docket No. 51 or an amended protective order, would not sufficiently protect any privacy concerns related to any third party.  *See Soto v. City of Concord,* 162 F.R.D. 603, 617 (N.D. Cal. 1995) (collecting cases); *see also Garcia v. Serv. Employees Int'l Union*, 2019 WL 8750274, at *3–4 (D. Nev. May 23, 2019); Fed.R.Civ.P. 26(c)(1).  Thus, Defendant fails to adequately demonstrate why he should not have to disclose the name of any Sbarro employee with whom he engaged in sexual relations while he worked at Sbarro.  The Court will therefore grant Plaintiff's motion as to this portion of Interrogatory No. 11 and deny Plaintiff's motion as to the rest of Interrogatory No. 11.

B. Interrogatory No. 12

> Please state whether you had any sexual relations with any employee of the Monte Carlo Hotel or employee of the food court at the Monte Carlo during the duration of your employment with Sbarro Pizza. If so, please state the number of employees you had sexual relations with, the names of the employees, the number of times you had sexual relations with each employee, whether the sexual encounters were consensual, and where the sexual encounters took place.

Docket No. 138 at 3.  Defendant objected to this interrogatory on the same grounds that he did for Interrogatory No. 11.  Docket No. 138-3 at 3–4.  Plaintiff's motion, however, requests only that the Court compel Defendant to supplement his responses to reveal the identity of the other employee **at Sbarro** with whom he engaged in sexual relations.  Docket No. 138 at 4 (emphasis added).  This interrogatory pertains not to employees of Sbarro but of "the Monte Carlo Hotel or [] the food court [there]."  *Id.* at 3.  Since the relief that Plaintiff's motion requests does not include the scope of the information sought by this interrogatory and since Plaintiff submits no argument

4

specific to this interrogatory, the Court will deny Plaintiff's motion as to this interrogatory. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. at 582 n.3.

### III. CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel. Docket No. 138. The Court **ORDERS** Defendant to provide to Plaintiff, no later than July 22, 2020, the names of any Sbarro employee with whom he engaged in sexual relations while he worked at Sbarro.

IT IS SO ORDERED.

Dated: July 13, 2020

_____
Nancy J. Koppe
United States Magistrate Judge