1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SANDRA M. MEZA-PEREZ,

      Plaintiff(s),

v.

SBARRO LLC, et al.,

      Defendant(s).

Case No.: 2:19-cv-00373-APG-NJK

**ORDER**

On November 13, 2019, the Court granted in part and denied in part Defendant Sbarro's motion to compel and granted its request for costs and fees associated with its motion to compel. Docket No. 97. The Court ordered Defendant to file an affidavit of costs and fees associated with filing its motion to compel and ordered Plaintiff to file a response. *Id.* at 6. The parties complied. *See* Docket Nos. 98, 116.

## I.   LODESTAR CALCULATION

The amount of fees awardable under Fed.R.Civ.P. 37 is determined by using the familiar lodestar approach. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013). Under that approach, the Court determines a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1] The Court must independently review a fee request even absent objection. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

    A.   Reasonable Hours

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the time spent was reasonable. *See, e.g.*, *Marrocco*, 291 F.R.D. at 588. The Court has

---

[1] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

great discretion "in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (citation omitted). The reasonableness of hours spent depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related if due to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433. The movant "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d at 1401. In determining the reasonableness of hours spent on discovery motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

Defendant seeks to recover attorneys' fees for 42 hours spent by attorney Kelsey E. Stegall and paralegal John J. Stafford on these tasks:

| Date | Name | Task | Hours Spent |
|---|---|---|---|
| 09/21/2019 | Stegall | "Legal research on the motion to exclude witnesses." | 1.25 |
| 09/22/2019 | Stegall | "Draft the meet and confer letter to opposing counsel regarding the witnesses' contact information." | 1.50 |
| 09/25/2019 | Stafford | "Research issue of excluding witnesses prior to trial who the plaintiff names, but would not provide contact information for." | 3.50 |
| 09/27/2010 | Stegall | "Strategize as to whether a motion to compel or a motion in limine would be a better vehicle to force the plaintiff to produce her witnesses' contact information." | 0.25 |
| | | "Meet and confer with Ms. Hill regarding the deficient contact information for her identified witnesses." | 0.50 |
| | | "Summarize the meet and confer call with Ms. Hill in preparation of drafting a declaration to attach to a motion to compel." | 0.75 |
| | | "Correspond with opposing counsel regarding the two meet and confer letters that were sent earlier in the week." | 0.50 |
| 10/01/2019 | Stegall | "Begin the draft of the motion to compel the plaintiff's witnesses' contact information." | 3.50 |
| 10/02/2019 | Stegall | "Continue to prepare the motion to compel the plaintiff's witness's [sic] contact information." | 4.00 |
| | | "Continue to prepare the motion to compel the witnesses' contact information including the drafting of a declaration." | 2.25 |
| | | "Revise the motion to compel witnesses' contact information." | 2.00 |
| 10/03/2019 | Stegall | "Finalize the motion to compel the witnesses' contact information." | 3.50 |
| | | "Finalize the declaration and the exhibits to include with the motion to compel." | 1.00 |

| 10/04/2019 | Stegall | "Correspond with Ms. Hill regarding her meet and confer obligations related to the plaintiff's witnesses' contact information." | 1.00 |
|---|---|---|---|
| | | "File the motion to compel the witnesses' contact information." | 0.25 |
| 10/07/2019 | Stegall | "Correspond with Ms. Hill regarding scheduling a further meet and confer conference regarding her witnesses' contact information." | 0.50 |
| 10/11/2019 | Stegall | "Correspond with Ms. Hill and Ms. Sull regarding the additional meet and confer." | 0.25 |
| 10/15/2019 | Stegall | "Strategize the reply to the motion to compel contact information in anticipation to the plaintiff's opposition." | 0.25 |
| 10/16/2019 | Stegall | "Prepare the opposition to the plaintiff's motion to extend." | 4.25 |
| | | "Review and analyze the plaintiff's filings in response to the motion to compel." | 0.25 |
| 10/17/2019 | Stegall | "Finalize the opposition to the motion to extend time in preparation of filing." | 1.75 |
| 10/18/2019 | Stegall | "Review and analyze the plaintiff's opposition to the motion to compel contact information." | 0.75 |
| 10/19/2019 | Stegall | "Prepare the reply to the motion to compel contact information." | 2.00 |
| 10/20/2019 | Stegall | "Continue the draft of the reply to the motion to compel contact information by drafting the legal argument section and the declaration." | 6.25 |
| | | **Total Hours** | **42.00** |

Docket No. 98-2 at 2–3.

