UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA M. MEZA-PEREZ,<br><br>　　Plaintiff<br><br>v.<br><br>SBARRO LLC, et al.,<br><br>　　Defendants | Case No.: 2:19-cv-00373-APG-NJK<br><br>**Order (1) Granting Motion for Sanctions Under Rule 11 and (2) Denying Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Powers**<br><br>[ECF Nos. 90, 122] |

When plaintiff Sandra Meza-Perez amended her complaint in this quid pro quo sexual harassment case, she added defendant Dana Dorado, the director of human resources for defendant Sbarro, LLC. Meza-Perez alleged that she was repeatedly sexually harassed and assaulted while working for a Sbarro Pizza location on the Las Vegas Strip. In the amended complaint, she alleges that Dorado knew about the mistreatment Meza-Perez was suffering and allowed it to continue. Six months later, Meza-Perez voluntarily dismissed Dorado from the case.

Dorado filed two motions for sanctions against Meza-Perez's counsel,[1] one under Federal Rule of Civil Procedure 11 and the other under 28 U.S.C. § 1927. Both motions argue that attorneys Melanie Hill and Hardeep Sull failed to adequately investigate their client's case before suing Dorado, and that Hill and Sull unreasonably maintained the case against Dorado after being presented with objective evidence that the claims against Dorado were false. The parties

---

[1] Hardeep Sull and Melanie Hill represented Meza-Perez at the beginning of the case. In December 2019, Meza-Perez added attorneys from the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP to represent her. Hill withdrew as counsel in May 2020, but Sull is still part of Meza-Perez's legal team. Dorado's motions are directed and Hill and Sull only, so I limit my analysis to their conduct. Any reference to plaintiff's counsel is to Hill and Sull only and my ruling is limited to them.

are familiar with the facts, so I do not repeat them here except where necessary to resolve the motions. Because Hill and Sull should have discovered that the allegations against Dorado were false before filing the amended complaint, I grant Dorado's Rule 11 motion. But Dorado has not shown that sanctions under § 1927 are warranted, so I deny her second motion.

**I.      ANALYSIS**

**A.      Rule 11 Motion**

An attorney is subject to Rule 11 Sanctions "when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'" *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)). Whether an attorney has complied with this obligation is measured under "an objective standard of reasonableness under the circumstances." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986) (quotation omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."). Thus, "[i]f, judged by an objective standard, a reasonable basis for the position exists in both law and fact at the time that the position is adopted, then sanctions should not be imposed." *Golden Eagle*, 801 F.2d at 1538. Rule 11 sanctions raise "two competing concerns: the desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 156, 1159–60 (9th Cir. 1987); *see also Golden Eagle*, 801 F.2d at 1540 (stating that the rule "is not intended to chill an attorney's enthusiasm or creativity . . . ." (quotation omitted)).

"An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and existing law . . . and that it is not filed for an improper purpose."

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). For this reason, attorneys have a duty to "conduct a reasonable factual investigation" before filing a complaint. *Id.* When a complaint is the main focus of a Rule 11 motion, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id.* (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

Dorado argues that the allegations against her are factually baseless and that Hill and Sull failed to conduct a reasonable and competent inquiry before filing the amended complaint. Had they done so, Dorado argues, they would have discovered that the allegations were factually impossible. Hill and Sull respond that they conferred with their client before filing the amended complaint and that the Nevada Equal Rights Commission (NERC) found probable cause against Sbarro, so it was reasonable to add Dorado to the amended complaint.

The amended complaint raises 21 causes of action, 13 of which are against "All Defendants." ECF No. 7 at 12–44. Meza-Perez's theory against Dorado was that Dorado, as a human resources executive with Sbarro, knew about the repeated sexual misconduct Meza-Perez suffered and not only failed to stop it but actively allowed it to happen. But the timeline established on the face of the amended complaint shows that this theory cannot be true. Meza-Perez alleges that she was first assaulted in May or June 2016. *Id.* at 9. Meza-Perez's NERC charge indicates that she stopped having sex with her manager in December 2016. ECF No. 7-4 at 3. In March 2017, she contacted Dorado for the first time about an unrelated issue. ECF No. 7 at 9–10. By Meza-Perez's own allegations, it was not until April 2017 that she reported the sexual assaults to Dorado, and she quit the following month. *Id.* at 10–11. So according to the amended complaint, Meza-Perez did not inform Dorado of the alleged sexual assaults until four

1  months after the assaults stopped.  Given this timeline, the allegations that Dorado conspired
2  with Meza-Perez's supervisors to allow them to continue to assault and harass Meza-Perez are
3  objectively false.  Moreover, the allegations that Dorado ignored the complaints once reported
4  were objectively false as well, as seen from Dorado's prompt follow-up emails on both days that
5  Meza-Perez made her complaints. ECF No. 90-1 at 7.

