PATRICK H. HICKS, ESQ., Bar # 04632
KELSEY E. STEGALL, ESQ., Bar # 14279
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:     702.862.8800
Fax No.:        702.862.8811
Email: phicks@littler.com
           kstegall@littler.com

Attorneys for Defendants
SBARRO, LLC dba SBARRO PIZZA, SBARRO, INC. dba
SBARRO PIZZA

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA M. MEZA-PEREZ,<br><br>               Plaintiff,<br><br>vs.<br><br>SBARRO LLC dba SBARRO PIZZA, a foreign limited liability company, SBARRO, INC. dba SBARRO PIZZA, a foreign corporation, ZACHARY CEBALLES, an individual , and JESUS ALATORRE, an individual,<br><br>               Defendants. | Case No. 2:19-cv-00373-APG-NJK<br><br>**JOINT PRETRIAL ORDER** |

After pretrial proceedings in this case,

IT IS ORDERED:

## I.

### NATURE OF ACTION AND RELIEF SOUGHT

This is an action for civil damages brought by Plaintiff Sandra M. Meza-Perez ("Plaintiff"), under Title VII, the FLSA, analogous Nevada law, and various Nevada tort claims against Defendants Sbarro LLC and Sbarro, Inc. ("Sbarro"); Zachary Ceballes ("Ceballes"); Efrain Hernandez

("Hernandez"); and Jesus Alatorre ("Alatorre")[1] (collectively "Defendants").

Consistent with this Court's Order granting in part Defendants' Motion for Summary Judgment, the claims proceeding to trial are: battery, false imprisonment, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress against Ceballes in his individual capacity; and sexual harassment/hostile work environment and retaliation against Sbarro. *See* (ECF No. 181). Pursuant to this Order, Hernandez has effectively been dismissed from the lawsuit. *See* (*id.*).

Plaintiff is seeking monetary damages, statutory damages under Title VII and Nevada law, damages for her tort claims, emotional distress damages, attorney fees and lost wages and other economic and noneconomic damages under Nevada and Federal Law.

## CONTENTION OF PARTIES

### PLAINTIFF'S CONTENTIONS

Defendant Ceballes hired Plaintiff, her family members and friend to work at Sbarro. Plaintiff was forced to engage in coerced quid pro quo sexual conduct with Defendant Ceballes, the General Manager of one of the most profitable Sbarro stores in Las Vegas and Plaintiff's direct supervisor, while working at Sbarro.

Specifically, Plaintiff alleges that Defendant Ceballes raped her in the walk-in cooler and was forced to have oral sex in the office and was harassed during store hours over a period of approximately seven months while simultaneously threatening to terminate Plaintiff and deport her and other members of her family that he had hired, and continued to do so even upon her transfer to Bally's Sbarros. Plaintiff further alleges that Defendant Ceballes began sexually harassing her by raping her and forcing her to have oral sex after she engaged in the protected activity of informing him of sexual harassment by Defendants Hernandez and Alatorre. Therefore, Ceballes retaliated against Plaintiff by forcing her to have sex with him, and later transferring her to another store, where he knew that she was relegated to the graveyard shift, in retaliation for refusing to engage in forced sex, sex and oral sex. In December 2016, Sandra was put on notice that she was going to be transferred to the Bally's Sbarros location where Sheldon Stern was the General Manager.

Plaintiff unequivocally contends that her attempted and actual complaints of sexual harassment

---

[1] A Clerk's Entry of Default was entered against Alatorre on October 22, 2019, (ECF No. 82).

to Sbarro went ignored, and that she suffered a tangible adverse employment action at the hands of Ceballes, her supervisor and General Manager was known for selling illegal products such as jello shots and was known to be a sexual predator; and, therefore, Sbarro is liable for violations of Title VII and analogous state law for sexual harassment, creating a hostile work environment and retaliating against Plaintiff. The adverse employment action had a causal link to the protected activity, thereby substantiating Plaintiff's retaliation claim. In addition, the *Ellerth/Fragher* affirmative defense does not apply because Sbarro (1) failed to exercise reasonable care to prevent or correct the harassing behavior and (2) Plaintiff exercised reasonable care in taking advantage of preventive or corrective opportunities by reporting the harassing conduct to her immediate supervisors on multiple occasions and (3) Plaintiff reported this conduct to the Nevada Equal Rights Commission who subsequently put Sbarro on notice again.

Any alleged failures or delays by Plaintiff to report Ceballes' misconduct was due to Plaintiff's fear that Sbarro would contact Immigration Customs Enforcement in an effort to have her deported, as Defendant Ceballes had threatened to do on several occasions if Plaintiff refused to engage in the heinous sexual acts against her will. Plaintiff is entitled to all relief sought pursuant to law and equity, based upon the operative pleadings, and subject to proof at trial.[2]

**DEFENDANTS' CONTENTIONS**

Sbarro denies the allegations in their entirety and Plaintiff's version of the facts. Specifically, Sbarro denies that it violated Title VII or analogous Nevada law in creating a hostile work environment because the *Ellerth/Faragher* affirmative defense applies. Moreover, Defendant contends that Plaintiff did not suffer an adverse employment action, and even if she did, it had no causal link to her alleged protected activity, dismantling her retaliation claim.

Ceballes also denies the allegations against him and Plaintiff's version of the facts. Specifically, Ceballes maintains that the relationship between he and Plaintiff was completely consensual, and Plaintiff's tort allegations are purely fabricated.

/ / /

/ / /

---

[2] Plaintiff reserves the right to seek leave to amend the pleadings to conform to proof at trial.

## II.

## STATEMENT OF JURISDICTION

Jurisdiction over Plaintiff's Title VII claim is proper pursuant to 28 U.S.C. § 1331 and 1343(a) because the lawsuit asserts claims under federal law and seeks to recover damages and equitable relief under a federal civil rights statute.  Supplemental jurisdiction over Plaintiff's Nevada state law claims is proper under 28 U.S.C. §1367(a) because the state law claim is so related to the federal claims that they form part of the same case or controversy.

## III.

## THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

The parties have agreed to the following stipulated facts:

1. Plaintiff and  her family members and friend obtained employment at Sbarro in 2016.

2. Plaintiff initially worked at Sbarro's Monte Carlo location in the role of cook.

3. Ceballes worked for Sbarro in the role of General Manager at the Monte Carlo location during the same time that Plaintiff worked at that location.

4. Ceballes hired Plaintiff,

5. Shortly after Plaintiff started working at the Monte Carlo location, Ceballes and Plaintiff engaged in sexual activities solely during store hours in the walk-in cooler of the store and in the Ceballes' Manager's Office.

6. In early January of 2017, Plaintiff was transferred to the Bally's location from the Monte Carlo location.

7. On March 9, 2017, Plaintiff contacted Sbarro's Human Resources department and spoke to Dana Dorado ("Dorado") to complain about not getting enough hours to work and about employees stealing at the Monte Carlo location.

8. On March 16, 2017, Plaintiff called Dorado to complain that her general manager at the Bally's location had become upset with her for leaving her shift early.

9. On April 17, 2017, Plaintiff filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC").

10.     On April 18, 2017, the day that Plaintiff left the voicemail with Sbarro's Human Resources department, Dorado reached out to Plaintiff to initiate an investigation into her complaint.

11.     The last day that Plaintiff worked at Sbarro was April 21, 2017.

**IV**.

**THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY**

1.     None.

**V.**

**THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL.[3]**

**PLAINTIFF'S PROPOSED ISSUES OF FACT[4]**

1.     Whether Ceballes engaged in sexual misconduct with Plaintiff.

2.     Whether the sexual encounters between Ceballes and Plaintiff constituted quid pro quo sexual harassment.

3.     Whether Ceballes threatened Plaintiff with termination, deportation, and physical harm if she refused to engage in sexual intercourse with Plaintiff?

4.     Whether Ceballes used his position of authority to intimidate Plaintiff to perform and engage in sexual acts with him?

5.     Whether Ceballes was Plaintiff's supervisor for purposes of vicarious liability under Title VII.?

6.     Whether Ceballes possessed the ability to hire and fire employees.

7.     Whether Ceballes controlled the work environment.

---

[3]  Should the attorneys or parties be unable to agree on the statement of issues of fact, the joint pretrial order should include separate statements of issues of fact to be tried and determined upon trial.

[4]  Plaintiff respectfully requests that any failure to "unerringly distinguish" between issues of fact and  law due to the "vexing nature of the distinction between questions of fact and questions of law," be  treated as corresponding questions of fact and questions of law. *Pullman-Standard v. Swint*, 456 U.S. 273, 288, 102 S. Ct. 1781, 1790, 72 L. Ed. 2d 66 (1982).

8.      Whether the Monte Carlo location was one of Sbarro's most profitable stores.

9.      Whether Ceballes was recognized on several occasions with awards and bonuses as a result of the Monte Carlo location's performance.

10.     Whether Ceballes had previously engaged in a sexual activities  with other female subordinates during his tenure as General Manager at the Monte Carlo location.

11.     Whether Plaintiff primarily worked the morning shift at the Monte Carlo location.

12.     Whether Plaintiff primarily worked the graveyard shift at the Bally's location after she was transferred from the Monte Carlo location.

13.     Whether Ceballes retaliated against Plaintiff as a result of Plaintiff refusing to engage in sexual encounters with Ceballes?

14.     Whether Ceballes retaliated against Plaintiff when she reported sexual harassment by Defendants Hernandez and Allatore?

15.     Whether Ceballes violated Sbarro's Open Door Policy by failing to report Plaintiff's allegations of sexual harassment by Hernandez and Allatore to Human Resources.

16.     Whether Ceballes was aware that Plaintiff would work the graveyard shift at Bally's when he transferred her to that store?

17.     Whether Plaintiff attempted to report Ceballes' sexual misconduct to Bally's store manager Sheldon Stern when she was transferred.

18.     Whether Stern violated Sbarro's Open Door Policy by refusing to entertain complaints relating to another store?

19.     Whether Plaintiff was dissuaded by Stern's reaction from bringing her concerns about sexual harassment to his attention or the attention of Sbarro Human Resources?

20.     Whether Alda Cadacio violated Sbarro's Open Door Policy by failing to report Plainitff's allegations of sexual harassment by Ceballes to Stern or Human Resources?

21.     Whether Plaintiff suffered a tangible employment action in connection with the transfer to Bally's and reassignment to the graveyard shift?

22.     Whether Plaintiff suffered a tangible employment action in connection with Ceballes forcing Plaintiff to engage in sexual conduct with him after she reported sexual harassment by

Hernandez and Allatore.

23.     Whether Plaintiff received Dorado's e-mail from March 10, 2017?

24.     Whether Plaintiff did not agree to be interviewed by Dorado because she feared deportation due to Ceballes' earlier threats?

25.     Whether Sbarro had actual or constructive knowledge of the sexual harassment against Plaintiff.

26.     Whether Sbarro rewarded Ceballes with bonuses and recognition for his high performing Sbarro store.

27.     Whether the sexual harassment by Ceballes constituted intolerable working conditions for Plaintiff, such that she was subjected to a hostile working environment and sexual harassment.

28.     Whether Sbarro failed to exercise reasonable care to prevent and correct harassing behavior.

29.     Whether Plaintiff reasonably took advantage of the preventive or corrective opportunities that the employer provided.

30.     Whether Plaintiff undertook protected activities when she reported incidents of sexual harassment to her supervisors.

31.     Whether Plaintiff engaged in a protected activity when she told Ceballes that she would no longer cede to his sexual demands.

32.     Whether Plaintiff was subjected to adverse employment actions in connection with protected activities.

33.     Whether Plaintiff was retaliated against as a result of her transfer to Bally's and/or change of shift to the graveyard shift.

34.     Whether Plaintiff was retaliated against as a result of reporting sexual misconduct to Ceballes by Hernandez and Allatore.

35.     Whether Plaintiff's delayed reporting to Human Resources was reasonable under the circumstances.

36.     Whether Sbarro is liable for Hernandez and Alatorre's harassment because Plaintiff reported their misconduct to Ceballes, and he failed to address it.

37.     Whether there was a non-standard locking device on inside of the door to the walk-in cooler that precluded any persons from entering while the sexual misconduct was occurring.

38.     Whether Sbarro was on notice of Ceballes' sexually harassing proclivities, and whether the culture in the workplace was that Ceballes was known for his sexual inuendos and sexual behavior.

**SBARRO'S PROPOSED ISSUES OF FACT**

1.     Whether Ceballes committed any alleged and unwanted sexual misconduct against Plaintiff.

2.     When did the conduct between Ceballes and Plaintiff cease.

3.     Whether Plaintiff's working conditions at the Monte Carlo were so intolerable that a reasonable person would have felt compelled to resign even though Plaintiff resigned four months after working at the Bally's location.

4.     Whether Plaintiff reported Hernandez's and Alatorre's purported misconduct to Ceballes.

5.     Whether Plaintiff told Ceballes in December 2016 that she would no longer cede to his demands to have sex.

6.     How and why was the decision made to transfer Plaintiff to the Bally's location?

7.     Whether Plaintiff reported Ceballes's alleged sexual misconductt to assistant store manager Alda Cadacio.

8.     Whether Sbarro's efforts and actions to prevent and correct harassment established a reasonable mechanism for prevention and correction.

9.     Whether Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Sbarro.

10.     Whether Plaintiff engaged in any protected activity.

11.     Whether Plaintiff's transfer to Bally's was causally linked to her alleged protected activity.

**CEBALLES'S PROPOSED ISSUES OF FACT**

1.     Whether there was a willful and unlawful use of force or violence upon Plaintiff that caused a harmful or offensive contact with her.

2.      Whether Ceballes intended to cause harmful or offensive conduct.

3.      Whether the conduct was unwelcome.

4.      Whether Ceballes acted with the intention to confine Plaintiff against her will within boundaries that were fixed by Ceballes.

5.      Whether Plaintiff was placed in reasonable apprehension of unwelcome immediate harmful or offensive touching.

6.      Whether Ceballes acted with extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.

7.      Whether Plaintiff suffered severe or emotional distress as a result of nonconsensual conduct by Ceballes.

**VI.**

**THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL.[5]**

**PLAINTIFF'S ISSUES OF LAW[6]**

1.      Plaintiff was forced to engage in non-consensual sexual relations with Ceballes.

2.      Whether the forced sexual conduct between Ceballes and Plaintiff  constituted quid pro quo sexual harassment?

3.      Whether Ceballes willfully and unlawfully intended to cause harmful or offensive physical contact with Plaintiff?

4.      Whether Ceballes intentionally confined Plaintiff without her consent so as to violate Plaintiff's right to be free from  restraint or movement?

5.      Whether Plaintiff had a reasonable apprehension of  immediate harmful and offensive touching as a result of Ceballes' intentional misconduct?

6.      Whether Ceballes' conduct was extreme and outrageous?

---

[5] Should the attorneys or parties be unable to agree on the statement of law, the joint pretrial order should include separate statements of issues of law to be tried and determined upon trial.

[6] To the extent the following issues of law are resolved in Plaintiff's favor, they  satisfy the claims for relief in the operating Complaint, including general special and punitive damages as provided by common law and statute.

7.      Whether Plaintiff suffered severe and extreme emotional distress?

8.      Whether Sbarro is vicariously liable for sexual harassment, hostile work environment, and retaliation against Plaintiff under Title VII and related state law claims?

9.      Whether facts known to management or supervisory level employees are imputed to Sbarro?

10.     Whether Sbarro engaged in spoliation of evidence by removing and destroying the walk-in cooler, latch, door, panel, handle.

11.     Whether Sbarro engaged in spoliation of the evidence by failing to preserve the the Manager's Officeand permitting Plaintiff to inspect the premises prior to Monte Carlos's removal of the food court.

12.     Plaintiff did not receive Dorado's March 10, 2017 email.

13.     Plaintiff did not agree to be interviewed by Dorado because she feared deportation due to Ceballes' earlier threats.

**SBARRO'S ISSUES OF LAW**

1.      Whether Plaintiff's transference to Bally's in early January 2017 where her job title remained the same, her benefits remained the same, her pay remained the same, and her job duties remained the same constitutes a tangible adverse employment action.

2.      Whether Sbarro's systems and immediate investigation into Plaintiff's first complaint of alleged misconduct on April 18, 2017 constitutes as exercising reasonable care to prevent and correct promptly any sexually harassing behavior.

3.      Whether Plaintiff's failure to report the alleged misconduct until over four months after she was transferred and only after filing a charge of discrimination with the Nevada Equal Rights Commission demonstrates that she unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sbarro.

4.      Whether Plaintiff was subjected to an adverse employment action by being transferred to Bally's in early January 2017 where her job title remained the same, her benefits remained the same, her pay remained the same, and her job duties remained the same.

5.      Whether there was a causal link between Plaintiff's protected activity and her alleged

adverse employment action.

6.     Whether Plaintiff engaged in spoliation of evidence by failing to preserve her telephone devices and/or other electronic devices.

**CEBALLES'S ISSUES OF LAW**

1.     Whether Ceballes's alleged conduct with Plaintiff was nonconsensual.

2.     Whether Plaintiff suffered damages caused by nonconsensual conduct of Ceballes.

3.     Whether Ceballes's conduct was the proximate cause of Plaintiff's damages, or whether other stressors in Plaintiff's life were one or more of the causes.

**VII.**

**(a)     The foundation and authenticity of the following exhibits are stipulated to by the respective parties  and may be so marked by the Clerk. All other objections are reserved for Trial**:

**(1) Plaintiff's proposed exhibits:**[7]

1.     April 18, 2017 NERC Charge of Discrimination, Bates PEREZ 000001-000010;

2.     June 12, 2017 NERC Amended Charge of Discrimination, Bates PEREZ 000011;

3.     June 30, 2017 NERC Amended Charge of Discrimination #2, Bates PEREZ 000012;

4.     July 17, 2018 NERC Correspondence regarding investigation, Bates PEREZ 000013-000015;

5.     July 17, 2018 NERC Determination, Bates PEREZ 000016-000019;

6.     September 13, 2018 NERC Correspondence regarding forwarding to EEOC, Bates PEREZ 000020-000021;

7.     April 18, 2017 NERC Correspondence regarding Informal Settlement Meeting, Bates PEREZ 000022-000035;

8.     June 12, 2018 NERC Correspondence regarding Probable Cause Finding, Bates PEREZ 000036;

9.     August 1, 2017 NERC Correspondence regarding Respondent's Position, Bates

---

[7] Plaintiff has Exhibits numbers 1-500 and Defendants have Exhibit numbers 501 – 1000.

PEREZ 000037-000044;

10.     June 9, 2017 NERC Correspondence regarding waiver of Commission's informal settlement conference, Bates PEREZ 000045;

11.     February 23, 2018 NERC Correspondence regarding investigation #2, Bates PEREZ 000046;

12.     November 28, 2018 EEOC Notice of Right to Sue, Bates PEREZ 000047-000048;

13.     April 17, 2017 Equal Rights Commission Appointment for Intake, Bates PEREZ 000049;

14.     Plaintiff's Food Handler Safety Training Card, Bates PEREZ 000050;

15.     May 1, 2017 State of NV Office of Attorney General regarding Complaint Received, Bates PEREZ 000053;

16.     June 29, 2017 NERC Charge of Discrimination regarding Amended Charge, Bates PEREZ 000054-000057;

17.     April 19, 2017 Las Vegas Metropolitan Police Department Report, Bates PEREZ 000058-000061;

18.     May 3, 2017 Plaintiff Journal Entries, Bates PEREZ 000062-000078;

19.     July 10, 2016 Sbarro West Employee Work Schedule, Bates PEREZ 000079;

20.     July 17, 2016 Sbarro West Employee Work Schedule, Bates PEREZ 000080;

21.     June 5, 2016 Sbarro West Employee Work Schedule, Bate3s PEREZ 000081;

22.     June 12, 2016 Sbarro West Employee Work Schedule, Bates PEREZ 000082;

23.     June 26, 2016 Sbarro West Employee Work Schedule, Bates  PEREZ 000083;

24.     June 13 to June 19, 2016 Sbarro West Employee Work Schedule, Bates PEREZ 000084;

25.     August 21, 2016 Sbarro West Employee Work Schedule, Bates PEREZ 000085;

26.     Sbarro Shift Schedule, Bates PEREZ 000086;

27.     August 21, 2016 Sbarro West Employee Work Schedule, Bates PEREZ 000087-000088;

28.     Photos of Workplace Environment, Bates PEREZ 000089-000101;

29.     Plaintiff's March 20 to April 2, 2017 Time Attendance Detail Report, Bates PEREZ 000102;

30.     Plaintiff's April 3 to April 16, 2017 Time Attendance Detail Report, Bates PEREZ 000103;

31.     April 3 to April 16, 2017 Sbarro Labor Report of Plaintiff, Bates PEREZ 000104;

32.     April 3, 2017 and April 17, 2017 Sbarro Statement of Earnings of Plaintiff, Bates PEREZ 000105-000106;

33.     April 30, 2017 Plaintiff's Employee Clock Out Receipts, Bates PEREZ 000107-000126;

34.     April 11, 2016 – May 15, 2017 Sbarro Statement of Earnings and Pay Stubs of Plaintiff, Bates PEREZ 000127-000148;

35.     Confidential Plaintiff's 2016 & 2018 W2's, Bates PEREZ 000149-000153;

36.     February 28, 2019 City of North Las Vegas Court Documents, Bates PEREZ 000154-000182;

37.     Photos of Workplace Environment and Individuals, including but not limited to Defendant Jesus Alatorre, Bates PEREZ 000183-000205;

38.     Confidential 2017 Tax Return, Bates PEREZ 000206-000210;

39.     November 14, 2019 Register of Action Case Detail regarding State of Nevada v. Oscar Ramos domestic violence Case No. PC08M16788X, Bates PEREZ 000211-000213;

40.     Immigration Case Documents (Application for Cancellation of Removal and Adjustment of Status), Bates PEREZ 000214-000385;

41.     Business card from Del Taco, Bates PEREZ 000386;

42.     NERC File Folder, Bates PEREZ 000390 – 000527;

43.     May 2, 2017 Plaintiff's Confidential IRS Individual Taxpayer Documents, Bates PEREZ 000528 – 000543;

44.     August 2017 Little Caesar Employee Schedules of Plaintiff, Bates PEREZ 000544 – 000559;

45.     Confidential Plaintiff's 2008 W-2 from Priority Staffing USA, Inc., Bates PEREZ

000560 – 000561;

46.     Confidential Plaintiff's October 2019 visit to Silver State Health Records, Bates PEREZ 000562 – 000563;

47.     Plaintiff's Henderson Detention Center Infirmary, Bates PEREZ 000564 – 000744;

48.     Confidential Plaintiff's HHN-Henderson Hospital Records, Bates PEREZ 000745 - 000910;

49.     Dr. Roitman Expert Report dated January 22, 2020, Bates PEREZ 000918 – 00939;

50.     Dr. Roitman Expert CV, Testimony List, Fee Schedule, Bates PEREZ 00939-000001 - 00939-0000016;

51.     Matthew Simms and Lora White Expert Report, Bates PEREZ 000940 - 00968;

52.     Charles Kuck, Esq. Rebuttal Expert Opinion, Bates PEREZ 000969 – 000986;

53.     Expert Dr. Roitman Rebuttal Report dated February 16, 2020, Bates PEREZ 000987 – 000995;

54.     Expert Matt Sims Rebuttal Report dated February 19, 2020, Bates PEREZ 000996 00999;

55.     Supplemental Documentation Filing with the U.S. Dept. of Immigration Review, Immigration Court – I-213 Form, Bates PEREZ 001000 – 001002;

56.     Plaintiff's Supplemental document filing with the U.S. Dept of Immigration Court, Bates PEREZ 001000 - PEREZ 001010;

57.     Plaintiff's Immigration File, includes Notices, Motions, declarations, Bates PEREZ 001011 – 001324;

58.      Axelrod Letters Shumaker, Loop & Kendrick to NERC includes April 27, 2017, July 18, 2017, October 19, 2017, October 25, 2017 Shumaker letters and emails to Kara Jenkins and Darrell Harris of NERC, June 12, 2018 DETR letter to David Axelrod of Shumaker, June 5, 2018 Memorandum from Sophia Long, Deputy Attorney General, to Kara Jenkins at NERC re: probable cause;  June 12, 2018 email to Axelrod of Shumaker, July 17, 2018 DETR letter to Plaintiff and Dee Sull, August 8, 2018 Littler letter to Kara Jenkins at NERC, September 13, 2018 DETR letter to Axelrod of Shumaker,  freezer door pictures, Bates SBARRO000298 - SBARRO000341;

59.    Sbarro April 2015 Employee Handbook, Bates SBARRO000589 - SBARRO000632;

60.    Documents received from Malani L. Kotchka, batess SBARRO001414 - SBARRO001539;

61.    Email regarding Perez from Kara Jenkins to Rohan Shearer with verifying documentation re: Perez work hours, Bates SBARRO001555 - SBARRO001567;

62.    Work schedules Bally's Employee Work Schedule - Week Ending 5/14/2017, Bates SBARRO001574 - SBARRO001575;

63.    Work schedules Monte Carlo Monte Carlo's Employee Work Schedule - Week Ending 5/14/2017, Bates SBARRO001576 - SBARRO001577;

64.    Confidential Personnel-related documents related to Plaintiff, Bates SBARRO000566 - SBARRO000571;

65.    Confidential Personnel-related documents related to Zachary Ceballes, Bates SBARRO000572 - SBARRO000584;

66.    Photo of Sbarro kitchen at the Monte Carlo location, Bates Sbarro 000469;

67.    Photo of Sbarro kitchen/office at the Monte Carlo location, Bates Sbarro 000471;

68.    Photo of Sbarro freezer door at the Monte Carlo location, Bates SBARRO000431, SBARRO000432, 0002050;

69.    Photo of a bottle of Vodka taken at Sbarro's kitchen at the Monte Carlo location, Bates Sbarro 000199;

70.    Photo of Sbarro's swing doors to and from the kitchen at the Monte Carlo location, Bates Perez 000090;

71.    Photo of employee board taken at Sbarro's kitchen at the Monte Carlo location, Bates Sbarro 000091;

72.    Photo of employee board taken at Sbarro's kitchen at the Monte Carlo location, Bates Sbarro 000092;

73.    Photo of Sbarro Monte Carlo freezer interior, Bates Sbarro 000290 and  001353.

74.    April 18, 2017 transcription of voicemail from Plaintiff, Bates numbered SBARRO 000330.

75.     April 18, 2017 voicemail from Plaintiff left on the general company mailbox, Bates Sbarro 001678.

Plaintiff reserves the right to use, rely, or supplement this list with additional documents, evidence, and exhibits disclosed or produced by the parties during the course of litigation deemed necessary for rebuttal or impeachment at trial; and the parties' respective pleadings and discovery responses.

**(2) Defendants' proposed exhibits:**

501)    October 6, 2008 Zachary Ceballes confirmation of receipt of policies, Bates numbered SBARRO 000013.

502)    April 7, 2012 City of Las Vegas docket sheet relating to April 7, 2012 battery violation, Exhibit 26 to Deposition of Sandra Perez, Volume III.

503)    April 2015 Sbarro Employee Handbook, Bates numbered SBARRO 000589 - SBARRO 000632.

504)    January 1, 2016 Sbarro Human Resources policy titled Employee Conduct, Bates numbered SBARRO 000050 - SBARRO 000051.

505)    January 1, 2016 Sbarro Human Resources policy titled Attendance, Bates numbered SBARRO 000052 - SBARRO 000053.

506)    January 1, 2016 Sbarro Human Resources policy titled Cooperation in Company Investigations, Bates numbered SBARRO 000056.

507)    January 1, 2016 Sbarro Human Resources policy titled Anti-Harassment, Bates numbered SBARRO 000585 - SBARRO 000586.

508)    April 6, 2016 Plaintiff's application for employment at Sbarro, Bates numbered SBARRO 000007 - SBARRO 000008.

509)    April 8, 2016 email providing notice that Plaintiff's background report is complete, Bates numbered SBARRO 000003.

510)    June 2016 - August 2016 Employee Work Schedule for Sbarro store 740, Bates numbered PEREZ 000079 - PEREZ 000085.

511)    2016-2017 Plaintiff's W-2's, Bates numbered SBARRO 000057 - SBARRO 000060.

512) March 10, 2017 - April 28, 2017 email amongst Dana Dorado and Plaintiff re Accused Statement Form with attachment, Bates numbered DDORADO000001 - DDORADO000003.

513) April 18, 2017 Remedy Request and Settlement Demand, Bates numbered PEREZ 000470 - PEREZ 000471.

514) April 18, 2017 transcription of voicemail from Plaintiff, Bates numbered SBARRO 000330.

515) April 18, 2017 voicemail from Plaintiff left on the general company mailbox, Bates numbered SBARRO 001578.

516) April 18, 2017 email regarding Plaintiff's Voicemail Message from (702) 857-1306, Bates numbered SBARRO 002165.

517) April 19, 2017 Las Vegas Metropolitan Police Department Case Report, Bates numbered PEREZ 000058 - PEREZ 000059.

518) April 27, 2017 letter from attorney David F. Axelrod to NERC on behalf of Sbarro relating to Plaintiff, NERC No. 0418-17-0176L, Bates numbered SBARRO 000319 - SBARRO 000320.

519) April 28, 2017 email re Sandra Perez vs. Sbarro Pizza - NERC# 17-0176L; Conversation with Respondent's Attorney David Axelrod, Bates numbered SBARRO 000137.

520) May 2, 2017 email re Witness Interview - Fabiola Perez for Sandra Perez vs. Sbarro Pizza - NERC #0418-17-0176L, Bates numbered SBARRO 000135.

521) May 2, 2017 telephone interview with Fabiola Perez conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000520 - SBARRO 000521.

522) May 4, 2017 telephone interview with Maribel Escoto conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000519.

523) May 5, 2017 telephone interview with Diego Perez conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000518.

524) May 7, 2017 Information relating to the termination of Plaintiff from Sbarro, Bates numbered SBARRO 000009.

525) May 2017 to September 2017 Malani Kotchka handwritten notes relating to Sandra

Perez Investigation, Bates numbered SBARRO 001430 - SBARRO 001510.

526)   May 8, 2017 - May 9, 2017 Malani Kotchka typed notes relating to Sandra Perez Investigation, Bates numbered SBARRO 001511 - SBARRO 001539-017.

527)   May 11, 2017 - May 12, 2017 NERC email re Sandra Perez v. Sbarro Pizza, NERC No. 04185-17-0176L, Bates numbered SBARRO 000134.

528)   June 9, 2017 letter from NERC to Plaintiff re Sandra Perez vs. Sbarro Pizza, NERC No. 0418-17-0176L, Bates numbered SBARRO 000209.

529)   July 18, 2017 Position Statement offered by attorney David Axelrod on behalf of Sbarro in response to the Complaint brought by Plaintiff, NERC Charge No. 0418-17-0176L with exhibits, Bates numbered SBARRO 000390 - SBARRO 000432.

530)   September 11, 2017 telephone interview of Jesus Alatorre conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000516 - SBARRO 000517.

531)   September 11, 2017 telephone interview of Efrain Hernandez conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000514 - SBARRO 000515.

532)   September 11, 2017 telephone interview of Alda Cadacio conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000512 - SBARRO 000513.

533)   September 11, 2017 telephone interview of Zachary Ceballes conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000510 - SBARRO 000511.

534)   September 14, 2017 telephone interview of Fabiola Perez conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000509.

535)   October 26, 2017 telephone interview of Aida Isuara conducted by the Nevada Equal Rights Commission, Bates numbered SBARRO 000507 - SBARRO 000508.

536)   November 2017 - July 2018 employment records relating to Plaintiff's employment at The Cleaning Authority, Bates numbered SBARRO 001414 - SBARRO 001419.

537)   November 15, 2017 Investigative Report issued from Darrell K. Harris, Supervisory Compliance Investigator of the Nevada Equal Rights Commission to Sophia Long, Deputy Attorney General, relating to NERC No. 0418-17-0176L, Bates numbered SBARRO 000528 - SBARRO 000542.

538)    April 6, 2018 Employment Eligibility Verification relating to Plaintiff, Bates numbered SBARRO 000001.

539)    June 5, 2018 memorandum from Sophia Long, Deputy Attorney General, to Kara M. Jenkins, Administrator of the Nevada Equal Rights Commission re Perez, Sandra v. Sbarro Pizza NERC#: 0418-17-0176L, Bates numbered SBARRO 000523.

540)    July 17, 2018 Determination from the Nevada Equal Rights Commission regarding NERC No. 0418-17-0176L, Bates numbered SBARRO 000525 - SBARRO 000526.

541)    July 30, 2018 email re Sandra Perez vs. Sbarro LLC dba Sbarro Pizza - Remedy Request Documents - Sandra Perez with attached document Remedy Request and Settlement Demand, Bates numbered SBARRO 000148 - SBARRO 000150.

542)    August 11, 2018 text messages between Plaintiff and Spencer Diller, Bates numbered SBARRO 001792 - SBARRO 001796.

543)    October 8, 2018 criminal complaint relating to Plaintiff's domestic battery matter, Bates numbered PEREZ 001149 - PEREZ 001150.

544)    October 11, 2018 United States Department of Homeland Security Record of Deportable/Inadmissible Alien, Bates numbered PEREZ 001145 - PEREZ 001147.

545)    January 29, 2019 Confidential Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court, Bates numbered PEREZ 000342 -PEREZ 000351.

546)    February 2019 Confidential supplemental documentation in support of Plaintiff's immigration matter, Bates numbered PEREZ 001000 - PEREZ 001010.

547)    February 20, 2019 letter from Plaintiff to the judge requesting a continuance of her trial due to incarceration resulting from arrest relating to domestic violence and immigration, Bates numbered PEREZ 000155.

548)    May 17, 2019 Respondent's Motion for Request Closed-Door Hearing, Including Either Removing all ICE Officers From Being Present and/or Ensuring Only a Female Officer is Present relating to Plaintiff's immigration matter, Bates numbered PEREZ 001081 - PEREZ 001088.

549)    September 9, 2019 Confidential Certificate of Custodian of Records executed on behalf of Henderson Detention Center and confidential excerpts of the medical and mental health records

19

produced by the same, Bates numbered SBARRO 000633, SBARRO 000763, SBARRO 000765, SBARRO 000776 - SBARRO 000777, SBARRO 000781, SBARRO 000789, SBARRO 000960, SBARRO 000974 - SBARRO 000975, SBARRO 000980.

550)    Plaintiff's handwritten notes with translation, Bates numbered PEREZ 000067 - PEREZ 000068 (Plus Translation).

551)    Photos taken by Plaintiff of posted notices to employees in compliance with federal, state, and/or local requirements, Bates numbered PEREZ 000092 - PEREZ 000093.

552)    Photo taken by Plaintiff of poster with contact information to both Sbarro's corporate offices and individual members of the Human Resources department, Bates numbered PEREZ 000099.

553)    Confidential I-589 Application for Asylum and for Withholding of Removal, Bates numbered PEREZ 000214 - PEREZ 000223.

554)    I-589 Application for Asylum and for Withholding of Removal accompanied by document constituting appearance of Hardeep Sull, Bates numbered PEREZ 001158 - PEREZ 001167.

555)    Document published by Norlake providing specifications for Fast Trak Walk-Ins coolers and freezers, Bates numbered SBARRO 000561 - SBARRO 000565.

556)    Sbarro Equal Employment Ethics and Open Door Policy, Bates numbered SBARRO 000587 - SBARRO 000588.

**(b)    Electronic evidence:**

Electronic evidence is addressed in the Section above.   The parties reserve all rights to present or object to evidence in electronic form where applicable, including, but not limited to, audio and visual recordings.

**(c)    Depositions:**

(1) Plaintiff will offer the following depositions:

At this time, Plaintiff understands that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability. If a witness unexpectedly becomes unavailable before trial, then the Defendant will be promptly notified, and with respect to such witness, specific pages and lines of his or her deposition testimony will be promptly designated, and any other objections or counter-designations will then be timely

made in response.

        (2) <u>Sbarro will offer the following depositions</u>:

At this time, Sbarro understands that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability.  If a witness unexpectedly becomes unavailable before trial, then the Plaintiff will be promptly notified, and with respect to such witness, specific pages and lines of his or her deposition testimony will be promptly designated, and any other objections or counter-designations will then be timely made in response.

        (3) <u>Ceballes will offer the following depositions</u>:

At this time, Ceballes understands that the relevant deponents are available for trial, and therefore, their deposition testimony will not be required in their absence due to their unavailability.  If a witness unexpectedly becomes unavailable before trial, then the Plaintiff will be promptly notified, and with respect to such witness, specific pages and lines of his or her deposition testimony will be promptly designated, and any other objections or counter-designations will then be timely made in response.

**(d)**     **Objections to depositions:**

The parties will file any objections within 14 days of the other party designating the exact deposition testimony to be offered for any unavailable witnesses.  The parties further reserve the right to object to irrelevant or otherwise objectionable portions of any transcript of deposition testimony offered by a party at trial.

**VIII**.

**THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES AT TRIAL:**

**(a) Provide names and addresses of Plaintiff's witnesses.**

Please see **Exhibit B** to the Joint Pretrial Order. Plaintiff reserves the right to call impeachment witnesses and rebuttal witnesses as needed.  Plaintiff reserves the right to call any person necessary to authenticate any of the possible exhibits listed herein. [8]

/ / /

---

[8] The parties will continue to meet and confer to have a more streamlined presentation at trial.

**(b) Provide names and addresses of defendant's witnesses.**

**Sbarro's Witnesses:**

Please see **Exhibit A** to the Joint Pretrial Order. Sbarro reserves the right to call impeachment witnesses and rebuttal witnesses as needed. Sbarro reserves the right to call any person necessary to authenticate any of the possible exhibits listed herein.

**Ceballes's Witnesses:**

Please see **Exhibit A** to the Joint Pretrial Order. Ceballes reserves the right to call impeachment witnesses and rebuttal witnesses as needed. Ceballes reserves the right to call any person necessary to authenticate any of the possible exhibits listed herein.

**(c) Objections to witnesses:**

  **(1) Plaintiff's objections to witnesses:**

1.  Plaintiff objects on the grounds or relevancy and prejudice to Sbarro's witnesses Nicole Morrison and Ronni Musumeci.

  **(2) Defendants' objections to witnesses:**

1.  As discussed during the discovery phase of this case, Defendants object to Plaintiff's witnesses for whom Plaintiff failed to provide accurate contact information and Plaintiff's witnesses who refused to appear for their depositions including but not limited to Leyla Romero, Maribel Escoto, Ana Romero, Diego Perez, and Fabiola Perez.

## IX.

The attorneys or parties have met and jointly offer these trial dates,[9] with the understanding that the Court may very well set the trial date at a later time given the current challenges to scheduling jury trials in the midst of the current pandemic:

March 21 – April 1, 2022;

April 4 – 15, 2022;

April 18 – 29, 2022.

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the

---

[9] Although these are the agreed upon available trial dates between the parties, Plaintiff would prefer to go to trial before the end of the year 2021. Defense counsel has advised Plaintiff's counsel that they are not available for trial in November and December of 2021 as suggested by Plaintiff's counsel previously.

1    agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

2                                          **X**.

3          It is estimated that the trial will take a total of 10-12 days.

4    APPROVED AS TO FORM AND CONTENT:

5    */s/ Hardeep Sull*_____

6    HARDEEP SULL, ESQ.
SULL & ASSOCIATES, PLLC

7    520 S. 7th Street, Suite A
Las Vegas, Nevada 89101

8    Email: dee@sullglobal.com

9

10    */s/ John M. Samberg*_____
BRADLEY S. SCHRAGER, ESQ.

11    JOHN M. SAMBERG, ESQ.
JORDAN J. BUTLER, ESQ.

12    WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP

13    3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, NV 89169

14    Email:  bschrager@wrslawyers.com
Email:  jsamberg@wrslawyers.com

15    Email:  jbutler@wrslawyers.com

16    Attorneys for Plaintiff

17

18    */s/ Patrick H. Hicks*_____
PATRICK H. HICKS, ESQ.

19    KELSEY E. STEGALL, ESQ.

20    LITTLER MENDELSON, P.C.

21    Attorneys for Defendants
Sbarro, LLC dba Sbarro Pizza, Sbarro, Inc. dba

22    Sbarro Pizza

23

24    */s/ Patrick N. Chapin*_____
PATRICK N. CHAPIN, ESQ.

25    PATRICK N.CHAPIN, LTD.

26    129 Cassia Way
Henderson, Nevada 89014

27    Email: pat@chapinlaw.net

28    Attorney for Defendant Zachary Ceballes

## XI.

### ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on <u>March 28, 2022 at 9:00 a.m.</u>.
Calendar call will be held on <u>March 22, 2022 at 8:45 a.m.</u> in Courtroom <u>6C.</u>

This pretrial Order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case.  This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED:   <u>April 16, 2021</u>            .

_____
UNITED STATES DISTRICT JUDGE
ANDREW P. GORDON

**NOTICE: Due to the unusually large number of complex criminal cases set for lengthy trials before this Court, civil trials may possibly be held in a trailing status for months or be assigned to another District Court Judge for trial. Therefore, the Court <u>strongly urges</u> the parties to consider their option to proceed before a Magistrate Judge pursuant to Local Rule IB 2-2, in accordance with 28 USC Section 636 and FRCP 73.**

**The Clerk shall provide the parties with a link to AO 85 Notice of Availability, Consent and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge form on the Courts website.**

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

# EXHIBIT INDEX

Exhibit A – Defendants' List of Witnesses

Exhibit B – Plaintiff's List of Witnesses

**Exhibit A**
Defendants' List of Witnesses

1.  David Axelrod
    c/o Littler Mendelson
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

2.  Dr. JoAnn Behrman-Lippert
    427 Ridge Street, Suite A
    Reno, Nevada 89501

3.  Alda Cadacio
    Sbarro's Pizza Bally's
    3645 Las Vegas Boulevard South
    Las Vegas, Nevada 89109

4.  Dr. Thomas Carroll
    Optimal Analytics, Ltd.
    2470 St. Rose Parkway, Suite 106H
    Henderson, Nevada 89074

5.  Zachary Ceballes
    c/o Patrick N. Chapin, Esq
    129 Cassia Way
    Henderson, Nevada 89014

6.  Spencer Diller
    The Cleaning Authority
    3370 Pinks Place, Suite D
    Las Vegas, Nevada 89102

7.  Dana Dorado
    c/o Littler Mendelson
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

8.  Darrell Harris
    NEVADA EQUAL RIGHTS COMMISSION
    1820 East Sahara, Suite 314
    Las Vegas, Nevada 89104

9.  Efrain Hernandez
    c/o Patrick N. Chapin, Esq.
    129 Cassia Way
    Henderson, Nevada 89014

10. Malani Kotchka
    c/o Littler Mendelson

3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada 86169

11. Larry Minister
    c/o Littler Mendelson
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

12. M. Nicole Morrison
    1100 South Shepherd Drive
    Houston, Texas 77019

13. Ronni Musumeci
    18 East Basic Road
    Henderson, Nevada 89015

14. Rohan Shearer
    c/o Littler Mendelson
    3960 Howard Hughes Parkway, Suite 300
    Las Vegas, Nevada 89169

15. Sheldon Stern
    10001 Heyfield Drive
    Las Vegas, Nevada 89134

16. Dr. Thomas Carroll
    Optimal Analytics, Ltd.
    2470 St. Rose Parkway, Suite 106H
    Henderson, Nevada 89074

17. Zachary Ceballes
    c/o Patrick N. Chapin, Esq
    129 Cassia Way
    Henderson, Nevada 89014

18. Any necessary rebuttal or impeachment witnesses.

19. Any witnesses identified by Plaintiff.

**Exhibit B**

**Plaintiff's List of Witnesses**

1.   Sandra M. Meza-Perez
     c/o Wolf, Rifkin, Shapiro, Schulman & Rabkin,  LLP
     3773 Howard Hughes Parkway, Suite 590 South
     Las Vegas, Nevada 89169

2.   Zachary Ceballes
     c/o Patrick N. Chapin, Esq.
     Chapin N. Chapin, Ltd.
     129 Cassia Way
     Henderson, NV 89014

3.   Efrain Hernandez
     c/o Patrick N. Chapin, Esq.
     Chapin N. Chapin, Ltd.
     129 Cassia Way
     Henderson, NV 89014

4.   Jesus Alatorre
     6758 Oak Valley Drive
     Las Vegas, NV 89103

5.   Dana Dorado
     c/o Mark Ferrario, Esq. and Jason Hicks, Esq.
     Greenberg Traurig
     10845 Griffith Peak Drive
     Las Vegas, NV 89135

6.   Jennifer Arlene Duarte Funes
     704 Count Avenue
     Las Vegas, NV 89030

7.   Leyla Romero
     4945 Deep Forest Drive
     Las Vegas, NV 89130

8.   Alda Cadacio
     Sbarro Pizza Bally's
     3645 Las Vegas Blvd. S.
     Las Vegas, NV 89109

9.   Jeffrey Mabunga
     5419 W. Tropicana Ave. OFC
     Las Vegas, NV 89103

10.     Maribel Escoto
        5301 Westleigh Avenue
        Las Vegas, NV  89146

11.     Ana Romero
        Address Presently Unknown

12.     Diego Perez
        5301 Westleigh Avenue
        Las Vegas, NV  89146

13.     Aida Isuara Perez-Meza
        7308 Blizzard Court
        Las Vegas, NV 89145

14.     Fabiola Perez
        7308 Blizzard Court
        Las Vegas, NV 89145

15.     Karla Perez Meza
        3851 Hazelwood Street, Apt. 7
        Las Vegas, NV 89119

16.     Edgar Perez Meza
        3851 Hazelwood Street, Apt. 7
        Las Vegas, NV 89119

17.     Darrell K. Harris, Supervisory Compliance Investigator
        Nevada Equal Rights Commission
        1820 E. Sahara Ave.
        Las Vegas, NV  89104

18.     Kara Jenkins, Administrator
        Nevada Equal Rights Commission
        1820 E. Sahara Ave.
        Las Vegas, NV  89104

19.     Custodian of Records
        at the Las Vegas Metropolitan Police Department
        400 S. Martin Luther King Blvd
        Las Vegas, NV  89106

20.     Larry Minister
        c/o Littler Mendelson, P.C.
        3960 Howard Hughes Pkwy, Ste 300
        Las Vegas, NV 89169

21.     Sheldon Stern
        c/o Littler Mendelson, P.C.
        3960 Howard Hughes Pkwy, Ste 300
        Las Vegas, NV 89169

22.     Kara Jenkins, Administrator
        Nevada Equal Rights Commission ("NERC")
        1820 E. Sahara Ave.
        Las Vegas, NV  89104

23.     Norton A. Roitman, MD, DLFAPA
        SESSIONS, INC.
        2340 Paseo del Prado, Suite D-307
        Las Vegas, Nevada  89102

24.     Lora K. White, RNBC, BSN, CCM, CNLCP
        SIMS & WHITE, PLLC.
        389 East Palm Lane, Suite 1
        Phoenix, Arizona  85004

25.      J. Matthew Sims, MC, MS
        SIMS & WHITE, PLLC
        389 East Palm Lane, Suite 1
        Phoenix, Arizona  85004

26.     Charles H. Kuck, Esq.
        KUCK BAXTER IMMIGRATION, LLC.
        365 Northridge Road, Suite 300
        Atlanta, Georgia 30350

27.     Malani Kotchka
        c/o Littler Mendelson
        3960 Howard Hughes Parkway, Suite 300
        Las Vegas, Nevada  891569

28.     Any necessary rebuttal or impeachment witnesses.

29.     Any witnesses identified by Defendants.