UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA M. MEZA-PEREZ,<br><br>     Plaintiff<br><br>v.<br><br>SBARRO LLC, et al.,<br><br>     Defendants | Case No.: 2:19-cv-00373-APG-NJK<br><br>**Order Denying Motion for Attorneys' Fees and Motion to Strike**<br><br>[ECF Nos. 180, 195] |

Defendant Dana Dorado moves for an award of attorneys' fees as a sanction under Federal Rule of Civil Procedure 11 against plaintiff's attorneys Melanie Hill and Hardeep Sull.[1] ECF No. 180.  I previously found that Hill and Sull had violated Rule 11 and allowed Dorado to move for an award of fees. ECF No. 177.  Having reviewed the parties' briefs and the declarations of Hill and Sull, I find that monetary sanctions are not appropriate here.

"Rule 11 is an extraordinary remedy, one to exercise with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quotation omitted).  I must limit the award "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Hill and Sull have experienced significant financial hardships due to the recent pandemic as well as personal and family health issues.  An award of monetary sanctions against them at this time would amount to unnecessary punishment.  The shame and embarrassment that Hill and Sull feel from the publication of a Rule 11 violation serves as a deterrent effect.  Here, additional

---

[1] Sull and Hill represented plaintiff Sandra Meza-Perez at the beginning of the case.  In December 2019, Meza-Perez added attorneys from the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP to represent her.  Hill withdrew as counsel in May 2020, but Sull is still part of Meza-Perez's legal team.  References to plaintiff's counsel are to Hill and Sull only.

deterrence is found in the fact that Dorado is now suing Sull and Hill for their actions in this lawsuit. ECF No. 197-1.

While I do not approve the actions of Hill and Sull—to the contrary, I condemn them—under these circumstances I see nothing beneficial from further sanctions against them. "[T]he deterrent purpose of sanctions has been accomplished without the need to impose a further, potentially ruinous financial penalty." *Jackson v. Levy*, No. 98 CIV. 8226 (WHP), 2000 WL 124822, at *10 (S.D.N.Y. Feb. 2, 2000).

Hill and Sull move to strike the reply brief and exhibits filed by Dorado. ECF No. 195. The material attached to the reply was in direct response to allegations and arguments asserted in the response. I will deny the motion to strike.

I THEREFORE ORDER that the motion for attorney fees **(ECF No. 180) is denied.**

I FURTHER ORDER that the motion to strike **(ECF No. 195) is denied.**

DATED this 16th day of August, 2021.

							_____
							ANDREW P. GORDON
							UNITED STATES DISTRICT JUDGE