UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDRA M. MEZA-PEREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SBARRO LLC dba SBARRO PIZZA, a foreign limited liability company, SBARRO, INC. dba SBARRO PIZZA, a foreign corporation, ZACHARY CEBALLES, an individual, EFRAIN HERNANDEZ, an individual, JESUS ALATORRE, an individual,<br><br>Defendants. | Case No. 2:19-cv-00373-APG-EJY<br><br>**ORDER** |

Pending before the Court are the Motion to Seal and File Ex Parte Plaintiff's Opposition to Motion for Leave to Withdraw as Counsel of Record for Plaintiff and for Continuance of Trial (ECF No. 277) and the Sealed Ex Parte Opposition to Motion for Leave to Withdraw as Co-Counsel of Record for Plaintiff and for Continuance of Trial (the "Opposition"). ECF No. 278. This Order only addresses the ex parte filing and sealing of the Opposition. The content of the Opposition, as well as the Motion that prompted the Opposition, will be heard separately by the Court.

Local Rule ("RL") IA 7-2 addresses ex parte communications and filings. The LR IA 7-2(b) states: "Neither [a] party nor an attorney for any party may make an ex parte communication except as specifically permitted by court order of the Federal Rules of Civil … Procedure. An ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis." LR IA 10-5(b) pertains to sealed filings and speaks to redaction stating that "[t]he court may direct the unsealing of papers filed under seal, with or without redactions, after notice to all parties and an opportunity to be heard."

Plaintiff provides the Court with no rule or citation supporting the filing of the Opposition ex parte. Rather, Plaintiff cites to LR IA 10-5, which discussed sealing documents on the docket. The Court finds no basis for the ex parte filing of the Opposition. Rather, what is appropriate is that

the Opposition be filed unredacted; that is, as it is currently filed, under seal, and in a redacted version on the public record. To the extent the Opposition contains references to attorney-client privilege, work product, confidential or proprietary information, or otherwise contains content that Plaintiff believes is properly sealed under the Ninth Circuit standards applicable to redacting (and thus sealing) content, Plaintiff may refile her Opposition with redactions. At the same time, Plaintiff must refile a Motion to Seal that supports the redactions in the refiled Opposition.

Accordingly, IT IS HEREBY ORDERED that the Motion to Seal and File Ex Parte Plaintiff's Opposition to Motion for Leave to Withdraw as Counsel of Record for Plaintiff and for Continuance of Trial (ECF No. 277) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Sealed Ex Parte Opposition to Motion for Leave to Withdraw as Co-Counsel of Record for Plaintiff and for Continuance of Trial (ECF No. 278) shall remain sealed and shall not be electronically available to the public or other counsel.

IT IS FURTHER ORDERED that Plaintiff shall immediately serve a copy of the Sealed Ex Parte Opposition to Motion for Leave to Withdraw as Co-Counsel of Record for Plaintiff and for Continuance of Trial by mail on co-counsel for Plaintiff.

IT IS FURTHER ORDERED that Plaintiff shall file an **unsealed, but redacted** version of her Sealed Ex Parte Opposition to Motion for Leave to Withdraw as Co-Counsel of Record for Plaintiff and for Continuance of Trial on the public docket no later than **3 p.m. Friday, March 25, 2022**.

IT IS FURTHER ORDERED that Plaintiff **must** simultaneously file a motion to seal the redacted portions of the Opposition to Motion for Leave to Withdraw as Co-Counsel of Record for Plaintiff and for Continuance of Trial. That motion to seal must address the redactions made providing the legal basis for each such redaction.

Dated this 16th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE