# Exhibit 10

# Exhibit10

## PROCEDURAL HISTORY

The respondent is a 39-year-old severely battered female, married, native citizen of Mexico who was placed in removal proceedings on October 11, 2018 by Immigration Customs Enforcement. She is a victim of domestic abuse and rape at the workplace which have severely impacted her.

On November 5, 2018, a bond was set for Respondent by Immigration Judge Nguyen. On December 10, 2018, Respondent's Counsel appeared for a master calendar hearing in Las Vegas Immigration Court. The matter was re-set for another Master Calendar hearing on January 28, 2019 at which time relief had been filed with the Court and an Individual Hearing was set for April 22, 2019. On February 2, 2019, Counsel had a close family member pass away. As a result, of Counsel's loss and departure from her practice, Counsel prepared timely a Motion to Continue the Individual Hearing on March 20, 2019. No objections were filed by the Trial Attorney, Maya Timmons or her office. The Motion was denied for lack of good cause by Immigration Judge McDermott.

During the Course of Respondent's Counsel representation with Sandra, it has been increasingly difficult for Counsel to conclude that Sandra is mentally stable to testify through communications, her constant crying and her desperation and fear.

## ARGUMENT

During the course of representation of Sandra, Respondent has not always been responsive to her Counsel due to the grave abuse that she has suffered. Respondent is unable to participate in preparation of her proceedings because she did not have *a rational and factual understanding of the nature and object of the proceedings (Matter of M-A-M, 25 I & N Dec. 474 (BIA 2011)*. Moreover, Respondent's attorney is illustrating the inability of that due to the abuse during her marriage, alienation, and her assaults and rapes at her workplace, she needs a guardian appointed and thus we request a Mental Competency evaluation be completed immediately.

## CONCLUSION

In this case, the Respondent has met the burden of proving that she was not competent by the abusive history she has undergone. She is a victim of abuse and it has continued for most of her life. Her competency is not intact by her vague statements to Counsel, her crying, her remorse, anger and most importantly her hopelessness. She has been thrown in solitary confinement in Henderson Detention Center and this cannot be ignored.

While there is a presumption of competency, Honorable Immigration Judge did have knowledge that he was dealing with a victim of abuse and was forewarned by Respondent's counsel that she cannot comprehend her situation, and as such, the Court has the ability to tailor the proceedings in order to safeguard the Respondent's rights. The IJ had the duty to inquire whether the individual (1) understood the purpose of the proceedings; (2) is capable of consulting with his or her attorney if there is one, and (3) is given the opportunity to examine and present evidence and cross-examine witnesses.

A200-956-354

PEREZ 001042

and has submitted the following applications for relief: a 42(b) cancellation of removal application, asylum, withholding and convention against torture. Ms. Perez is also pursuing the possibility of relief through the grant of a trafficking visa (T Visa).

## MATERIALLY CHANGED CIRCUMSTANCES

Mr. Perez is able to testify to the following facts, which establish materially changed circumstances since her last motion:

- Ms. Perez, as discussed above, has been granted a bond of $5,000.00 from the immigration court.

- Since November 5, 2018, from the grant of the immigration bond, Ms. Perez has been unable to secure funds. She is indigent and her family is as well. Unfortunately, the $5,000.00 bond may as well as be $20,000.00, as Ms. Perez is unable to afford it.

- Since the last immigration hearing, Ms. Perez has been able to secure both her marriage certificate and the birth certificate for her spouse that shows his birth in the United States. These two documents were previously requested by the immigration court and the lack of were part of the determination of bond amount.

## ARGUMENT

Pursuant to 8 C.F.R. § 1003.19(e), if an Immigration Judge has previously ruled in bond proceedings, a subsequent request for a bond hearing must be in writing and must show that the Respondent's circumstances have changed materially since the last decision. *Matter of*