# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA M. MEZA-PEREZ, | Case No.: 2:19-cv-00373-APG-EJY |
| Plaintiff | **Order Denying Defendant Ceballes's Motion in Limine #1 and Defendant Sbarro's Motion in Limine #11 to Exclude Evidence of Damages; Ordering Plaintiff File Supplemental Disclosure; and Reopening Limited Discovery** |
| v. | |
| SBARRO LLC, et al., | |
| Defendants | [ECF Nos. 246, 249] |

Defendant Zachary Ceballes filed a motion *in limine* (MIL) to preclude plaintiff Sandra M. Meza-Perez from introducing any evidence of damages at trial under Federal Rule of Civil Procedure 37 based on her insufficient disclosure of damages as required by Rule 26. ECF No. 246 at 2 (MIL #1).  Defendant Sbarro LLC joined Ceballes's motion. ECF No. 249 at 37 (MIL #11).  Meza-Perez opposes, arguing that her disclosure is sufficient, that the defendants should have informed her of inadequacies during discovery, and that she should be permitted to amend her damages calculation. ECF No. 296.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) provides that

> a party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

A party has an ongoing obligation to timely supplement Rule 26(a) disclosures if the party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties

during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Rule 26(a)(1)(A)(iii)'s "computation" requirement contemplates a damages computation explanation, as well as analysis beyond a lump sum amount for a claimed element of damages. *See Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021); *Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2011 WL 2977127, at *4 (D. Nev. July 21, 2011) (citation omitted)); *see also Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-cv-997-KJD-CWH, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012) (stating that a "list of the broad types of damages" is insufficient).  Additionally, the party seeking damages must "timely disclose its theory of damages" as well as the "basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery." *Allstate*, 2011 WL 2977127, at *4 (citations omitted).  A "plaintiff cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson v. United Artists Theatre Cir., Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011) (citation omitted).

Rule 37(c)(1)(C) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions . . . ."  I have "particularly wide latitude" to issue discretionary sanctions under Rule 37(c)(1). *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012) (internal quotations and citation omitted).  But Rule 37 sanctions that amount to dismissal of a claim are "particularly harsh" and should be used sparingly. *Id.* at 1247.

I consider the following factors in deciding whether to impose Rule 37(c)(1)'s exclusion sanction: "1) the public's interest in expeditious resolution of litigation, 2) the court's need to

manage its docket, 3) the risk of prejudice to the defendants, 4) the public policy favoring disposition of cases on their merits, [and] 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*., 125 F.3d 806, 814 (9th Cir. 1997).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . .  dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (simplified).  When a Rule 37(c)(1) sanction functionally dismisses a claim, I must find willfulness, fault, or bad faith, and must consider the availability of lesser sanctions. *R & R Sails*, 673 F.3d at 1247.

Meza-Perez's Rule 26 damages disclosures are woefully insufficient because they do not provide any analysis, explanation, formula, or computation. *See* ECF No. 246-2 at 9-10 (Meza-Perez's damages disclosures).  Instead, they provide only lump-sum amounts for her claimed elements of damages.

Rule 37 sanctions precluding Meza-Perez from presenting evidence of damages at trial would functionally dismiss some, if not all, of her claims.  These inadequate disclosures are Meza-Perez's fault and are willful.  She prepared the disclosures and had several opportunities to supplement them but did not.  Meza-Perez argued in her opposition that I should allow her to clarify her damages calculation as a lesser sanction, but she failed to include any such clarification, which she should have done.  Meza-Perez cannot shift her Rule 26 disclosure obligations onto the defendants by arguing that they should have identified inadequacies in her disclosures.

Lesser sanctions are available and should be effective.  I will allow Meza-Perez to submit to the defendants a supplemental damages disclosure by July 8, 2022.  The defendants may conduct discovery regarding Meza-Perez's damages for 30 days following her supplemental

disclosure.  This should limit the prejudice to the defendants caused by Meza-Perez's inadequate disclosure, and still keep this case on track toward the pending trial date.

I THEREFORE ORDER that defendant Zachary Ceballes's motion *in limine* #1 **(ECF No. 246)** and defendant Sbarro LLC's motion *in limine* #11 **(ECF No. 249) are DENIED** consistent with my order.

I FURTHER ORDER that plaintiff Sandra M. Meza-Perez must submit to the defendants a supplemental damages disclosure that complies with Federal Rule of Civil Procedure 26 by **July 8, 2022.**  Discovery is reopened for **30 days**, beginning on the day that Meza-Perez serves her supplemental disclosure on the defendants.  Discovery is limited to Meza-Perez's claimed damages.

I FURTHER ORDER the clerk of court that **ECF Nos. 246 and 249** should remain pending (gaveled) because the other motions *in limine* contained in those motions are not yet resolved.

DATED this 22nd day of June, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE