UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANDRA M. MEZA-PEREZ,

    Plaintiff

v.

SBARRO LLC, et al.,

    Defendants

Case No.: 2:19-cv-00373-APG-EJY

**VERDICT FORM**

```
____FILED          ____RECEIVED
____ENTERED        ____SERVED ON
          COUNSEL/PARTIES OF RECORD

         SEP 2 - 2022

    CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:_____DEPUTY
```

## VERDICT

We, the jury, upon our oaths, do say:

### CLAIMS AGAINST DEFENDANT ZACHARY CEBALLES

**Battery**

1. Has Sandra Meza-Perez proved by a preponderance of the evidence her battery claim against Zachary Ceballes?

    Yes_____     No ✓

If you answered "Yes" to question 1, proceed to question 2. If you answered "No" to question 1, proceed to question 5.

2. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the battery?

    $_____

Proceed to question 3.

3. Has Meza-Perez proved by clear and convincing evidence that she is entitled to punitive damages on her battery claim?

Yes_____          No_____

If you answered "Yes" to question 3, proceed to question 4. If you answered "No" to question 3, proceed to question 5.

4. What is the amount of punitive damages you award Meza-Perez on her battery claim?

$_____

Proceed to question 5.

## Assault

5. Has Meza-Perez proved by a preponderance of the evidence her assault claim against Ceballes?

Yes_____          No___✓____

If you answered "Yes" to question 5, proceed to question 6. If you answered "No" to question 5, proceed to question 9.

6. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the assault?

$_____

Proceed to question 7.

7. Has Meza-Perez proved by clear and convincing evidence that she is entitled to punitive damages on her assault claim?

Yes_____        No_____

If you answered "Yes" to question 7, proceed to question 8. If you answered "No" to question 7, proceed to question 9.

8. What is the amount of punitive damages you award Meza-Perez on her assault claim?

$_____

Proceed to question 9.

**False Imprisonment**

9. Has Meza-Perez proved by a preponderance of the evidence her false imprisonment claim against Ceballes?

Yes_____        No ✓

If you answered "Yes" to question 9, proceed to question 10. If you answered "No" to question 9, proceed to question 13.

10. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the false imprisonment?

$_____

Proceed to question 11.

3

11. Has Meza-Perez proved by clear and convincing evidence that she is entitled to punitive damages on her false imprisonment claim?

Yes_____      No_____

If you answered "Yes" to question 11, proceed to question 12. If you answered "No" to question 11, proceed to question 13.

12. What is the amount of punitive damages you award Meza-Perez on her false imprisonment claim?

$_____

Proceed to question 13.

**Intentional Infliction of Emotional Distress**

13. Has Meza-Perez proved by a preponderance of the evidence her intentional infliction of emotional distress claim against Ceballes?

Yes_____      No ✓

If you answered "Yes" to question 13, proceed to question 14. If you answered "No" to question 13, proceed to question 17.

14. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the intentional infliction of emotional distress?

$_____

4

Proceed to question 15.

15. Has Meza-Perez proved by clear and convincing evidence that she is entitled to punitive damages on her intentional infliction of emotional distress claim?

Yes_____   No_____

If you answered "Yes" to question 15, proceed to question 16. If you answered "No" to question 15, proceed to question 17.

16. What is the amount of punitive damages you award Meza-Perez on her intentional infliction of emotional distress claim?

$_____

Proceed to question 17.

17. For all claims against Ceballes, what is the total amount of damages you award Meza-Perez?

Compensatory:   $____0_____

Punitive:          $____0_____

Proceed to question 18.

5

# CLAIMS AGAINST DEFENDANT SBARRO

## Title VII Hostile Work Environment Created by Supervisor

18. Has Meza-Perez proved by a preponderance of the evidence that she was subjected to a hostile work environment created by her supervisor at Sbarro, Zachary Ceballes?

Yes_____    No __✓__

If you answered "Yes" to question 18, proceed to question 19. If you answered "No" to question 18, proceed to question 25.

19. Has Meza-Perez proved by a preponderance of the evidence that she suffered a tangible employment action related to the hostile work environment created by her supervisor at Sbarro, Zachary Ceballes?

Yes_____    No_____

If you answered "Yes" to question 19, proceed to question 22. If you answered "No" to question 19, proceed to question 20.

20. Has Sbarro proved by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the sexually harassing behavior?

Yes_____    No_____

If you answered "Yes" to question 20, proceed to question 21. If you answered "No" to question 20, proceed to question 22.

21. Has Sbarro proved by a preponderance of the evidence that Meza-Perez unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sbarro, or unreasonably failed to otherwise avoid harm?

Yes_____     No_____

If you answered "Yes" to question 21, proceed to question 25. If you answered "No" to question 21, proceed to question 22.

22. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the hostile work environment created by her supervisor at Sbarro, Zachary Ceballes?

$_____

Proceed to question 23.

23. Has Meza-Perez proved by a preponderance of the evidence that she is entitled to punitive damages for the hostile work environment created by her supervisor at Sbarro, Zachary Ceballes?

Yes_____     No_____

If you answered "Yes" to question 23, proceed to question 24. If you answered "No" to question 23, proceed to question 25.

24. What is the amount of punitive damages Meza-Perez has proved by a preponderance of the evidence should be awarded for the hostile work environment created by her supervisor at Sbarro, Zachary Ceballes?

$_____

Proceed to question 25.

### Title VII Quid Pro Quo Sexual Harassment by Zachary Ceballes

25. Has Meza-Perez proved by a preponderance of the evidence that she was subjected to quid pro quo sexual harassment by her supervisor at Sbarro, Zachary Ceballes?

Yes_____    No __✓__

If you answered "Yes" to question 25, proceed to question 26. If you answered "No" to question 25, proceed to question 32.

26. Has Meza-Perez proved by a preponderance of the evidence that she suffered a tangible employment action related to the quid pro quo sexual harassment by her supervisor at Sbarro, Zachary Ceballes?

Yes_____    No_____

If you answered "Yes" to question 26, proceed to question 29. If you answered "No" to question 26, proceed to question 27.

8

27. Has Sbarro proved by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct the sexually harassing behavior?

Yes_____    No_____

If you answered "Yes" to question 27, proceed to question 28. If you answered "No" to question 27, proceed to question 29.

28. Has Sbarro proved by a preponderance of the evidence that Meza-Perez unreasonably failed to take advantage of any preventive or corrective opportunities provided by Sbarro, or unreasonably failed to otherwise avoid harm?

Yes_____    No_____

If you answered "Yes" to question 28, proceed to question 32. If you answered "No" to question 28, proceed to question 29.

29. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the quid pro quo sexual harassment by her supervisor at Sbarro, Zachary Ceballes?

$_____

Proceed to question 30.

30. Has Meza-Perez proved by a preponderance of the evidence that she is entitled to punitive damages for the quid pro quo sexual harassment by her supervisor at Sbarro, Zachary Ceballes?

Yes_____    No_____

If you answered "Yes" to question 30, proceed to question 31. If you answered "No" to question 30, proceed to question 32.

31. What is the amount of punitive damages Meza-Perez has proved by a preponderance of the evidence should be awarded for the quid pro quo sexual harassment by her supervisor at Sbarro, Zachary Ceballes?

$_____

Proceed to question 32.

### Title VII Hostile Work Environment Created by Coworker

32. Has Meza-Perez proved by a preponderance of the evidence her claim of a hostile work environment created by her coworker at Sbarro, Efrain Hernandez or Jesus Alatorre?

Yes_____    No ✓

If you answered "Yes" to question 32, proceed to question 33. If you answered "No" to question 32, proceed to question 36.

33. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the hostile work environment created by her coworker at Sbarro, Efrain Hernandez or Jesus Alatorre?

$_____

Proceed to question 34.

10

34. Has Meza-Perez proved by a preponderance of the evidence that she is entitled to punitive damages for the hostile work environment created by her coworker at Sbarro, Efrain Hernandez or Jesus Alatorre?

Yes_____        No_____

If you answered "Yes" to question 34, proceed to question 35. If you answered "No" to question 34, proceed to question 36.

35. What is the amount of punitive damages Meza-Perez has proved by a preponderance of the evidence should be awarded for the hostile work environment created by her coworker at Sbarro, Efrain Hernandez or Jesus Alatorre?

$_____

Proceed to question 36.

**Title VII Retaliation**

36. Has Meza-Perez proved by a preponderance of the evidence her retaliation claim against Sbarro based on the claim that she complained to Zachary Ceballes about harassment from coworkers, and that in response, Ceballes began harassing her?

Yes_____        No ✓

If you answered "Yes" to question 36, proceed to question 37. If you answered "No" to question 36, proceed to question 40.

11

37. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the retaliation?

$_____

Proceed to question 38.

38. Has Meza-Perez proved by a preponderance of the evidence that she is entitled to punitive damages for the retaliation?

Yes_____    No_____

If you answered "Yes" to question 38, proceed to question 39. If you answered "No" to question 39, proceed to question 40.

39. What is the amount of punitive damages Meza-Perez has proved by a preponderance of the evidence should be awarded for the retaliation?

$_____

Proceed to question 40.

40. Has Meza-Perez proved by a preponderance of the evidence her retaliation claim against Sbarro based on the claim that once she stopped ceding to Ceballes' demands for sex, he transferred her to a different Sbarro store to work the graveyard shift?

Yes_____    No ✓

If you answered "Yes" to question 40, proceed to question 41. If you answered "No" to question 40, proceed to question 44.

41. What is the amount of damages Meza-Perez has proved by a preponderance of the evidence that would reasonably compensate her for the retaliation?

$ _____

Proceed to question 42.

42. Has Meza-Perez proved by a preponderance of the evidence that she is entitled to punitive damages for the retaliation?

Yes _____       No _____

If you answered "Yes" to question 42, proceed to question 43. If you answered "No" to question 43, proceed to question 44.

43. What is the amount of punitive damages Meza-Perez has proved by a preponderance of the evidence should be awarded for the retaliation?

$ _____

Proceed to question 44.

44. For the claims against Sbarro, what is the total amount of damages you award Meza-Perez?

Compensatory:     $ __0__

Punitive:         $ __0__

DATED this 2 day of September, 2022.

_____
FOREPERSON