The Court finds that not all of this time is recoverable. First, the descriptions for September 21 and 25 pertain to Defendant's request to exclude Plaintiff's use of witnesses, *see* Docket No. 67, which the Court denied, *see* Docket No. 97 at 4. Ms. Stegall cites to no authority providing that parties are entitled to attorneys' fees for a later-denied request. Thus, the Court finds that time spent on Defendant's denied request cannot be reasonably recovered. Second, Defendant seeks to recover for time spent "strategizing" about whether to file a motion to compel versus a motion in limine to "force" Plaintiff "to produce her witnesses' contact information." Docket No. 98-2 at 2. Ms. Stegall also fails to cite to authority for this request and fails to establish that this "strategizing" figured into the substance of Defendant's motion to compel. Thus, the Court finds that it would be unreasonable for Plaintiff to have to pay for Defendant's decision over whether to file a motion to compel. Third, Defendant seeks to recover for the time spent relating to the meet and confer process. However, the case law in this District has long been clear that such time is not recoverable absent unusual circumstances. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *6 & n.12 (D. Nev. Sept. 20, 2013) (collecting cases). None exists here. Finally, Defendant seeks to recover for time spent opposing Plaintiff's motion to extend her deadline to respond to Defendant's

motion to compel.  Ms. Stegall cites to no authority providing that parties are entitled to such time spent.  The Court granted in part Plaintiff's motion to extend and thus finds that this time cannot be reasonably recovered.

Excising the above time, Defendant seeks 26 hours—16.50 for drafting and filing the motion to compel and 9.50 for strategizing for, and drafting and filing, the reply.  *See* Docket No. 98-2 at 2–3.  As a general matter, this time is recoverable as reasonably incurred in relation to the motion to compel.  At the same time, the record reflects billing in quarter-hour increments.  *See id.*  Courts generally look with disfavor on such billing because it is a less reliable indicator of the time actually expended than billing in tenth-hour increments.  *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948-49 (9th Cir. 2007); *see also Pool v. Gail Willey Landscaping, Inc.*, 2017 WL 343640, at *2 (D. Nev. Jan. 23, 2017) (finding quarter-hour billing to be "worrisome").  The use of the quarter-billing increments—along with some vague entries at issue, such as the 3.5 hours it took to "begin the draft of the motion to compel," and the relative straightforwardness of the relevant discovery dispute—warrants a 40% reduction in the recoverable hours.  Thus, after taking out this unrecoverable time, the Court finds that 15.6 hours of Ms. Stegall's time is recoverable and that 0 hours of Mr. Stafford's time is recoverable.[2]

B.    Reasonable Hourly Rate

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar.  The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested.  *Camacho*, 523 F.3d at 980.  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers

---

[2] Plaintiff requests that the Court consider "her indigent status" in "awarding [Defendant] its reasonable attorneys' fees."  Docket No. 116 at 4.  No further detail is provided, and such a bald assertion cannot establish unjust circumstances rendering an award of attorneys' fees inappropriate here.  As explained above, the Court is awarding a fraction of the attorneys' fees that Defendant seeks, which further militates against finding an award of fees unjust.  *See, e.g., Garcia v. Serv. Employees Int'l Union*, 2019 WL 8750276, at *1 n.3 (D. Nev. Jan. 17, 2019), *reconsideration denied*, 2019 WL 8750274 (D. Nev. May 23, 2019).

of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Ms. Stegall has almost four years of litigation experience and focuses her practice on labor and employment law. *See* Docket No. 98 at 2. Defendant is seeking to recover at Ms. Stegall's standard hourly rate, which is $265.00. *Id.* Plaintiff does not provide a counter-affidavit or argument relating to the reasonableness of Ms. Stegall's hourly rate. Accordingly, the Court concludes that Plaintiff does not object to her hourly rate. Further, the Court, based on its own familiarity with attorneys in this District, concludes that an hourly rate of $265.00 is reasonable in this case. *See, e.g.*, *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710, at *2 (D. Nev. Oct. 30, 2013). Thus, the reasonable rate for Ms. Stegall is $265.00.

## II.   CONCLUSION

Accordingly, the Court awards Defendant attorneys' fees of $4134.00. Plaintiff must make payment no later than September 28, 2020.

IT IS SO ORDERED.

Dated: August 13, 2020

_____
Nancy J. Koppe
United States Magistrate Judge