6  Not only were the allegations against Dorado objectively false, but a reasonable inquiry
7  would have revealed that.  Hill and Sull contend that they went over the case with their client
8  before filing the amended complaint, but they apparently made no other factual investigation
9  before asserting claims against Dorado.  "[E]ven minimal due diligence" would have revealed
10 the impossibility of Meza-Perez's allegations against Dorado, especially considering that a close
11 reading of the amended complaint leads to serious questions about the timeline of events. *See*
12 *Christian*, 286 F.3d at 1129.  And Sull represented Meza-Perez in the NERC investigation in
13 2017, meaning that she was aware of the timeline when she filed the amended complaint two
14 years later.

15 Hill and Sull also argue that they reasonably relied on NERC's probable cause
16 determination in filing the amended complaint.  But neither the NERC determination nor Meza-
17 Perez's charge of discrimination had anything to do with Dorado.  She is not mentioned in the
18 charge of discrimination and the determination concludes that there is probable cause to support
19 a charge of sex discrimination against Sbarro and Meza-Perez's manager.  This does not help
20 Hill and Sull show that they conducted an inquiry into the facts of the claims against Dorado
21 before filing the amended complaint.  I therefore grant Dorado's motion for Rule 11 sanctions.

22 In deciding what sanction to impose, I must limit the award "to what suffices to deter
23 repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P.

4

11(c)(4). Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Cooter & Gell v. Hartmarx Corp.*, 496 U.SS. 384, 405 (1990); *see also* Fed. R. Civ. P. 11(c)(2). "Rule 11 is an extraordinary remedy, one to exercise with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quotation omitted).

Here, monetary sanctions are justified. Hill and Sull conducted no factual investigation into Meza-Perez's claims and signed a complaint asserting serious, yet factually impossible, allegations against Dorado. Moreover, Sull represented Meza-Perez during the NERC investigation, meaning she was or should have been aware of the timeline of events long before adding Dorado to the amended complaint. Hill and Sull were served a safe harbor letter and failed to correct the problem.[2] Because the claims against Dorado should not have been filed in the first place, the appropriate sanction to deter similar conduct in the future is for Hill and Sull to pay Dorado's reasonable fees in defending the litigation against her.

**B.     Section 1927 Motion**

Nearly two months after being voluntarily dismissed from the case, Dorado moved for additional sanctions against Hill and Sull, arguing that they improperly multiplied proceedings by opposing Dorado's motion to dismiss before ultimately abandoning the claims against her. I have discretion to award "the excess costs, expenses, and attorneys' fees reasonably incurred"

---

[2] The safe harbor letter pointed out that the claims against Dorado were impossible given that Meza-Perez did not tell Dorado about what was happening until long after the abuse ended. ECF No. 90-3 at 2–3. Hill and Sull responded to the safe harbor letter and offered to correct a mistake in the cause of action headings, but that offer missed the letter's point. ECF No. 95-1 at 5–6. The request was not to clarify what causes of action were brought against Dorado, but rather to remove Dorado from the case entirely.

when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This sanction applies "only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan*, 78 F.3d at 435. It does not apply to the filing of a complaint. *Id.* To be sanctioned under § 1927, the attorney must have acted in bad faith. *Id.* "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quotations omitted).

I am not convinced that Hill and Sull's conduct was sanctionable under § 1927. The statute cannot be used to sanction counsel for filing a frivolous complaint. But even if there were a § 1927 violation, Dorado is already receiving the remedy available under the statute. The statute limits sanctions for violations to "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." My Rule 11 sanction will compensate Dorado for those costs. I therefore deny motion for sanctions under § 1927.

## II.     CONCLUSION

I THEREFORE ORDER that Dana Dorado's motion for sanctions under Rule 11 **(ECF No. 90) is GRANTED**. Plaintiff's former counsel Melanie Hill and current co-counsel Hardeep Sull are jointly and severally liable for a sanction in the form of Dorado's reasonable attorneys' fees and costs incurred in defending the litigation against her. The parties must confer about the amount of those fees and costs by October 28, 2020. If they agree on the amount, they shall file a stipulation. If no agreement is made, Dorado may file a motion with supporting affidavits and appropriate documentation requesting reasonable attorneys' fees and costs. That motion shall be filed by November 13, 2020. The normal briefing schedule will apply to responses and replies.

/ / / /

/ / / /

I FURTHER ORDER that Dana Dorado's motion for sanctions under 28 U.S.C. § 1927 **(ECF No. 122) is DENIED.**

DATED this 30th day of September, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE